[counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　　　Defendant. | Case No. 5:25-cv-09579-VC-TSH<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Trial Date:　　　None<br>Date Action Filed:　November 6, 2025 |

Pursuant to the Court's November 25, 2025, Order setting an Initial Case Management Conference, Entrepreneur Media, LLC ("Entrepreneur") and Meta Platforms, Inc. ("Meta") (collectively the "Parties"), hereby submit the following Joint Case Management Statement in advance of the Initial Case Management Conference scheduled for December 19, 2025.

Entrepreneur filed its complaint on November 6, 2025. (ECF 1.) Entrepreneur served Meta on November 7, 2025. (ECF 10.) The Parties stipulated that Meta's responsive pleading will be due January 12, 2026. (ECF 14, 15.)

On November 11, 2025, the Court (Hon. Beth Labson Freeman) issued an Initial Case Management Scheduling Order, setting the following deadlines:

| Case Management Event | Deadline |
| --- | --- |
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (and supplement as necessary) |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 2/12/2026 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 2/12/2026 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | 2/26/2026 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 2/26/2026 |
| Initial Case Management Conference: To be held by Zoom. | 3/5/2026 at 11:00 AM |

On November 18, 2025, Entrepreneur filed an administrative motion to consider whether this case should be related to *Kadrey* et al. *v. Meta Platforms, Inc.*, 23-cv-03417-VC. (ECF 13.) On November 25, 2025, the Court granted the motion, ordered the cases related (ECF 17), and set the initial case management conference for December 19, 2025, at the same date and time as the *Kadrey* status conference. (ECF 18.)

The parties met and conferred on December 10, 2025, regarding case management issues that may be covered at the December 19, 2025, conference. Given the limited time to confer before the case

management conference and the fact that Meta has not yet filed a responsive pleading, the Parties respectfully request that the Court set a Rule 26(f) conference after Meta's response to the complaint is filed, with the timing and scope for such conference to be the subject of discussion at the initial case management conference.

### A. Jurisdiction and Service

Plaintiff alleges that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and Defendant does not challenge personal jurisdiction. No defendants remain to be served.

### B. Facts and Legal Issues

<u>Plaintiff's Statement:</u>

Entrepreneur owns valid registered copyrights in books, magazines, and magazine articles that Meta unlawfully obtained and used to train its large language model, Llama. The works at issue span Entrepreneur's broad portfolio of instructional, business-oriented, and other book and periodical publications. Entrepreneur alleges that Meta's use of these works to train Llama has diluted the market for Entrepreneur's copyrighted content and caused significant and ongoing economic harm. Entrepreneur asserts three causes of action: (1) Direct Copyright Infringement under 17 U.S.C. § 501; (2) Contributory Copyright Infringement under 17 U.S.C. § 501 and federal common law; and (3) Violation of the Digital Millennium Copyright Act under 17 U.S.C. § 1202.

<u>Defendant's Statement:</u>

***Brief Description of Facts***

Plaintiff Entrepreneur's Complaint (ECF No. 1) alleges that Meta engaged in actions related to the creation, maintenance, and operation of the Llama large language models (LLMs) that violate Plaintiff's rights under theories of direct copyright infringement (17 U.S.C. § 501), contributory copyright infringement (17 U.S.C. § 501 and federal common law), and violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202).

As the Court is aware, Meta is a technology company focused on developing tools that help people connect, communicate, and build communities, such as Facebook, Instagram, Threads, and WhatsApp. For years, Meta has been at the forefront of research on artificial intelligence and has taken

on a unique role within the field by sharing its technologies with the public. Meta's development of its Llama line of LLMs began in 2022 as a research project focused on creating an LLM to assist with proving mathematical theorems. Between 2023 and 2025, Meta released a series of Llama models labeled Llama 1 through 4, which have been used by millions of individuals, research institutions, businesses, and governmental organizations to innovate and deliver new technologies, products, and services to the public.

Plaintiff alleges that it is a publisher that owns copyrights in certain literary works that were included in modeling data sets created by third parties. Plaintiff alleges that these data sets were among the various data sources used to train Meta's Llama LLMs.

Although discovery in this action has not yet begun, Meta preliminarily identifies the following principal facts in dispute: (a) whether the Plaintiff has valid, subsisting copyrights in each of the asserted works; (b) whether Meta created or distributed unauthorized "copies" of Plaintiff's copyrighted works in connection with its training and development of its Llama models; (c) whether Plaintiff's asserted works were registered prior to the alleged infringement and prior to the filing of the complaint; (d) whether Plaintiff has been injured by the alleged infringement; and (e) whether Meta's use of Plaintiff's works, if any, constituted fair use, which Meta believes is the case for various reasons including the transformative nature of the use and the lack of an adverse impact on the market for or value of Plaintiff's allegedly infringed works.

***Legal Issues***

Meta denies that it is liable for any alleged violation of Plaintiffs' rights that may have occurred during the process of sourcing data to train Llama and/or during the training and development of the Llama models. Separately, fair use "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1196, 209 L. Ed. 2d 311 (2021). To the extent that Meta made use of Plaintiff's works in the process of researching, training, and developing Llama, such use was fair as a matter of law. *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026 (N.D. Cal. 2025); *Google*, 141 S. Ct. at 1196; *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Sega*

*Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510 (9th Cir. 1992); *Authors Guild v. Google Inc.*, 805 F.3d 202 (2d. Cir. 2015); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87 (2d Cir. 2014). Meta also denies that Plaintiff has been injured by any alleged infringement; if infringement were to be established, Meta reserves all rights to respond to any arguments by Plaintiff with respect to entitlement to, and/or the amount of, any actual or statutory damages.

### C. Motions

On October 18, 2025, the Parties stipulated to extend Meta's deadline to respond to the Complaint to January 12, 2026. The Court approved that stipulation on October 19, 2025.

Meta contemplates moving to dismiss some or all of the claims in the Complaint pursuant to Federal Rule of Civil Procedure 12(b).

Should the case survive a motion to dismiss, after the completion of discovery, the Parties contemplate moving for summary judgment.

### D. Amendments to Pleadings

The parties will discuss a proposed case schedule, including any appropriate deadlines with respect to amendment of the pleadings, following resolution of Meta's anticipated motion to dismiss.

### E. Evidence Preservation

In the related *Kadrey* action, Meta has taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in the action. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken and will continue to take appropriate steps to preserve evidence for this case. The Parties will meet and confer should any issues arise regarding preservation.

### F. Disclosures

The Parties anticipate establishing a schedule to exchange Rule 26(a)(1)(A) initial disclosures as part of Rule 26(f) planning, with such deadlines to be set after resolution of any motion to dismiss or any answer filed by Meta. The Parties will supplement Initial Disclosures as necessary, in accordance with Rule 26(e).

### G. Discovery

### 1. Scope of Discovery

The Parties anticipate the possibility of having to account for some discoverable data being too voluminous to produce and will discuss potential alternatives to complete production of such data. The Parties will continue to meet and confer on this topic.

The Parties anticipate commencing written discovery following the forthcoming Rule 26(f) conference, the timing of which is anticipated for discussion at the upcoming case management conference.

The Parties will meet and confer on discovery disputes that may arise in an effort to resolve them without court intervention.

The Parties agree to electronic service in all instances where such service is necessary.

Plaintiff's Statement:

Entrepreneur does not seek consolidation with *Kadrey* at this time because, among other things, its market-harm arguments under fair use factor four differ in material respects. However, the cases involve some overlapping issues and will rely on many of the same facts concerning Meta's acquisition and use of copyrighted works. To avoid duplicative discovery, Entrepreneur seeks access to all discovery Meta produced in *Kadrey*, including written discovery responses, document productions, deposition transcripts, and expert reports. Entrepreneur will then serve targeted, supplemental discovery requests as necessary to develop the record relevant to its claims, including market harm and substitution.

**Subjects of Discovery from Plaintiff:**

In addition to reviewing discovery already produced in *Kadrey*, Entrepreneur anticipates seeking targeted discovery from Meta concerning Meta's acquisition, ingestion, retention, and use of Entrepreneur's copyrighted works in connection with the training, fine-tuning, and operation of the Llama models. Entrepreneur also anticipates discovery relevant to Meta's asserted fair use defenses, including evidence bearing on market harm, substitution, and the impact of Llama's outputs on markets for Entrepreneur's content.

Entrepreneur intends to sequence such discovery efficiently, including by first reviewing materials produced in *Kadrey* and then serving narrowly tailored follow-up discovery as appropriate.

Defendant's Statement:

Meta is evaluating Plaintiff's request to produce to Plaintiff all of the voluminous discovery it has produced in *Kadrey*, and will respond to discovery requests (including any request for materials generated or produced in connection with the *Kadrey* matter) once the period for discovery has been established in this action. Prior to commencing any document productions, the parties will need to propose to the Court a Protective Order and ESI Protocol. In any event, the scope of discovery should be addressed after the parties conduct a Rule 26(f) conference and Meta's anticipated Motion to Dismiss is resolved. Meta reserves all rights to object to any effort by Plaintiff to seek overbroad, duplicative, unduly burdensome, or disproportionate discovery.

**Subjects of Discovery from Plaintiff:**

While the scope of discovery should be addressed after the parties conduct a Rule 26(f) conference and Meta's anticipated Motion to Dismiss is resolved, Meta provides the following non-exhaustive list of subjects about which Meta may seek discovery from Plaintiff. Meta reserves all rights to expand upon these subject areas as the case proceeds:

- Plaintiff's purported ownership of the works it asserts as a basis for the Complaint (the "asserted works"), including the chain of title for, and assignments or transfers from the respective author(s) relating to, each of the works;

- The validity of Plaintiff's purported copyrights, including whether the content is original to Plaintiff, whether Plaintiff seeks to protect facts, concepts, scènes à faire, or otherwise unprotectable content;

- Copyright registrations associated with the asserted works, including deposit copies, Plaintiff's and/or the relevant authors' correspondence with the U.S. Copyright Office relating the asserted works, and the extent to which any part of the works are derivative of prior any works;

- Plaintiff's asserted works, including documents relating to their creation, date of earliest publication, publication abroad, and content, including whether the authors and/or Plaintiff derived or took content appearing in those works from any preexisting work;
- The originality and scope of protection of the asserted works, including the extent to which the subject of the works (e.g. "starting a new business" or "YouTube for businesses") are preexisting and widely available online;
- Plaintiff's licensing and distribution of the asserted works;
- Plaintiff's efforts to protect the content of the asserted works against similar or substantially similar content available online or elsewhere;
- Plaintiffs' profits, expenses, and revenues from the asserted works, and any compensation to the authors of the asserted works;
- Plaintiff's alleged harm or injury, or lack thereof, from Meta's conduct alleged in the Complaint;
- Uses of generative AI, including but not limited to Llama, by Plaintiff, the respective authors of the asserted works, and/or by individuals acting on Plaintiff's or the respective authors' behalf;
- Plaintiff's policies or agreements relating to the use of generative AI, including but not limited to Llama;
- Plaintiff's development or training of any generative AI model for purposes of creating or monetizing any content.

**2. Discovery Limits**

The Parties will meet and confer regarding the discovery limits set forth in the Federal Rules of Civil Procedure.

**3. Production of Electronically Stored Information**

The Parties will meet and confer pursuant to Rule 26(f), and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties expect to attempt to come to agreement on a stipulated order regarding discovery and production of ESI to submit to the Court.

**4. Protective Order**

The Parties expect to discuss and submit an appropriate protective order for confidential materials, similar to the Order previously entered in the *Kadrey* matter.

**5.    Privilege**

The Parties expect to discuss whether a stipulated Privileged Materials Order under Rule 502(d) is appropriate, and will meet and confer further to determine the details of such an order.

**6.    Deposition Logistics**

The Parties will meet and confer regarding deposition logistics.

**7.    Discovery Issues and Potential Disputes**

The Parties expect to meet and confer on any discovery disputes that may arise in an effort to resolve the disputes without court intervention.

The Parties agree to electronic service in all instances where service is necessary and will exchange service lists.

**H.    Class Action**

This action is not a class action. Entrepreneur is a member of the putative class in the *Kadrey* action and, through the filing of this action, has asserted that it will pursue its claims on its own behalf rather than have its claims litigated by representative plaintiffs as an absent class member.

**I.    Related Case**

As discussed above, this case has been related to the *Kadrey* action, also pending before this Court. *See* ECF No. 16; *Kadrey v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC-TSH. This case has not been consolidated with *Kadrey*, and no party has sought consolidation at this time.

**J.    Relief**

Meta reserves all rights, claims, and defenses available to it under the law, including to seek any attorneys' fees available under the law at the conclusion of the case.

Meta denies that Plaintiff is entitled to any damages, injunction, or other equitable or monetary relief whatsoever. Meta believes it is premature to opine on methods of calculating potential damages.

**K.    Consent to Magistrate Judge**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### L. Other References

This case has been referred to Magistrate Judge Hixson for discovery.

The Parties agree that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

### M. Settlement and ADR

The Parties will comply with ADR L-R 3.5. The Parties will continue to consider discussing settlement.

The Parties would be amenable to having the case referred to a magistrate judge for settlement. Given the complexity of these disputes, an experienced judicial officer may be helpful to improve the chances of attaining an appropriate settlement.

### N. Narrowing of Issues

Other than the potential narrowing of claims that may occur upon adjudication of Meta's Motion to Dismiss, no issues have yet been narrowed by agreement or by motion, except that the Parties agree to meet and confer about narrowing potential issues should the circumstances of the case change.

The Parties anticipate later filing one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues.

### O. Expedited Trial Procedures

The parties agree this case is inappropriate for the Expedited Trial Procedure of General Order 64.

### P. Scheduling

<u>Plaintiff's Position</u>:

As set forth in Defendant's Position below, Meta proposes to stay this action or to defer discovery pending resolution of Meta's anticipated motion to dismiss or further proceedings in *Kadrey*. Entrepreneur disagrees. There is no legal or procedural basis for such a stay. This case has been related to *Kadrey* for coordination purposes only; it has not been consolidated, no class has been certified, and

Entrepreneur is not a party to *Kadrey*. Entrepreneur has elected to pursue its claims independently and is entitled to develop its own factual record.

Among other things, Meta cites outcomes and strategic choices made by the plaintiffs in *Kadrey* to argue that this action should be stayed. Meta's arguments underscore why a stay is inappropriate. Entrepreneur was not involved in *Kadrey* and should not be bound—formally or practically—by the *Kadrey* plaintiffs' decisions or alleged "failures" of their strategy. Indeed, the fact that Meta invokes *Kadrey* to argue against proceeding to discovery in this case highlights the need for Entrepreneur to build a record tailored to its own portfolio of works, its own market-harm theories, and its own evidence.

Nor is there any rule or presumption that discovery must be stayed pending a motion to dismiss. Rule 26 contemplates discovery proceeding once the parties have conferred under Rule 26(f) regardless of whether a motion to dismiss is pending, and Meta has identified no concrete burden or case-specific justification for halting discovery in this action. Meta's proposal would instead impose an open-ended delay tied to the pace of another case, effectively preventing Entrepreneur from advancing its claims.

Entrepreneur has proposed a targeted and efficient discovery plan that expressly seeks to avoid duplicating discovery taken in *Kadrey*, including by relying on discovery already produced there where appropriate. That approach balances coordination with the *Kadrey* action against Entrepreneur's right to proceed independently. Meta's request for a stay or discovery deferral would serve only to delay adjudication of Entrepreneur's claims and should be rejected.

Accordingly, Entrepreneur proposes the following schedule, consistent with the Court's civil standing order:

| Case Management Event | Deadline |
| --- | --- |
| Meta's Deadline to File Responsive Pleading | 1/12/2026 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 1/19/2026 |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 1/27/2026 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | 1/27/2026 |

| | | |
|---|---|---|
| 1 | Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 1/28/2026 |
| 2 | Case Management Conference | 1/30/2026 |
| 3 | Last Day to Amend Complaint without Leave of Court | 4/24/2026 |
| 4 | Case Management Conference | 7/15/2026 |
| 5 | Fact Discovery Cutoff | 9/25/2026 |
| 6 | Expert Discovery Cutoff | 11/6/2026 |
| 7 | Last Day to Hear Dispositive Motions | 12/23/2026 |
| 8 | Final Pretrial Conference | 1/5/2027 |
| 9 | Trial Date | 1/12/2027 |

Defendant's Position:

To ensure judicial efficiency and to prevent prejudice to the *Kadrey* litigation, Meta proposes a partial stay of the *Entrepreneur* action so that the bulk of discovery and summary judgment briefing for the *Entrepreneur* claims can be sequenced to follow the resolution of forthcoming dispositive motions in *Kadrey*. In the meantime, Meta intends to file its response to the complaint by January 12, 2026, on the schedule established by the Court and anticipates its response will be a motion to dismiss under Rule 12. Meta is not seeking to stay that deadline, and the parties can complete briefing on the forthcoming motion to dismiss while the remaining limited discovery on the Third Amended Complaint in *Kadrey* is completed in early 2026. Meta is also open to discussing with Plaintiff the possibility of producing an appropriate portion of the discovery record from *Kadrey* during the partial stay period so Plaintiff can take the time to review and digest the re-produced material. There is no need to proceed with other activity in this action until after resolution of Meta's motion to dismiss and after the *Kadrey* matter has proceeded through summary judgment. The *Kadrey* action is further along, with fact and expert discovery nearing completion, and the parties having agreed on a proposed schedule: expert discovery would close on March 17, 2026, with summary judgment briefing to conclude on June 25, 2026, and a hearing requested on July 9, 2026. Resolving the *Kadrey* motion(s) for summary judgment (and any subsequent class certification) would conserve judicial and party resources by providing valuable

guidance to the parties and the Court on common legal issues, thereby narrowing and streamlining the eventual discovery and summary judgment briefing in this action. Moreover, conducting full discovery in this case while *Kadrey* discovery wraps up and the parties brief dispositive motions runs the risk of slowing or interrupting *Kadrey*, prejudicing the parties and possibly disrupting the Court's scheduling plan in that case.

In response to Entrepreneur's proposal that this case should proceed to trial in January 2027, Meta believes that is impractical and inefficient under the circumstances, including for the reasons above. It is unlikely that pleadings in this case will be settled prior to March 2026, given that briefing on the forthcoming motion to dismiss will extend into February 2026 (or later). Among other things, the Parties will need to agree upon a reasonable discovery schedule to accommodate the remaining allegations in the Complaint, the number of works at issue (authored by numerous third parties), conduct depositions, address experts, and brief summary judgment. Setting aside the problems that Entrepreneur's proposal stands to create with respect to the case management plan in the *Kadrey* matter, it is entirely unrealistic in any event given the nature of the claims asserted and scope of discovery implicated based on theories that Entrepreneur indicates it intends to press despite the *Kadrey* plaintiffs' previous failures on the merits with respect to assertions of copyright infringement by reproduction.

**Q. Trial**

Plaintiff has requested a trial by jury on all claims allowed.

**R. Length of Trial**

Plaintiff estimates that trial will take 10-14 days.

Meta believes that it is premature to estimate the length of trial.

**S. Disclosure of Non-party Interested Entities or Persons**

The Parties will file their respective Certificates of Interested Entities or Persons under Civil Local Rule 3-15.

**T. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**U. Other**

The Parties are not aware of other matters that may facilitate the resolution of this matter.

Dated: December 12, 2025                                              Respectfully Submitted,

By *s/ Kathleen Hartnett*                                                  By _____

**COOLEY LLP**                                                              HUESTON HENNIGAN LLP
Kathleen R. Hartnett                                                        Moez M. Kaba
Judd D. Lauter                                                              Michael M. Purpura
3 Embarcadero Center, 20th Floor                                            Lee Linderman
San Francisco, CA 94111-4004                                                Brittnee Bui
Telephone: (415) 693-2071
Facsimile: (415) 693-2222                                                   NEWMEYER & DILLION LLP
Email: khartnett@cooley.com                                                 Michael B. McClellan
                                                                            Benjamin P. Pugh
Bobby A. Ghajar                                                             Jason L. Morris
Colette Ani Ghazarian                                                       Harlye S. Carlton
1333 2nd Street, Suite 400
Santa Monica, CA 90401                                                      *Attorneys for Plaintiff*
Telephone: (310) 883-6400                                                   *ENTREPRENEUR MEDIA, LLC*
Facsimile: (310) 883-6500
Email: bghajar@cooley.com
cghazarian@cooley.com

Mark R. Weinstein
Elizabeth Lee Stameshkin
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (*pro hac vice* pending)
Jessica Phillips (*pro hac vice* pending)
Kyle Smith (*pro hac vice* pending)
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**FILER'S ATTESTATION**

I, Lee Linderman, am the CM/ECF user whose ID and password are being used to file this Joint Initial Case Management Statement. Pursuant to Civil Local Rule No. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: /s *Lee Linderman*

Lee Linderman