UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　　Defendant. | Case No.  25-cv-09579-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 39 |

Meta's motion to dismiss is denied. This order assumes the reader's familiarity with the facts of the case, the parties' arguments, and the applicable law.

**Contributory Copyright Infringement Claim.** At the pleading stage, the key question is whether the defendant "has fair notice of the allegations against it." *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1121 (C.D. Cal. 2001). In some contexts, fair notice of a contributory copyright infringement claim may require details about a specific act of direct infringement by a third party. *See, e.g.*, *Concord Music Group, Inc. v. Anthropic PBC*, 2025 WL 1487988, *3–4 (N.D. Cal. Mar. 26, 2025) (contributory liability claim based on theory that users could prompt the defendant's AI chatbot to output copyrighted lyrics); *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072–73 (9th Cir. 2013) (seeking to hold wireless carriers contributorily liable for "infringement committed on their networks"). But here, Entrepreneur  alleges that Meta used torrenting networks to obtain copyrighted works, and that the process of doing so necessarily required Meta to upload those works onto the torrenting network, thus enabling copyright infringement of the works by third parties. Meta argues that this is not enough because the complaint does not contain details establishing that Entrepreneur's

works were part of the uploaded materials or that any third parties downloaded those works. But those are reasonable inferences that follow from the allegations in the complaint.

Entrepreneur's allegations are also sufficient as to Meta's knowledge. Meta incorrectly argues that the Ninth Circuit requires "actual knowledge of specific acts of infringement" in all contributory infringement cases. The cases cited by Meta discuss this heightened knowledge requirement in the context of the defense established in *Sony Corporation of America v. Universal City Studios*, 464 U.S. 417 (1984), which limits secondary liability for copyright infringement for sellers of items "capable of substantial noninfringing uses." *Id.* at 442. Actual knowledge of specific infringement overcomes the *Sony* defense. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020–21 (9th Cir. 2001); *see also Luvdarts*, 710 F.3d at 1072 (discussing the *Napster* standard as applied to mobile wireless carriers engaged in selling an item with substantial lawful uses). But the general scienter requirement for contributory liability—that is, the standard that applies when the *Sony* defense is not applicable—is "that the secondary infringer know or have reason to know of direct infringement." *See* 239 F.3d at 1020 (citation modified). That standard is satisfied by Entrepreneur's allegations that Meta deliberately downloaded copyrighted works using BitTorrent, which users know requires uploading the works to the torrenting network, and that Meta knew or had reason to know that members of the network were infringing as a result.

Meta also asserts that the material contribution element requires actual knowledge of specific infringing material, combined with failure to take simple measures to prevent further infringement. But that is the test for a "computer system operator" whose system could be used by third parties for copyright infringement. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 671 (9th Cir. 2017) (claim against provider of online bulletin board service). Entrepreneur alleges that Meta was a direct participant in a file-sharing system that inherently facilitates third-party infringement. Courts have found similar allegations sufficient in the peer-to-peer file sharing context. *See In re Napster, Inc. Copyright Litigation*, 377 F. Supp. 2d 796, 801, 806 (N.D. Cal. 2005); *ME2 Productions, Inc. v. Does 1-20*, 2017 WL 11144624, at *2 (D. Haw. July

11, 2017). Torrenting is simply a "further variant on the [peer-to-peer] theme." *Columbia Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1026 (9th Cir. 2013).

**DMCA Claim.** Entrepreneur has also stated a claim under Section 1202(b)(1) of the Digital Millennium Copyright Act for removing copyright management information (CMI) with knowledge that the removal will "induce, enable, facilitate, or conceal" copyright infringement. 17 U.S.C. § 1202(b)(1).[1] This claim mirrors the Section 1202(b)(1) claim in *Kadrey v. Meta*, where the claim was ultimately defeated on summary judgment on fair use grounds. *See* 2025 WL 1786418, at *1 (N.D. Cal. June 27, 2025). But at this stage, Entrepreneur's allegations are sufficient to state a plausible claim. Meta's arguments as to the causal relationship between CMI removal and concealment of copyright infringement, as well as the factual basis supporting scienter, cannot be resolved at the pleading stage.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____

VINCE CHHABRIA
United States District Judge

---

[1] Entrepreneur's complaint included an additional DMCA claim under Section 1202(b)(3), but that has been withdrawn. *See* Opp. (Dkt. No. 43) at n.1.