DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
ANNA STAPLETON (337686)
(astapleton@paulweiss.com)
535 Mission Street
San Francisco, CA 94105
Telephone: (628) 432-5188

COOLEY LLP
MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (260865)
lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

KATHLEEN R. HARTNETT (314267)
khartnett@cooley.com
BOBBY A. GHAJAR (198719)
bghajar@cooley.com
3 Embarcadero Center 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

Counsel for Defendant Meta Platforms, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:25-cv-09579-VC<br><br>**DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE COMPLAINT**<br><br>Action Filed: November 6, 2025<br><br>Judge: Vince Chhabria |

**DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE COMPLAINT**

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, hereby responds to the Complaint filed by Plaintiff Entrepreneur Media, LLC ("Entrepreneur" or "Plaintiff"). Unless specifically admitted, Meta denies each of the allegations in the Complaint.

**NATURE OF THE ACTION[1]**

1.      Meta admits that it has created a series of large language models ("LLMs") under the name Llama. Except as expressly admitted, Meta denies the allegations in Paragraph 1.

2.      Meta admits that Entrepreneur purports to own copyrights in the works they are asserting in this action. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 pertaining to Entrepreneur. Except as expressly admitted, Meta denies the allegations pertaining to the validity of Entrepreneur's claimed copyrights.

3.      Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning Entrepreneur's stated positions or mindset. Meta denies the allegations in Paragraph 3 pertaining to Meta.

4.      Meta admits that Plaintiff purports to own copyrights in the works they are asserting in this action. Meta further admits that it obtained publicly available data and that Meta used portions of this data to research, develop, and train Meta's Llama models, and that Meta did not obtain a license or pay for the works that Entrepreneur claims to own that were allegedly infringed by Meta. Except as expressly admitted, Meta denies the allegations in Paragraph 4, including any implication of the validity of Entrepreneur's claimed copyrights.

5.      Meta admits that it did not seek or obtain permission or pay for the works that Entrepreneur claims to own that were allegedly infringed by Meta.   Meta admits that it used data from publicly available

---

[1] Meta includes headings as listed in the Complaint for convenience only, and denies any allegations therein.

sources to train its LLMs. Meta admits that it compensates its AI engineers. Except as expressly admitted, Meta denies the allegations in Paragraph 5.

6. Meta admits that it obtained data from publicly available sources, portions of which were utilized to research, develop, and train its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 6.

7. Meta admits that it used many different types of publicly available data to research, develop, and train its Llama models. To the extent Paragraph 7 pertains generally to LLMs and not any particular Meta Llama models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. Except as expressly admitted, Meta denies the allegations in Paragraph 7.

8. Meta admits that it used many different types of publicly available data to research, develop, and train its Llama models. Meta further admits that it internally discussed licensing certain types of data to train its Llama models. Meta admits that in some cases, Meta chose to train its Llama models using publicly available data. Except as expressly admitted, Meta denies the allegations in Paragraph 8.

9. To the extent Paragraph 9 pertains generally to LLMs and not any particular Meta Llama models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 pertaining to Entrepreneur. To the extent this Paragraph is intended to pertain specifically to Meta, Meta denies the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that this action purports to assert claims based upon the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and that the Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. Except as expressly admitted, Meta denies the allegations set forth in Paragraph 10.

11. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta admits that this Court has personal jurisdiction over it with respect to the instant action and that venue is proper in this judicial district. Except as expressly admitted, Meta denies the allegations in Paragraph 11.

## DIVISIONAL ASSIGNMENT

12. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Meta admits that assignment of this case to the San Francisco Division is proper, and that Meta is headquartered in San Mateo County. Except as expressly admitted, Meta denies the allegations in Paragraph 12.

## PARTIES

13. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Meta admits that it operates a company that builds technology and is a Delaware corporation with its principal place of business in Menlo Park, California 94025.

## FACTUAL ALLEGATIONS

### A. Meta's Theft of Copyrighted Works

15. Meta admits that it has created a series of LLMs under the name Llama and that it has invested billions of dollars to develop its generative AI offerings. Meta further admits that its Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 15.

16. Meta denies the allegations in Paragraph 16.

17. Meta admits that it obtained data from publicly available sources. Except as expressly admitted, Meta denies the allegations in Paragraph 17.

**B. How LLMs Depend on Copyrighted Content**

18.     Meta admits that its LLMs can create text outputs in response to user prompts. To the extent Paragraph 18 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 1, the article speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 18.

19.     To the extent Paragraph 19 pertains generally to LLMs and not any particular Meta generative AI models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this Paragraph is intended to pertain specifically to Meta, Meta admits that some LLMs have been trained using training datasets composed of large amounts of text data and that data can be used to pretrain and finetune LLMs and to assess the general knowledge and expressive abilities of models. To the extent the allegations set forth in this paragraph purport to summarize Article I, Section 8 of the Constitution, it speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 19.

20.     Meta admits that it used many different types of publicly available data to research, develop, and train its Llama models. To the extent Paragraph 20 pertains generally to LLMs and not any particular Meta Llama models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. Except as expressly admitted, Meta denies the allegations in Paragraph 20.

21.     To the extent Paragraph 21 pertains generally to LLMs and not any particular Meta Llama models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. To the extent this Paragraph is intended to pertain specifically to Meta, Meta denies the allegations in this Paragraph.

22.     Meta admits that it used many different types of publicly available data to research, develop, and train its Llama models, and that Meta's LLMs can create text outputs in response to user

prompts. To the extent Paragraph 22 pertains generally to LLMs and not any particular Meta Llama models, Meta lacks knowledge and information sufficient to form a belief as to the truth of those allegations. Except as expressly admitted, Meta denies the allegations in Paragraph 22.

C. **The Licensing Market Meta Deliberately Bypassed**

23.    Meta admits that it has entered into AI-related agreements with certain companies. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the website cited in Footnote 2, the website speaks for itself. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to third parties. Except as expressly admitted, Meta denies the allegations in Paragraph 23.

24.    Meta admits that it used data, including published works, among many other types of publicly available materials, to research, develop, and train its Llama models. Meta admits that it contacted certain publishers, internally discussed licensing certain types of data to train its Llama models, and that it has entered into AI-related agreements with certain companies. Except as expressly admitted, Meta denies the allegations in Paragraph 24.

D. **Meta's Piracy Through Shadow Libraries and Books3**

25.    Meta admits the allegations in Paragraph 25. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 3, the article speaks for itself.

26.    The allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 26.

27.    Meta admits that the paper "LLaMA: Open and Efficient Foundation Language Models" ("Llama 1 Paper") discusses data used to train Llama 1. Meta further admits that it obtained publicly available data from sources such as Books3. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 4, the article speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 27.

28. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 5, the article speaks for itself.

30. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the articles cited in Footnotes 6 and 7, the articles speak for themselves.

**E. Meta's Torrenting and Distribution of Pirated Works**

31. The allegations in this paragraph contain a general description related to "torrenting" to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 31. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 8, the article speaks for itself.

32. Meta admits that it downloaded LibGen data, both using direct download and by torrenting using the BitTorrent protocol and LibTorrent software. Except as expressly admitted, Meta denies the allegations in Paragraph 32.

33. Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 33.

**F. Meta's Pivot to Commercial Exploitation**

34. Meta admits that it publicly stated that: "To maintain integrity and prevent misuse, we are releasing our [Llama 1] model under a noncommercial license focused on research use cases." To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the webpage cited in Footnote 9, the webpage speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 34.

35. Meta admits that it has made Llamas 2, 3, and 4 available under licenses different from the license applicable to Llama 1, and the terms of those licenses speak for themselves. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the webpage cited in Footnote 10, the webpage speaks for itself. Except as expressly admitted, Meta denies the allegations in Paragraph 35.

36. Meta denies the allegations in Paragraph 36.

**G. Entrepreneur's Stolen Works and Resulting Harm**

37. Meta admits that Entrepreneur purports to own copyrights in certain books, magazines, and magazine articles. Except as expressly admitted, Meta denies the allegations in Paragraph 37, including any implication as to the validity of Entrepreneur's claimed copyrights.

38. Meta admits that data from LibGen was downloaded and used as training data for certain of Meta's Llama models. To the extent the allegations set forth in this paragraph purport to summarize or characterize filings in *Kadrey v. Meta Platforms, Inc.,* Case No. 3:23-cv-03417-VC (N.D. Cal.), or the article cited in Footnote 11, the documents speak for themselves. Except as expressly admitted, Meta denies the allegations in Paragraph 38.

39. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of a publicly available dataset, the dataset speaks for itself.

40. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of a publicly available dataset, the dataset speaks for itself.

41. Meta denies the allegations in Paragraph 41 pertaining to Meta, including any implication of the validity of Entrepreneur's claimed copyrights. Meta lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 or as to the contents of Exhibit A.

42.   Meta admits that Entrepreneur purports to own copyrights in magazine articles they are asserting in this action. Meta lacks knowledge and information sufficient to form a belief as to the truth of the contents of Exhibit A. Except as expressly admitted, Meta denies the allegations in Paragraph 42, including any implication of the validity of Entrepreneur's claimed copyrights.

43.   The allegations in Paragraph 43 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it obtained publicly available data to research, develop, and train its Llama models.  Except as expressly admitted, Meta denies the allegations in Paragraph 43.

44.    Meta admits that it did not seek or obtain permission from Entrepreneur to train its Llama models using datasets that included works that Entrepreneur claims to own. Except as expressly admitted, Meta denies the allegations in Paragraph 44.

**H.  Market Dilution and Ongoing Harm**

45.   Meta denies the allegations in Paragraph 45.

46.   Meta denies the allegations in Paragraph 46. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning Entrepreneur's digital book sales.

47.   Meta denies the allegations in Paragraph 47. To the extent the allegations set forth in this paragraph purport to summarize or characterize the filing in *Kadrey v. Meta Platforms, Inc.,* Case No. 3:23-cv-03417-VC (N.D. Cal.) and cited in Footnote 13, the document speaks for itself.

48.   Meta admits that it obtained publicly available data, portions of which were utilized to research, develop, and train its Llama models, and that Meta's Llama models can create text outputs in response to user prompts. Except as expressly admitted, Meta denies the allegations in Paragraph 48.

49.   The allegations in Paragraph 49 contain legal conclusions to which no response is required. Meta lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning Entrepreneur.  To the extent a response is required, Meta denies the allegations in Paragraph 49.

50.    The allegations in Paragraph 50 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in paragraph 50.  To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the webpage cited in Footnote 14, the webpage speaks for itself.

51.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51. To the extent the allegations set forth in this paragraph purport to summarize or characterize the contents of the article cited in Footnote 15, the article speaks for itself.

52.    The allegations in Paragraph 52 state legal conclusions and arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 52.

## CLAIMS FOR RELIEF

### Count I: Direct Copyright Infringement

### 17 U.S.C. § 501

53.    Meta incorporates by reference its responses to Paragraphs 1 through 52 above as though fully set forth herein.

54.    The allegations in Paragraph 54 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that Plaintiff purports to own registered copyrights in the works at issue in this action. Except as expressly admitted, Meta denies the allegations in Paragraph 54, including any implication of the validity of Plaintiff's claimed copyrights.

55.    The allegations in Paragraph 55 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits it obtained publicly available data from sources such as LibGen and Z-Lib, and stored that data on servers. Except as expressly admitted, Meta denies the allegations in Paragraph 55.

56.    The allegations in Paragraph 56 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it did not obtain authorization from

Entrepreneur for the allegedly infringed works that Entrepreneur claims to own. Except as expressly admitted, Meta denies the allegations in Paragraph 56.

57.    The allegations in Paragraph 57 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta admits that it did not obtain permission from Entrepreneur for the allegedly infringed works that Entrepreneur claims to own. Except as expressly admitted, Meta denies the allegations in Paragraph 57.

58.    The allegations in Paragraph 58 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 58.

59.    The allegations in Paragraph 59 state legal conclusions or arguments to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 59.

60.    The allegations in Paragraph 60. state legal conclusions or arguments, or contain recitations of Entrepreneur's damages claims, to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 60.

## Count II: Contributory Copyright Infringement

### 17 U.S.C. § 501 and federal common law

61.    Meta incorporates by reference its responses to Paragraphs 1 through 60 above as though fully set forth herein.

62.    The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that it downloaded publicly available data, which included downloads via both direct download and BitTorrent protocol, that it used in the research, development, training, and evaluation of certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 62.

63.    The allegations in Paragraph 63 state legal conclusions or recitations of Entrepreneur's damages claims, to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 63.

64. The allegations in Paragraph 64 contain legal conclusions to which no response is required. To the extent a response is required, Meta admits that it used the BitTorrent protocol to download certain portions of publicly available datasets that it used in the research, development, training, and evaluation of certain Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 64.

65. Meta denies the allegations in Paragraph 65 pertaining to Meta. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to third parties.

66. Meta denies the allegations in Paragraph 66.

67. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 67.

68. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 68.

## Count III: Violation of the Digital Millennium Copyright Act

### 17 U.S.C. § 1202

69. Meta incorporates by reference its responses to Paragraphs 1 through 68 above as though fully set forth herein.

70. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

71. Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in Paragraph 71.

72. Meta admits that it has removed repetitive text from certain training data for its Llama models. To the extent the allegations set forth in this paragraph purport to summarize or characterize filings in *Kadrey v. Meta Platforms, Inc.*, Case No. 3:23-cv-03417-VC (N.D. Cal.), the documents speak for themselves. Except as expressly admitted, Meta denies the allegations in Paragraph 72.

73. Meta admits that it has removed repetitive text from certain training data for its Llama models. Meta lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 73 pertaining to third parties. Except as expressly admitted, Meta denies the allegations in Paragraph 73.

74. Meta admits that it has removed repetitive text from certain training data for its Llama models. Except as expressly admitted, Meta denies the allegations in paragraph 74.

75. This allegation relates to a DMCA Section 1202(b)(3) claim that Entrepreneur expressly withdrew in its opposition to Meta's motion to dismiss (ECF No. 43, at 1 n.1), and thus does not require a response. To the extent any response is required, Meta denies the allegations in Paragraph 75.

76. Meta denies the allegations in Paragraph 76.

77. The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 77.

78. The allegations in this paragraph state legal conclusions or recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

## DEMAND FOR JUDGMENT

a. The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

b. The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

c. The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

d.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

e.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

f.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

g.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

h.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

i.      The allegations in this paragraph contain recitations of the relief sought by Plaintiff to which no response is required. To the extent a response is required, Meta denies that the relief sought is appropriate.

## AFFIRMATIVE DEFENSES

Meta asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth herein. By setting forth these defenses, Meta does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Meta reserves the right to plead any and all defenses that may be evident or revealed after investigation and discovery in this matter.

**FIRST AFFIRMATIVE DEFENSE**

To the extent that Meta made any unauthorized copies of Plaintiff's registered copyrighted works in connection with the training and development of its LLMs, or otherwise exercised any rights provided for under 17 U.S.C. § 106, such uses constitute fair use under 17. U.S.C. § 107.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff alleges infringement with respect to literary works that were allegedly included as part of the training datasets used to train Meta's Llama models, including Books3, LibGen, Z-Lib, and Internet Archive. To the extent the accused datasets include works in the public domain, unregistered works, works to which copyright protection has been abandoned, works that lack requisite originality, works that are not subject to copyright protection under the doctrines of merger, *scènes à faire* or under 17 U.S.C. § 102(b) or otherwise unprotectable under the law, or works that are subject to estoppel or other equitable defenses, or works that were not properly registered or renewed, provided improper notice, and/or did not comply with registration requirements and/or with other necessary formalities, Meta reserves its right to defend against Plaintiff's claims on any or all of these grounds.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred for lack of standing to the extent certain of the Plaintiff does not own the copyright or does not own one or more of the rights afforded under 17 U.S.C. § 106 for some or all of the works, did not suffer sufficient cognizable injury to confer Article III standing, and/or otherwise lack standing to assert the claims herein.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for removal of copyright management information is barred because Meta did not know or have reasonable grounds to know that its actions would induce, enable, facilitate, or conceal an infringement; its actions did not induce, enable, facilitate, or conceal an infringement; and Plaintiff lacks concrete injury proximately caused by any such action and, therefore, lack standing to assert that claim.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Meta uploaded portions of copyrighted works in the context of downloading training datasets via bit torrent any such reproduction was de minimis and did not result in the creation of an identifiable or usable copy of any copyrighted work.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are bared under the doctrines of copyright misuse and unclean hands to the extent that Plaintiff's asserted works quote from, copy, or otherwise incorporate works of others without permission; to the extent the asserted works are derivative of or copy preexisting works, including works undisclosed in Plaintiff's copyright filings with the U.S. Copyright Office; and to the extent Plaintiff misstated or overstated its claims of copyright ownership.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks excessive statutory damages under their claims that are disproportional to the alleged legal violations, such damages are barred by the Due Process Clause of the Fifth Amendment.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's remedies are barred at least in part by the doctrine of laches or the applicable statute of limitations to the extent the claims are based on acts that occurred three or more years prior to the filing of this lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery of damages because of and to the extent of their failure to mitigate their damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Meta did not engage in any volitional conduct capable of supporting a claim of direct copyright infringement.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, because the alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or omissions of persons other than Meta.

## DEMAND FOR TRIAL BY JURY

Meta hereby demands a trial by jury on all claims, counterclaims, defenses, and issues in this action so triable.

Dated:  April 29, 2026

By: */s/   Karen L. Dunn*

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
**DUNN ISAACSON RHEE LLP**
401 Ninth Street, NW
Washington, D.C. 20004-2637
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
Email: jphillips@dirllp.com
Email: ksmith@dirllp.com

Mark Weinstein (193043)
Elizabeth Stameshkin (260865)
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Email: mweinstein@cooley.com
Email: lstameshkin@cooley.com

Kathleen R. Hartnett
Bobby Ghajar
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Email: khartnett@cooley.com
Email: bghajar@cooley.com

Philip Morton (*pro hac vice*)
**COOLEY LLP**
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning (212047)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304

Telephone: (650) 815-4131
adunning@cgsh.com

Anna Stapleton (337686)
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
535 Mission Street
San Francisco, CA 94105
Telephone: (628) 432-5188
Email: astapleton@paulweiss.com

*Counsel for Defendant Meta Platforms, Inc.*