[counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>META PLATFORMS, INC.,<br><br>            Defendant. | Case No. 3:25-cv-09579-VC-TSH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Trial Date:         May 24, 2027<br>Date Action Filed:  November 6, 2025 |

Pursuant to Civ. L.R. 16-9(a) and the Court's April 21, 2026, Order (Dkt. 61), Entrepreneur Media, LLC ("Entrepreneur") and Meta Platforms, Inc. ("Meta") (collectively the "Parties"), hereby submit the following Joint Case Management Statement in advance of the Case Management Conference scheduled for May 22, 2026.

### A.    Jurisdiction

This Court has subject matter jurisdiction over Entrepreneur's claims under 28 U.S.C. §§ 1331 and 1338(a). Meta does not challenge personal jurisdiction. Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1400(a). No parties remain to be served.

### B.    Facts

Entrepreneur alleges that Meta downloaded, reproduced, and used Entrepreneur's copyrighted instructional books and magazines—without authorization—to train, fine-tune, and deploy its Llama family of large language models. Entrepreneur further alleges that Meta's preprocessing pipeline removed copyright management information from Entrepreneur's works before incorporating them into training datasets. The Complaint sets forth three claims: direct copyright infringement, contributory copyright infringement, and violation of 17 U.S.C. § 1202(b). Dkt. 1.

Meta disputes its liability for each of Plaintiff's claims, and disputes that Plaintiff has been injured by any alleged infringement.  Further, to the extent that Meta used any of Plaintiff's works, Meta contends such use constituted fair use under 17 U.S.C. § 107.

### C.    Legal Issues

On March 30, 2026, the Court denied Meta's partial motion to dismiss. Dkt. 55. Meta filed its Answer on April 29, 2026. Dkt. 62. The case is in active fact discovery. No legal issues require the Court's attention at this time.

### D.    Motions

Meta filed a partial motion to dismiss. Dkt. 39. On March 30, the Court denied the motion. Dkt. 55. There are no motions pending before the Court. After the completion of discovery, the Parties contemplate moving for summary judgment.

**E.      Amendments to Pleadings**

The operative pleading is the original Complaint filed November 6, 2025. Dkt. 1.

*Entrepreneur's Position*:

Entrepreneur reserves the right to seek leave to amend as discovery progresses, including to assert additional works. Entrepreneur disagrees with Meta's proposed July 31, 2026 amendment deadline. Plaintiff's technical expert has already identified 16 unasserted Entrepreneur works in one of the datasets Meta produced in this litigation—one of the few produced datasets that contain searchable metadata. The remaining datasets lack bibliographic information necessary to identify individual works. Entrepreneur anticipates identifying additional works as Meta responds to outstanding discovery. Setting an amendment deadline before Meta has identified all of the Entrepreneur works in its training data—a question that is the subject of ongoing negotiations and a dispute statement Entrepreneur sent to Meta on May 7 regarding Interrogatory Nos. 19 and 20—would require Entrepreneur to amend without the information needed to identify the full scope of its claims. Entrepreneur proposes that any amendment deadline be set no earlier than 45 days after Meta serves complete responses to Interrogatory Nos. 19 and 20.

*Meta's Position*:

Meta proposes July 31, 2026, as the deadline by which Entrepreneur must file any amended complaint. Beyond that date, Meta reserves the right to oppose any application to amend and believes any amendment should not be granted absent a showing of good cause pursuant to Fed. R. Civ. P. 16(b).

Meta believes a July 31, 2026 deadline for amendment provides more than sufficient time for Entrepreneur to amend its complaint.  That date is nearly 10 months after Entrepreneur filed its initial complaint and affords Entrepreneur an additional 2.5 months before its amendment would be due. Further, a July 31, 2026, deadline ensures there is sufficient time before the close of fact discovery on September 4, 2026, for Meta to test Entrepreneur's new allegations in discovery.

**F.      Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties are not aware of any evidence preservation dispute requiring the Court's attention at this time.

**G.    Disclosures**

The Parties exchanged initial disclosures on January 27, 2026 pursuant to Rule 26(a)(1)(A) and will continue to supplement Initial Disclosures as necessary, in accordance with Rule 26(e).

**H.    Discovery**

*1.    Entrepreneur's Discovery Requests.*

Entrepreneur served its first discovery requests on December 26, 2025 and has since served four sets of interrogatories (1-21) and four sets of requests for production (1-43). Entrepreneur has also served six third-party subpoenas. The Parties have engaged in meet-and-confer efforts, including live conferral sessions on February 9-10, 2026, April 28, 2026, and May 12, 2026, as well as conferral emails and letters dated February 4, March 20, April 9, and May 5, 2026, among others.

Meta served supplemental responses to certain requests for production on March 9, 2026, and supplemental interrogatory responses on April 24, 2026. Meta has committed to further interrogatory supplementation by May 15, 2026. Entrepreneur reserves the right to seek relief if the supplementation does not cure the deficiencies identified in its conferral correspondence.

The parties entered a Stipulated ESI Order on April 20, 2026 (Dkt. 60) and are in the process of jointly identifying document custodians. The custodian identification deadline under the ESI Order is May 20, 2026.

The Parties are continuing to negotiate regarding Meta's response to Interrogatory Nos. 19 and 20. Entrepreneur sent Meta its portions of a discovery dispute statement regarding these interrogatories on May 7, 2026. The parties conferred on May 12 and again on May 15, 2026, and Meta represented that it is conducting an investigation into its ability to identify Entrepreneur's works in its training datasets. The dispute remains unresolved.

As of the date of this filing, Meta has made 9 document productions to Entrepreneur consisting of 50,015 documents and terabytes of data, comprised of *Kadrey* materials and training data. Meta has also made its source code available for review under the Protective Order. Meta is currently collecting documents on a go-get basis to produce to Entrepreneur in response to its RFPs, and will engage in custodial collection, review, and production as soon as the parties agree on custodians pursuant to the process and timing established by the ESI order entered by the Court.

*2.      Meta's Discovery Requests and Entrepreneur's Responses*

Meta has served one set of interrogatories (1-12), two sets of requests for production (1-82), and two sets of requests for admission (1-165) on Entrepreneur.

To date, Entrepreneur has produced copies of its asserted works, copyright registration documents, most (but not all) of its author agreements, and spreadsheets with sales/shipment data for its asserted works. The Parties have met and conferred regarding Entrepreneur's interrogatory responses and productions to date.  Meta reserves the right to seek relief if Entrepreneur's promised supplementation does not cure the deficiencies identified in Meta's conferral correspondence.

Entrepreneur's responses to Meta's two sets of requests for admission and second set of requests for production are due pursuant to a stipulated extension on May 25, 2026 (as to the first set) and June 1, 2026 (as to the second sets).

Meta has also served four third-party subpoenas to authors of works-in-suit and publishers/distributors associated with Entrepreneur. Meta anticipates soon serving additional third-party subpoenas to additional publishers/distributors, and other related entities, as well as to additional authors of works-in-suit.

*3.      Cross-Case Discovery Sharing*

On March 25, 2026, the Court directed that discovery in this action and in *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, be shared. The *Kadrey* plaintiffs circulated a proposed stipulation implementing the Court's directive, and Entrepreneur proposed revisions. The revised stipulation was provided to Meta on April 24, 2026.

*Entrepreneur's Position:*

To date, Meta has not responded to the proposed stipulation circulated on April 24, 2026. Entrepreneur is prepared to finalize the *Kadrey* discovery-sharing stipulation promptly and requests that Meta respond to the pending proposal no later than May 29, 2026. With respect to the newly related cases, Entrepreneur notes that when the Court directed discovery sharing between Entrepreneur and *Kadrey*, the *Kadrey* case had already been litigated through summary judgment on direct infringement. Entrepreneur's case, by contrast, is in active fact discovery with a September 4, 2026 cutoff and expert

reports due September 18, 2026. Entrepreneur takes no position on discovery sharing among the newly related cases but respectfully requests that the Court maintain the existing schedule in this case.

*Meta's Position:*

Meta is diligently reviewing Plaintiffs' proposal to assess how best to coordinate discovery in light of the recently filed and related cases *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, Case No. 3:26-cv-02333-VC, *Cognella, Inc., v. Meta Platforms, Inc.*, Case No. 3:26-cv-04053-VC, and *Cambronne et al. v. Meta Platforms, Inc.*, Case No. 3:26-cv-03725-VC and in light of the difference in posture between the *Kadrey* case and the other related cases.

To promote judicial efficiency, Meta believes that any cross-case discovery sharing agreement should also incorporate the related cases *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, Case No. 3:26-cv-02333-VC, *Cognella, Inc., v. Meta Platforms, Inc.*, Case No. 3:26-cv-04053-VC, and *Cambronne et al. v. Meta Platforms, Inc.*, Case No. 3:26-cv-03725-VC. The Parties are also discussing the degree to which, if at all, the *Kadrey* Plaintiffs will be entitled to discovery taken by plaintiffs in related cases. The Parties will work together to finalize the stipulation promptly.

4.      Kadrey *Re-Production*

Meta has been re-producing on a rolling basis discovery materials from the *Kadrey* litigation pursuant to the Court's January 13, 2026 Case Schedule Order.  The vast majority of the discovery materials from the *Kadrey* litigation were produced to Plaintiffs at the end of January 2026, with only production materials that may implicate third party notice requirements remaining after that date. Since that initial production, Meta has undertaken an extensive third-party notification process that was necessary before the third-party materials could be re-produced to Entrepreneur.  In accordance with that process, Meta has made two additional productions from the *Kadrey* litigation representing third-party materials. This third-party notification process will be complete by May 15, 2026, and Meta expects to complete the remaining re-production of documents from the *Kadrey* litigation on that day.

//

//

    *5.    Depositions*

*Entrepreneur's Position*:

No depositions have been scheduled. Entrepreneur's position is that depositions cannot be meaningfully planned until Meta has produced case-specific documents and served substantive narrative interrogatory responses identifying the relevant witnesses and subject areas. Entrepreneur anticipates depositions will occur in approximately July and August 2026. Entrepreneur is not opposed to coordinating depositions provided that sufficient time is provided for Entrepreneur to ask its questions and that the depositions proceed on dates sufficiently in advance of the fact discovery cutoff in this case.

*Meta's Position:*

To promote judicial efficiency and reduce the burden on the parties, Meta believes all depositions taken of Meta current or former employees in this action should be coordinated with any depositions taken in the related cases *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, Case No. 3:26-cv-02333-VC, *Cognella, Inc., v. Meta Platforms, Inc.*, Case No. 3:26-cv-04053-VC, *Cambronne et al. v. Meta Platforms, Inc.*,  Case No. 3:26-cv-03725-VC, and, where appropriate, *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. Because no depositions have yet been scheduled, Meta believes full coordination of depositions of Meta current and former employees across the cases is both achievable and desirable.

**I.    Related Cases**

This action is related to *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC. Three additional cases have been the subject of administrative motions to relate to *Kadrey*, which the Court granted on May 11, 2026: *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, No. 3:26-cv-02333-VC; *Cambronne v. Meta Platforms, Inc.*, No. 5:26-cv-03725-PCP; and *Cognella, Inc. v. Meta Platforms, Inc.*, No. 3:26-cv-04053-JST. *See* Dkt. 63 & 64; *see also Kadrey* Dkt. 730 (order relating cases).

*Entrepreneur's Position:*

Entrepreneur respectfully submits that its existing case schedule should not be modified in connection with any related-case management. Entrepreneur has been actively litigating this case since November 2025, has served four sets of interrogatories, four sets of requests for production, and six

third-party subpoenas, has retained expert witnesses, and has structured its case preparation around the existing deadlines.

*Meta's Position*:

Meta agrees with Entrepreneur that the existing case schedule should not be modified. Further, Meta believes that all related cases (including *Chicken Soup*, *Cambronne* and *Cognella*) can and should proceed on the schedule as it currently exists in Entrepreneur.

To the extent the Court disagrees and believes that the *Chicken Soup*, *Cambronne* and *Cognella* Plaintiffs should be afforded additional time, Meta reserves the right to seek a modification of the *Entrepreneur* schedule such that full coordination across the related cases can be achieved.

**J.    Relief**

Entrepreneur seeks judgment in its favor and against Meta, including: a declaration that Meta infringed Entrepreneur's copyrights and that such infringement was willful; actual and/or statutory damages; permanent injunctive relief; an injunction prohibiting the removal or alteration of copyright management information from Entrepreneur's works; pre- and post-judgment interest; and costs and attorneys' fees under 17 U.S.C. §§ 505 and 1203(b).

Meta reserves all rights, claims, and defenses available to it under the law, including to seek attorneys' fees as to the copyright claims as otherwise available under the law at the conclusion of the case. Meta denies that Plaintiffs are entitled to any damages, permanent injunction, or other relief whatsoever. Meta believes it is premature to opine on methods of calculating potential damages.

**K.    Settlement and ADR**

The Parties have filed their ADR Certification pursuant to ADR L.R. 3-5. Dkt. 36 & 38. The Parties have not yet conducted ADR and do not believe settlement discussions would be productive at this time.

**L.    Narrowing of Issues**

The Parties do not believe narrowing of the issues in dispute is practical or feasible at this time.

The Parties anticipate later filing one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues.

## M.    Scheduling

No party seeks modification of any deadline. The current case schedule, as set by the Court's January 13, 2026 Order (Dkt. 40) and the Court's April 21, 2026 Order (Dkt. 61), is as follows:

| Event | Deadline |
| --- | --- |
| Case Management Conference | May 22, 2026 |
| Case Management Conference | August 7, 2026 |
| Fact Discovery Cutoff | September 4, 2026 |
| Opening Expert Reports | September 18, 2026 |
| Rebuttal Expert Reports | October 16, 2026 |
| Reply Expert Reports | October 30, 2026 |
| Close of Expert Discovery | November 20, 2026 |
| Summary Judgment Brief 1 (Plaintiff's Opening) | December 11, 2026 |
| Summary Judgment Brief 2 (Defendant's Opening & Opposition) | January 11, 2027 |
| Summary Judgment Brief 3 (Plaintiff's Opposition & Reply) | January 29, 2027 |
| Summary Judgment Brief 4 (Defendant's Reply) | February 12, 2027 |
| Last Day to Hear Dispositive Motions | February 25, 2027 |
| Final Pretrial Conference | May 11, 2027 |
| Trial | May 24, 2027 |

In addition, Meta proposes July 31, 2026 as the deadline by which Entrepreneur can amend its complaint.

As set forth in Section E above, Entrepreneur does not believe a set deadline for amended pleadings is reasonable or necessary.

## N.    Trial

Entrepreneur has demanded a trial by jury on all claims so triable. The Parties believe it is premature to estimate the length of trial at this time.

**O.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 15, 2026

By *s/ Karen L. Dunn*

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (*pro hac vice*)
Kyle Smith (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
ksmith@dirllp.com
jphillips@dirllp.com

**COOLEY LLP**
Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Bobby A. Ghajar (198719)
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

By  *s/Moez M. Kaba*

**HUESTON HENNIGAN LLP**
Moez M. Kaba (457456)
Michael M. Purpura (338216)
Lee Linderman (280743)
NEWMEYER & DILLION LLP
Michael B. McClellan (241570)
Benjamin P. Pugh (202025)
Jason L. Morris (295271)
Harlye S. Carlton (261641)

*Attorneys for Plaintiff*
*ENTREPRENEUR MEDIA, LLC*

Phillip E. Morton (*pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**FILER'S ATTESTATION**

I, Lee Linderman, am the CM/ECF user whose ID and password are being used to file this Joint Case Management Statement. Pursuant to Civil Local Rule No. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By:

*s/ Lee Linderman*