[counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC, | Case No. 3:25-cv-09579-VC-TSH |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| META PLATFORMS, INC., | Trial Date:        May 24, 2027 |
| Defendant. | Date Action Filed:  November 6, 2025 |

Pursuant to Civ. L.R. 16-9(a) and the Court's July 1, 2026 Minute Order (Dkt. 76), Entrepreneur Media, LLC ("Entrepreneur") and Meta Platforms, Inc. ("Meta") (collectively the "Parties"), hereby submit the following Joint Case Management Statement in advance of the Case Management Conference scheduled for July 17, 2026.

**A.    Jurisdiction**

This Court has subject matter jurisdiction over Entrepreneur's claims under 28 U.S.C. §§ 1331 and 1338(a). Meta does not challenge personal jurisdiction. Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1400(a). No parties remain to be served.

**B.    Facts**

Entrepreneur alleges that Meta downloaded, reproduced, and used Entrepreneur's copyrighted instructional books and magazines—without authorization—to train, fine-tune, and deploy its Llama family of large language models. Entrepreneur further alleges that Meta's preprocessing pipeline removed copyright management information from Entrepreneur's works before incorporating them into training datasets. The Complaint sets forth three claims: direct copyright infringement, contributory copyright infringement, and violation of 17 U.S.C. § 1202(b). Dkt. 1.

Meta disputes its liability for each of Plaintiff's claims, and disputes that Plaintiff has been injured by any alleged infringement.  Further, to the extent that Meta used any of Plaintiff's works, Meta contends such use constituted fair use under 17 U.S.C. § 107.

**C.    Legal Issues**

On March 30, 2026, the Court denied Meta's partial motion to dismiss. Dkt. 55. Meta filed its Answer on April 29, 2026. Dkt. 62. The case is in active fact discovery. No legal issues require the Court's attention at this time.

**D.    Motions**

Meta filed a partial motion to dismiss. Dkt. 39. On March 30, the Court denied the motion. Dkt. 55. There are no motions pending before the Court. After the completion of discovery, the Parties anticipate moving for summary judgment.

**E.      Amendments to Pleadings**

The operative pleading is the original Complaint filed November 6, 2025. Dkt. 1.

*Entrepreneur's Position*:

Entrepreneur intends to seek leave to amend once Meta has identified the full scope of Entrepreneur works contained in its training datasets. Meta has implemented a text-based search architecture and confirmed that it is functional and producing results, but has not yet served a formal supplemental response to Interrogatory No. 19 identifying the Entrepreneur works, the dataset(s) in which they appear, and the source from which Meta obtained them. Meta represented that it would substantially complete this identification for the works Entrepreneur had produced in text-searchable form by the end of June 2026; that identification remains outstanding.

Entrepreneur is continuing to digitize the remainder of its books catalog to enable identification of its additional works. On magazines, Meta has had digital copies of Entrepreneur's asserted magazine issues since April 2026 and has had Entrepreneur's proposal to identify ingested issues by searching their tables of contents since June 2026, but has not responded to that proposal or otherwise identified a methodology for determining which magazine issues are in the training data. Because the scope of Entrepreneur's amendment depends on that identification—and as the Court recognized in declining to set a deadline—Entrepreneur proposes that any amendment deadline be set no earlier than 30 days after Meta serves a complete response to Interrogatory No. 19.

*Meta's Position*:

Meta has already shared preliminary results of the searches for substantially all of the works where Entrepreneur provided text searchable copies and is preparing a formal response to Interrogatory No. 19 for those works.  Thus, Meta believes that Entrepreneur already possesses the information it says it needs to amend its Complaint for many of its works.

Meta is working expeditiously with Entrepreneur to address the remaining works that Entrepreneur is continuing to digitize and the magazine issues and believes that process should be resolved shortly.  The magazine issues produced by Entrepreneur have presented greater challenges due to the quality of the scans and OCR text provided by Entrepreneur.  Regarding the table of contents search, Entrepreneur provided samples that it wanted Meta to search for on June 29 (after making the

initial proposal on June 23).  Meta has been in communication with Entrepreneur's counsel about that effort and will continue to work cooperatively with them on a solution for the magazine searches.  To the extent the parties dispute what constitutes a "complete" response to Interrogatory No. 19, Meta agrees to meet and confer with Entrepreneur expeditiously and to raise any issues promptly with the Court.

Because Entrepreneur already possesses much of the information it says it needs to amend its Complaint, Meta also believes that 30 days to amend is unnecessary.  Moreover, permitting 30 days for amendment–regardless of when that 30-day clock begins–while fact discovery closes on September 4 would significantly prejudice Meta's ability to take adequate discovery on anything new in Entrepreneur's amended complaint.  For instance, for new works Entrepreneur seeks to assert, Meta will need the opportunity to subpoena the authors of those works.  Meta is concerned that Entrepreneur's proposal would not permit it to adequately test Entrepreneur's claims through discovery.

Meta is willing to meet and confer with Entrepreneur regarding a reasonable timeline to amend its Complaint before the close of fact discovery.

**F.        Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties are not aware of any evidence preservation dispute requiring the Court's attention at this time.

**G.        Disclosures**

The Parties exchanged initial disclosures on January 27, 2026 pursuant to Rule 26(a)(1)(A) and will continue to supplement Initial Disclosures as necessary, in accordance with Rule 26(e). Entrepreneur has committed to serve supplemental initial disclosures by July 20, 2026.

Meta believes Entrepreneur's initial disclosures are deficient in multiple ways and has communicated these deficiencies to Entrepreneur in a letter and in a meet and confer with Entrepreneur. Meta may need to approach the Court for resolution if Entrepreneur does not sufficiently address its deficiencies.

**H.      Discovery**

1.      *Entrepreneur's Discovery Requests and Meta's Responses.*

Entrepreneur has served four sets of interrogatories (Nos. 1-21), six sets of requests for production (Nos. 1-69), and one set of requests for admission (Nos. 1-36), as well as six third-party subpoenas. The Parties have engaged in extensive meet-and-confer efforts, including live conferral sessions and numerous conferral emails and letters. Meta has made twelve document productions consisting of over 50,000 documents, additional native productions comprising terabytes of data, and has made its source code available under the Protective Order. On June 23, 2026, Meta made its first case-specific document production, and has continued to produce documents to Entrepreneur on a rolling basis. Meta has agreed to run a revised version of the *Kadrey* search terms across all custodians in this action, and Entrepreneur may propose additional case-specific search terms consistent with the ESI Protocol (Dkt. 60).

Meta's responses to Entrepreneur's fifth set of RFPs and first set of RFAs are due July 20. Meta's responses to Entrepreneur's sixth set of RFPs are due August 3.

*Entrepreneur's Position*

Given the September 4, 2026 fact-discovery cutoff and the September 18, 2026 opening-expert-report deadline, Entrepreneur notes that Meta's case-specific production began on June 23, 2026—one day before the last Joint Statement and roughly ten weeks before the close of fact discovery. Meta made an additional case-specific production on July 10, 2026, which Entrepreneur has not yet had the opportunity to review.

Consistent with the Court's July 1 direction, Entrepreneur has proceeded to notice depositions notwithstanding the state of Meta's document production (see Section H.5). The Parties' principal outstanding written-discovery dispute concerns Interrogatory No. 19, which seeks identification of the Entrepreneur books and other works contained in the datasets used to train each version of Llama. Following the Court's May 22 conference, Meta implemented a text-based search architecture and agreed to supplement on a rolling basis. Entrepreneur has prepared a motion to compel and will present the dispute to Magistrate Judge Hixson if Meta's supplementation does not provide work-level

identification, the dataset(s) in which each work appears, and the source from which Meta obtained it, as Interrogatory No. 19 requires.

As of this filing, Meta has not served a formal supplemental response to Interrogatory No. 19, and its identification of Entrepreneur works in the training data remains incomplete; in particular, Meta has not completed its identification even as to the books Entrepreneur has already produced in text-searchable form, has not identified which of Entrepreneur's magazine issues are contained in the training data, and has not responded to Entrepreneur's proposal to determine that latter question by searching the magazine issues' tables of contents. As of this date, Meta has provided no substantive update on its efforts to identify Entrepreneur's magazine issues in the training data.

With respect to Interrogatory No. 20, Meta has represented that it possesses the relevant SpiderMate data, is reviewing it, and anticipates producing it in the coming week. The Parties continue to meet and confer regarding Meta's responses to Interrogatories Nos. 20 and 21 and the associated requests for production—including the source(s) of the training data for Meta's Muse Spark model and the preprocessing and log-related materials sought by Requests for Production Nos. 39, 41, 42, and 43. Entrepreneur reserves the right to present any unresolved issues to Magistrate Judge Hixson.

*Meta's Position*

Meta is continuing to work collaboratively with Entrepreneur to respond to its requests and to do so as expeditiously as possible. With respect to Entrepreneur's Interrogatory No. 19 in particular, Meta is working to identify Entrepreneur's works in Meta's internal data with the information provided by Entrepreneur.  As Entrepreneur acknowledges, Meta has agreed to supplement its responses on a rolling basis and has continued to meet and confer with Entrepreneur in good faith every week to provide the information requested.  Meta has already provided preliminary results of the searches for substantially all of the works that Entrepreneur provided text searchable copies for and is preparing a formal response to Interrogatory No. 19 for those works.  Entrepreneur and Meta are working cooperatively to address the remaining works expeditiously. Entrepreneur has not yet provided the text searchable copies of a substantial number of works that Entrepreneur is digitizing.

2. *Meta's Discovery Requests and Entrepreneur's Responses.*

Meta has served three sets of interrogatories (1-18), four sets of requests for production (1-154), and three sets of requests for admission (1-198) on Entrepreneur.

To date, Entrepreneur has produced copies of its asserted works, copyright registration documents, most (but not all) of its author agreements, certain spreadsheets with sales/shipment data for some (but not all) of its asserted works, hundreds of copies of non-asserted books, numerous distributor agreements, foreign rights agreements, Writer's Agreements, Requests for Permission to Reprint, corporate succession documents, communications concerning AI accounts, books spreadsheets, internal communications and documents concerning AI and this litigation, global user reports, spreadsheets of article names, and other agreements with third parties. Entrepreneur informed Meta that certain responsive documents require notice to third parties before production and that Entrepreneur will promptly produce those documents once notice obligations have been satisfied.

As of the date of this filing, Entrepreneur has only produced 9 custodial documents to Meta from a single custodian. Further, Meta has still not received Entrepreneur's complete sales and shipment data for its asserted works, and is still missing some of the author/publisher agreements it requested.

The Parties have met and conferred regarding Entrepreneur's interrogatory and requests for admission responses and productions to date, which Meta believes require supplementation. Entrepreneur has supplemented or agreed to supplement its responses. Meta reserves the right to seek relief if Entrepreneur's promised supplementation does not cure the deficiencies identified in Meta's conferral correspondence.

Entrepreneur's responses to Meta's second and third sets of interrogatories, third and fourth sets of requests for production, and third set of requests for admission are due July 20.

Meta has also served 15 third-party subpoenas to authors of works-in-suit and publishers/distributors associated with Entrepreneur. Meta anticipates soon serving additional third-party subpoenas to additional publishers/distributors, and other related entities, as well as to additional authors of works-in-suit.

### 3.    *Cross-Case Discovery Coordination*

At the July 1, 2026 Case Management Conference, the Court resolved the principal coordination disputes among the related actions. The Court set a presumptive limit of twenty 30(b)(1) depositions for the coordinating Plaintiffs (Entrepreneur, Chicken Soup, Cognella, and Cambronne) collectively, not counting expert or third-party depositions, with leave to seek additional depositions on a showing of need; established a presumptive limit of nine hours for each 30(b)(1) deposition, subject to return to Court for more restrictive time limitations if necessary; and set 14 hours for 30(b)(6) testimony, subject to return to the Court if additional time is needed. Meta confirmed that it agrees to simultaneous production of discovery to all Plaintiff groups. The Court further ruled that the *Kadrey* Plaintiffs may attend depositions in the related actions but must seek leave of the Court to participate.

The parties are proceeding in accordance with the Court's bench rulings.

### 4.    Kadrey *Re-Production*

Meta has substantially completed its re-production of materials from the *Kadrey* litigation, including the third-party materials subject to notice requirements.

### 5.    *Depositions*

Consistent with the Court's July 1 direction that depositions proceed promptly, on July 2, 2026, Entrepreneur identified seven witnesses whose depositions it sought to schedule, and on the same day served a Rule 30(b)(6) notice with 21 topics. On Monday, July 6, Entrepreneur identified five additional witnesses whose depositions it sought to schedule. Meta informed Entrepreneur that three of the identified witnesses are former Meta employees and has provided last known address information for one of these identified witnesses pursuant to Entrepreneur's request; the Plaintiffs are working to serve those individuals with subpoenas. The Parties have scheduled several depositions of Meta employees, including:

- July 14 – Melanie Kambadur
- July 16 – Frank Zhang
- July 17 – Damon Civin
- July 21 – Ranjan Subramanian
- July 28 – Britt Montalvo

- July 29 – Thomas Scialom

The parties are also discussing deposition dates in July and August for two additional Meta witnesses—Didem Foss and Nikolay Bashlykov.

Entrepreneur's Position

Entrepreneur is proceeding with the scheduled depositions notwithstanding gaps in Meta's production. For example, in response to Entrepreneur's Fourth Set of Requests for Production, Meta agreed in May 2026 to produce, on a rolling basis, documents concerning whether the datasets, data-processing pipelines, preprocessing scripts, CMI-stripping scripts, and model checkpoints used to develop the Llama models were carried over, reused, or adapted into the development of Muse Spark (RFP No. 36), and documents concerning whether Entrepreneur's works were included in the datasets used to train Muse Spark (RFP No. 35). Those materials are directly relevant to the examination of Meta's data-development witnesses on the relationship between the Llama models and Muse Spark, and Meta has not completed that production. Moreover, Meta has produced no custodial documents for Damon Civin, one of Meta's custodians whose deposition is scheduled for July 17. Entrepreneur has informed Meta that it will proceed with the scheduled depositions but reserves the right—consistent with the Court's observation at the July 1 conference that a witness may be recalled if warranted—to hold depositions open for limited follow-up examination as Meta completes its production.

On July 6, 2026, Meta sought availability for ten Entrepreneur witnesses to be scheduled in late July or early August. On July 9, 2026, Entrepreneur provided availability for one witness if his depositions would occur remotely and asked Meta to confirm whether it intends to proceed remotely or in person, as Entrepreneur's witnesses are located in multiple states and the scheduling of in-person depositions depends on that determination. Entrepreneur is prepared to make its witnesses available promptly once the format is resolved. The Parties are negotiating in good faith to schedule all remaining depositions.

Meta's Position

*Deposition of Meta's Witnesses*

Consistent with the Court's directive, Meta has been working diligently with its employees to schedule depositions as Plaintiffs request them and on a rolling basis. Of the twelve Meta employee witnesses Plaintiffs have identified for deposition, Meta has already confirmed or offered deposition dates in July for eight witnesses. Three of the four remaining witnesses identified by Plaintiff are former employees of Meta. Meta is committed to making document productions on a rolling basis and will endeavor to prioritize productions of a particular witness's documents in advance of each deposition. Meta reserves the right to object to any attempt by Plaintiffs to re-depose a witness absent a clear showing of need.

*Deposition of Entrepreneur Witnesses*

On July 6, Meta provided Entrepreneur with a list of ten Entrepreneur witnesses it would like to depose before the close of fact discovery and asked for the witnesses' availability in late July and August. The individuals are the ten who are serving as custodians in the case. In that same communication, Meta also asked Entrepreneur for a date certain by which Entrepreneur will start making custodial productions and when it anticipates its custodial productions to be substantially complete.

On July 9, Entrepreneur responded to Meta's request with the location of the individuals whom Meta seeks to depose and said that the timing and sequence of the depositions would depend on whether the deposition would be occurring remotely or in-person. Entrepreneur followed up on July 10 to provide proposed dates for two of Meta's requested deponents only—Michael Frazier (July 29) and Ryan Shea (July 30). Meta has indicated it can agree to these deposition dates provided that Entrepreneur will complete its custodial productions for those two witnesses by July 17.

Entrepreneur has not provided any additional information regarding the expected timing of its custodial productions. To date, Meta has received only nine custodial documents from Entrepreneur from a single custodian. Meta is at a significant information disadvantage compared to Plaintiffs, who now have all the custodial productions, data, and deposition transcripts from the *Kadrey* action. Meta will be severely prejudiced if it does not receive adequate custodial productions and data in advance of any depositions of Entrepreneur witnesses.

JOINT CASE MANAGEMENT STATEMENT
10                    Case No. 3:25-cv-09579-VC-TSH

6.    *Digitization of Entrepreneur's Works*

Entrepreneur has produced 342 of its books and 12 magazine issues as searchable text to enable Meta's identification of works in the training data, having sequenced its digitization to confirm the search architecture produced usable results before incurring the cost of digitizing its full catalog. Entrepreneur is continuing to digitize the remainder of its catalog. Meta has confirmed that the search is functional and provided preliminary results on a rolling basis. The Parties are also conferring regarding the methodology for identifying magazine issues in the training data. On June 29, 2026, Entrepreneur asked Meta to confirm whether searching the issues' tables of contents is sufficient to determine whether particular issues were ingested, and provided Meta with specific Bates-referenced examples; Meta is investigating Entrepreneur's question and the Parties continue to confer. Entrepreneur reserves the right to seek allocation of its digitization costs.

**I.    Related Cases**

This action is related to *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, and to three additional cases the Court related and placed on the Entrepreneur schedule: *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.*, No. 3:26-cv-02333-VC; *Cognella, Inc. v. Meta Platforms, Inc.*, No. 3:26-cv-04053-VC; and *Cambronne et al. v. Meta Platforms, Inc.*, No. 3:26-cv-03725-VC.

Further, and as previously raised with the Court, a putative class action was filed recently in the U.S. District Court for the Southern District of New York (*Elsevier Inc. et al. v. Meta Platforms, Inc. and Mark Zuckerberg*, No. 1:26-cv-03689-PKC (S.D.N.Y.), which asserts claims that overlap with the claims remaining in this case, and with the training-based claims originally asserted in this case for which summary judgment was granted. Meta has filed a letter motion in the *Elsevier* case seeking to transfer to the Northern District of California under the first-to-file rule and 28 U.S.C. § 1404(a) and filed its opening brief on June 26, 2026. The Elsevier plaintiffs have stated they will oppose Meta's motion. On May 22, a second putative class action, *Hobbs et. al. v. Meta Platforms, Inc. et al.*, No. 1:26-cv-4314 (S.D.N.Y), was filed in the Southern District of New York. On July 2, another putative class action, *Sullivan et al. v. Meta Platforms, Inc. et al.*, No. 4:26-cv-06793 (N.D. Cal.) was filed in this district on behalf of textbook authors as was assigned to Magistrate Judge Westmore. Given the

overlapping issues in *Sullivan*, Meta anticipates filing a Notice of Related Case in the *Sullivan*, *Kadrey*, *Entrepreneur Media*, *Chicken Soup*, *Cognella*, and *Cambronne* cases.

### J.    Relief

Entrepreneur seeks judgment in its favor and against Meta, including: a declaration that Meta infringed Entrepreneur's copyrights and that such infringement was willful; actual and/or statutory damages; permanent injunctive relief; an injunction prohibiting the removal or alteration of copyright management information from Entrepreneur's works; pre- and post-judgment interest; and costs and attorneys' fees under 17 U.S.C. §§ 505 and 1203(b).

Meta reserves all rights, claims, and defenses available to it under the law, including to seek attorneys' fees as to the copyright claims as otherwise available under the law at the conclusion of the case. Meta denies that Plaintiffs are entitled to any damages, permanent injunction, or other relief whatsoever. Meta believes it is premature to opine on methods of calculating potential damages.

### K.    Settlement and ADR

The Parties have filed their ADR Certification pursuant to ADR L.R. 3-5. Dkt. 36 & 38. The Parties have not yet conducted ADR and do not believe settlement discussions would be productive at this time.

### L.    Narrowing of Issues

The Parties do not believe narrowing of the issues in dispute is practical or feasible at this time.

The Parties anticipate later filing one or more motions for summary judgment, or other dispositive motions, seeking to narrow the issues.

### M.    Scheduling

*Entrepreneur's Position.*

Entrepreneur has promptly scheduled depositions and is proceeding with other discovery consistent with the Court's July 1 direction. To the extent the timing of Meta's case-specific production and the completion of Meta's identification of Entrepreneur works under Interrogatory No. 19 impair Entrepreneur's ability to complete discovery within the current schedule, Entrepreneur will raise any need for targeted relief at the August 7, 2026 conference, as the Court contemplated. As set forth in

Section E, Entrepreneur's position is that any amendment deadline should be set no earlier than 30 days after Meta's complete supplementation of Interrogatory No. 19.

*Meta's Position.*

Meta's lead trial counsel, Karen Dunn, has just identified a significant scheduling conflict that she wishes to share with the Court, along with profuse apologies for not realizing the conflict earlier. At the time the trial in this case was set for May 24, 2027, counsel was already scheduled to go to trial in another major case (*De Coster v. Amazon.com, Inc.*, Case No. 2:21-cv-00693-JHC (W.D. Wash.)) starting on June 14, 2027. That trial date was set on October 9, 2025. Given the proximity of the trial dates and the fact that both trials will require significant preparation, counsel wanted to raise the issue with the Court as soon as she realized the overlap. Entrepreneur notes that it may raise any need for targeted relief in the schedule at the August 7, 2026, conference, and Meta suggests that this trial conflict be addressed at that time.

The current case schedule, as set by the Court's January 13, 2026 Order (Dkt. 40) and the Court's July 1, 2026 Minute Order (Dkt. 76) is as follows:

| Event | Deadline |
| --- | --- |
| Case Management Conference | July 17, 2026 |
| Case Management Conference | August 7, 2026 |
| Fact Discovery Cutoff | September 4, 2026 |
| Opening Expert Reports | September 18, 2026 |
| Rebuttal Expert Reports | October 16, 2026 |
| Reply Expert Reports | October 30, 2026 |
| Close of Expert Discovery | November 20, 2026 |
| Summary Judgment Brief 1 (Plaintiff's Opening) | December 11, 2026 |
| Summary Judgment Brief 2 (Defendant's Opening & Opposition) | January 11, 2027 |
| Summary Judgment Brief 3 (Plaintiff's Opposition & Reply) | January 29, 2027 |
| Summary Judgment Brief 4 (Defendant's Reply) | February 12, 2027 |
| Last Day to Hear Dispositive Motions | February 25, 2027 |

| Final Pretrial Conference | May 11, 2027 |
| Trial | May 24, 2027 |

**N.    Trial**

Entrepreneur has demanded a trial by jury on all claims so triable. The Parties believe it is premature to estimate the length of trial at this time.

**O.    Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: July 10, 2026

By _s/  Karen L. Dunn_____

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (*pro hac vice*)
Kyle Smith (*pro hac vice*)
Jessica Phillips (*pro hac vice*)
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
ksmith@dirllp.com
jphillips@dirllp.com

**COOLEY LLP**
Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Bobby A. Ghajar (198719)
Colette Ani Ghazarian
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

By  _s/  Moez M. Kaba_____

**HUESTON HENNIGAN LLP**
Moez M. Kaba (457456)
Michael M. Purpura (338216)
Lee Linderman (280743)
NEWMEYER & DILLION LLP
Michael B. McClellan (241570)
Benjamin P. Pugh (202025)
Jason L. Morris (295271)
Harlye S. Carlton (261641)

*Attorneys for Plaintiff*
*ENTRÉPRENEUR MEDIA, LLC*

JOINT CASE MANAGEMENT STATEMENT
14            Case No. 3:25-cv-09579-VC-TSH

Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Phillip E. Morton (*pro hac vice*)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

## FILER'S ATTESTATION

I, Lee Linderman, am the CM/ECF user whose ID and password are being used to file this Joint Case Management Statement. Pursuant to Civil Local Rule No. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By:

*s/* Lee Linderman