# EXHIBIT B

[counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHICKEN SOUP FOR THE SOUL, LLC, | Case No. 3:26-cv-02333-VC |
| Plaintiff, | **PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO META PLATFORMS, INC.** |
| v. | |
| META PLATFORMS, INC., | Date:    August 24-26, 2026 |
| Defendant. | Location: To be agreed upon by the parties |
| COGNELLA, INC., | Case No. 3:26-cv-04053-VC |
| Plaintiff, | **PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO META PLATFORMS, INC.** |
| v. | |
| META PLATFORMS, INC., | Date:    August 24-26, 2026 |
| Defendant. | Location: To be agreed upon by the parties |
| CAMBRONNE, INC. ET AL., | Case No. 3:26-cv-03725-VC |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO META PLATFORMS, INC.** |
| v. | |
| META PLATFORMS, INC., | Date:    August 24-26, 2026 |
| Defendant. | Location: To be agreed upon by the parties |

Case No. 3:26-cv-02333-VC

PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Meta Platforms, Inc. ("Meta") is hereby directed to designate one or more officers, directors, managing agents, or other persons who consent to testify and are most knowledgeable and competent to testify regarding the following topics and related or supporting facts occurring between January 1, 2022 and the present (the "Relevant Period").

**DEFINITIONS:**

"CLASSIFICATION DATA" means the output of any CLASSIFIER and any count, metric, rate, or statistic derived from that output, including the fields reflected in META_EM_CCC_K_00041117 (e.g., num_prompts, num_prompter_DAU, num_prompt_sessions, num_thumbs_up, num_thumbs_down, num_reactions, num_search_triggered, and the week-over-week retention and WAU@14 fields), broken out by use-case or topic category at any level (including L1 and L2).

"CLASSIFIER" means any model, program, or system that assigns, predicts, or applies a use-case or topic label or category to a Meta AI prompt, conversation, or response, in any version, including the use-case taxonomy classifiers (including versions V1 through V5) and the topic taxonomy classifiers (including Topic V1 through V3 and any legacy version). "DATA STORE" means any database table, data warehouse, Hive table or comparable table, dashboard, notebook, pipeline, or other structured repository in which CLASSIFICATION DATA is written, stored, queried, displayed, or maintained, including the "Meta AI Top-line Metrics & Analytics" dashboard and any Meta AI use-case or topic scorecard dashboard.

"META AI" means Meta's user-facing generative AI assistant and related surfaces.

"MODELS" means any machine learning model, neural network, generative artificial intelligence model, transformer model, or similar computational system trained on large quantities of text or other data to process, predict, generate, summarize, classify, or otherwise manipulate natural language or content, including but not limited to YOUR "Llama" models (Llama 1 through Llama 4, all versions) and Muse Spark (internally, "Avocado").

"PLAINTIFFS' WORKS" means every work copyrighted by Plaintiffs, including without limitation those enumerated in the Updated Exhibit A to Plaintiffs' discovery requests served on June 2, 2026 and alleged in the operative complaints of *Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*, No. 3:26-cv-02333; *Cambronne v. Meta Platforms, Inc.*, No. 5:26-cv-03725; and *Cognella, Inc. v. Meta Platforms, Inc.*, No. 3:26-cv-04053.

"RELEVANT PERIOD" means January 1, 2022 through the present.

"RETAIN" / "RETENTION" means the preservation, aging-out, or deletion of data over time, whether by policy, automated process, or manual action.

"TRACK" means to compute, generate, predict, record, log, write, store, maintain, display, or report, in or to any DATA STORE.

**MATTERS FOR EXAMINATION:**

**Topic 1.** The DATA STORES in which CLASSIFICATION DATA has been TRACKED during the RELEVANT PERIOD, including their structure and fields, the periods for which CLASSIFICATION DATA exists in each, whether Meta has TRACKED CLASSIFICATION DATA broken out by use-case or topic category in each of 2023, 2024, and 2025, and the manner in which the data produced at META_EM_CCC_K_00041117 was generated, extracted, and produced.

**Topic 2.** Whether CLASSIFICATION DATA for any period before January 1, 2026 presently exists in any DATA STORE, backup, or archive within Meta's possession, custody, or control; Meta's technical capability to generate, reconstruct, or extract that pre-2026 data (including by re-running any CLASSIFIER against retained prompt logs or backfilling any DATA STORE) and any decision not to do so; and the identity and RETENTION of the source prompt and response logs from which CLASSIFICATION DATA is derived.

**Topic 3.** The RETENTION applicable to each DATA STORE and source log identified above, including any automated deletion or aging-out process and who sets it; and the steps Meta took upon and after any litigation hold in this matter to preserve that data, including any change to ordinary-course deletion resulting from the hold.

**Topic 4:** Meta's fine-tuning and post-training of the MODELS, including supervised fine-tuning (SFT) and reinforcement learning from human feedback (RLHF), and any tuning objectives directed at user engagement, session length, or retention.

**Topic 5**: Meta's contracts, statements of work, purchase orders, and other agreements during the RELEVANT PERIOD with any third party that provided, or contracted to provide, human annotation, data labeling, expert or domain-specialist data generation, preference or ranking data, red-teaming, evaluation, or other services used in the fine-tuning or post-training of the MODELS, including but not limited to Mercor, Scale AI, HandShake AI, Surge AI, and their respective affiliates.

**Topic 6:** Whether Meta designed, tested, enabled, or restricted the generation of book-length or chapter-length outputs, or step-by-step instructional business or professional content, and the reasons for those choices.

**Topic 7:** The effect of the MODELS and META AI on whether people visit third-party websites and on the markets for professional, instructional, or business-oriented publishing, including (a) any analyses, assessments, or data, whether or not styled as a formal "study," concerning whether META AI is replacing, reducing, or diverting traffic from traditional sources of the kind of content Plaintiff publishes—including substitution, cannibalization, referral suppression, off-domain referral traffic, or search substitution.

**Topic 8:** Meta's testing, measurement, and findings regarding verbatim or near-verbatim reproduction by the MODELS of content from training works of the types at issue (books, guides, academic works, self-help content), and any output-side mitigations.

**Topic 9:** Meta's internal measurement of the contribution or value of copyrighted books, self-help, and academic content to the performance and quality of the MODELS, including any ablation or benchmark studies.

**Topic 10:** Meta's consideration, negotiation, or valuation of licensing or purchasing books, or professional or instructional content for use with the MODELS, and any internal assessment of the cost, availability, or existence of a market for such licenses or purchases, including any internal assessment of the economic value to Meta of using content already obtained from Library Genesis,

PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION

Anna's Archive, Z-Library, Internet Archive, or similar sources in lieu of licensing or purchasing equivalent content.

**Topic 11:** The monetization and commercialization of the MODELS, including revenue models, pricing, enterprise and consumer deployment, and internal projections of the commercial value of Llama-based products.

**Topic 12:** Project Vellum, including its purpose, scope, decision-making, and its relationship to licensing, to the training data for the MODELS (including Muse Spark), and to PLAINTIFFS' WORKS.

**Topic 13:** Meta's identification, inclusion, and use of PLAINTIFFS' WORKS within the training corpora for the MODELS, and any reproduction of PLAINTIFFS' WORKS in MODEL outputs.

**Topic 14:** How Meta has marketed, promoted, or publicly positioned the MODELS, including marketing materials, press releases, keynote presentations, public statements by Meta executives, developer outreach, and internal marketing strategy, and any statements regarding the capabilities of the MODELS in domains relevant to PLAINTIFFS' WORKS.

**Topic 15:** Meta's assessment of the addressable market or markets for the MODELS and META AI, including any competitive-landscape analyses, estimates of the size or dollar value of the market or markets for the MODELS, and how Meta defines the markets in which Llama-based products or META AI compete.

**Topic 16:** Meta's document retention policies and litigation-hold practices as they relate to this action, including the date(s) on which Meta's preservation obligations arose (including any obligation arising from related litigations, including *Kadrey v. Meta Platforms, Inc*. No. 3:23-cv03417-VC and *Entrepreneur Media, LLC v. Meta Platforms, Inc*. 3:25-cv-09579-VC-TSH, the scope and timing of any litigation holds, the custodians and data sources subject to preservation, and any destruction or loss of documents or data relevant to the topics identified in this Notice.

**Topic 17:** The facts, data, analyses, and non-privileged information supporting Meta's contention that its use of PLAINTIFFS' WORKS constitutes fair use under 17 U.S.C. § 107.

**Topic 18:** The purpose and objectives in copying, storing, processing, using, or reproducing PLAINTIFFS' WORKS, including any contention that such use was transformative.

**Topic 19:** Meta's factual basis for any contention that its use of PLAINTIFFS' WORKS is transformative, including the manner in which Meta contends its AI models differ from, do not substitute for, or add new expression, meaning, or message to the PLAINTIFFS' WORKS.

**Topic 20:** Meta's factual basis for any contention regarding the amount or substantiality of PLAINTIFFS' WORKS copied, retained, processed, or used.

**Topic 21:** Meta's factual basis for any contention that its conduct has not caused, and is not likely to cause, actual or potential market harm to Plaintiffs or to markets for licensing PLAINTIFFS' WORKS.

**Topic 22:** Any non-privileged analyses, studies, reports, or evaluations concerning whether Meta's use of copyrighted works constitutes fair use or may affect markets for copyrighted works.

**Topic 23:** Meta's public statements, investor communications, policy statements, blog posts, white papers, or other non-privileged representations concerning why its use of copyrighted works is lawful or constitutes fair use.

**Topic 24:** The technical process by which Meta acquired, ingested, copied, downloaded, stored, or otherwise reproduced PLAINTIFFS' WORKS (or works containing Plaintiffs' copyrighted material) for use in developing, training, fine-tuning, validating, evaluating, or improving any AI model at issue in this action.

**Topic 25:** The weight or influence given to text from PLAINTIFFS' WORKS in training the MODELS, including any sampling, data-mixture, corpus-weighting, epoch, deduplication, or quality- or domain-based weighting decisions affecting how heavily PLAINTIFFS' WORKS were weighted relative to other training data; how any such weighting changed over time or across versions of the MODELS; and the effect of fine-tuning, post-training, or reinforcement learning on the weight or influence of PLAINTIFFS' WORKS in the MODELS and their outputs.

**Topic 26:** The manner in which copies of PLAINTIFFS' WORKS, or copies derived therefrom, were stored, retained, duplicated, cached, indexed, archived, or deleted before, during,

PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION

and after the training of each AI model at issue, including the duration of such retention and any policies governing deletion or preservation.

**Topic 27:** The technical manner in which PLAINTIFFS' WORKS were processed and used during training, including how such works were tokenized, segmented, embedded, sampled, weighted, or otherwise incorporated into the training process and the role such works played in modifying MODEL parameters.

**Topic 28:** Meta's technical understanding of whether, and if so how, information derived from PLAINTIFFS' WORKS is retained, represented, encoded, or reflected in the trained models following completion of training a prior model, including any testing, analyses, or evaluations performed regarding memorization, reproduction, or extraction of copyrighted content.

**Topic 29:** The technical alternatives Meta considered, evaluated, or implemented to reduce or eliminate the copying, retention, or use of copyrighted works during the development and training of the AI models at issue, including filtering, licensing, exclusion of datasets, deduplication, data removal, opt-out mechanisms, or other technical measures.

**Topic 30:** Meta's technical ability, before, during, and after training, to identify whether PLAINTIFFS' WORKS were included in any dataset used to train, fine-tune, validate, or evaluate any AI model at issue, including the tools, metadata, databases, logs, or other systems used to track the source, provenance, and disposition of training data.

**Topic 31:** The factual bases for each of Meta's responses and supplemental responses to Plaintiffs' Interrogatories in *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, including the information considered in preparing the responses, the documents relied upon, the persons with knowledge identified or consulted, and the factual investigation undertaken by Meta.

**Topic 32:** The factual bases for each of Meta's responses and supplemental responses to Plaintiffs' Interrogatories in *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, 3:25-cv-09579-VC-TSH including the information considered in preparing the responses, the documents relied upon, the persons with knowledge identified or consulted, and the factual investigation undertaken by Meta.

PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION

**Topic 33:** The factual bases for each of Meta's responses and supplemental responses to Plaintiffs' Interrogatories in this action, including all facts, documents, electronically stored information, datasets, source code, technical processes, persons with knowledge, and corporate investigations identified in, relied upon, or referenced by those responses.

**Topic 34:** The factual matters identified in each topic set forth in Plaintiffs' Rule 30(b)(6) Notice of Deposition served on Meta in *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, 3:25-cv-09579-VC-TSH, insofar as those topics relate to Meta's conduct, technologies, products, datasets, policies, defenses, or other matters at issue in this action.

**Topic 35:** The factual matters identified in each topic set forth in Plaintiffs' Rule 30(b)(6) Notice of Deposition served on Meta in *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC, insofar as those topics relate to Meta's conduct, technologies, products, datasets, policies, defenses, or other matters at issue in this action.

**Topic 36:** Meta's public representations about its LLM Models and Meta AI, including mandatory corporate disclosures, financial reports, registration statements, and verbal or written testimony during official investigations to the SEC.

The deposition will commence on August 24, 2026, beginning at 9:00 AM PDT, be conducted at a location to be determined through agreement by counsel, and will continue from day to day thereafter until completed. The deposition will be taken before a notary public or other officer duly authorized to administer oaths and take testimony and will be recorded by stenographic and videographic means.

Dated:  July 31, 2026

Respectfully submitted,

*/s/ Elizabeth Brannen*

Elizabeth Brannen (SBN 226234)
John Stokes (SBN 310847)
Lauren Martin (SBN 294367)
**STRIS & MAHER LLP**
17785 Center Court Dr N, Ste 600
Cerritos, CA 90703
T: (213) 995-6800
F: (213) 261-0299
ebrannen@stris.com
jstokes@stris.com
lmartin@stris.com

Christopher M. Rigali (*pro hac vice*)
Jacqueline Sahlberg (*pro hac vice*)
1717 K St NW Suite 900
Washington, DC 20006
Phone: (202) 800-5749
crigali@stris.com
jsahlberg@stris.com

Kyle Roche (*pro hac vice* )
Devin (Velvel) Freedman (*pro hac vice*)
**FREEDMAN NORMAND FRIEDLAND LLP**
155 E. 44th Street, Suite 915
New York NY 10017
T: (646) 494-2900
vel@fnf.law
kroche@fnf.law
apotter@fnf.law

*Counsel for Plaintiffs*

PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION

## PROOF OF SERVICE

**COURT:** United States District Court, Northern District of California

**CASE NAME:** *Chicken Soup for the Soul, LLC v. Meta Platforms, Inc.* (3:2026-cv-02333-VC)

*Cognella, Inc. v. Meta Platforms, Inc.* (3:26-cv-04053-VC)

*Cambronne, Inc. et al v. Meta Platforms, Inc.* (3:26-cv-03725-VC)

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 17785 Center Court Dr N, Ste 600, Cerritos, CA 90703.

On July 31, 2026, I served true copies of the following document(s) described as:

- **PLAINTIFFS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO META PLATFORMS, INC.**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**[X] BY ELECTRONIC MAIL**

I delivered the documents, in an electronic mail message to the person above at the email address listed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 31, 2026, at Saratoga Springs, UT 84045.

/s/ *Lauren Martin*
Lauren Martin

Case No. 3:26-cv-02333-VC

PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION

<b>SERVICE LIST</b>

**DUNN ISAACSON RHEE LLP**
Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
401 9th Street NW Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

**COOLEY LLP**
Bobby A. Ghajar (198719)
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

 Mark R. Weinstein (193043)
Elizabeth Lee Stameshkin (260865)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: mweinstein@cooley.com
lstameshkin@cooley.com

Kathleen R. Hartnett (314267)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2071
Facsimile: (415) 693-2222
Email: khartnett@cooley.com

Phillip E. Morton (pro hac vice)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 728-7055
pmorton@cooley.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Angela L. Dunning (212047)
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Attorneys for Defendant Meta Platforms, Inc.*

Case No. 3:26-cv-02333-VC

PLAINTIFFS' NOTICE OF 30(b)(6) DEPOSITION