# EXHIBIT 1

HUESTON HENNIGAN LLP
Moez M. Kaba (#257456)
mkaba@hueston.com
Michael M. Purpura (#338216)
mpurpura@hueston.com
Lee Linderman (#280743)
llinderman@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

Attorneys for Plaintiff
Entrepreneur Media, LLC

NEWMEYER & DILLION LLP
Michael B. McClellan (#241570)
Michael.McClellan@ndlf.com
Benjamin P. Pugh (#202025)
benjamin.pugh@ndlf.com
Jason L. Morris (#295271)
Jason.Morris@ndlf.com
Harlye S. Carlton (#261641)
Harlye.Carlton@ndlf.com
895 Dove Street, Second Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| Entrepreneur Media, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Meta Platforms, Inc.,<br><br>Defendant. | Case No.: 3:25-cv-09579-VC<br><br>**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY: Defendant Meta Platforms, Inc.

RESPONDING PARTY: Plaintiff Entrepreneur Media, LLC

SET NO.: One (1)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Entrepreneur Media, LLC ("Plaintiff" or "Entrepreneur") hereby submits the following responses and objections to Defendant's First Set of Requests for Admission (the "Requests"):

**PRELIMINARY STATEMENT**

These responses and objections are based on diligent inquiry and investigation by Plaintiff and reflect Plaintiff's current knowledge, understanding, and belief based upon those facts and information presently known and readily available to Plaintiff at this time.

/ / /

Discovery in this matter is ongoing and in its early stages. Plaintiff has retained testifying and consulting experts whose analyses—including analyses of market harm, causation, and damages—are not yet complete. To the extent any Request seeks an admission concerning the existence, scope, or quantification of harm, or the causal relationship between Meta's conduct and injury to Plaintiff, Plaintiff's responses reflect the current and necessarily incomplete state of that expert work, not Plaintiff's ultimate contentions at trial.

Plaintiff further notes that its ability to respond to certain Requests is materially constrained by the incomplete state of Defendant's own discovery productions. As documented in prior conferral correspondence, Defendant has to date failed to produce or has produced deficient responses to categories of documents and information bearing on Defendant's training data practices, dataset acquisition and distribution, model development, and related conduct. To the extent any Request calls upon Plaintiff to admit or deny matters concerning Defendant's own conduct, systems, or data, Plaintiff's responses are necessarily limited by these outstanding deficiencies, and any inability to admit or deny such matters should not be construed as a concession on the merits.

Further discovery, depositions, investigation, and analysis may supply additional facts, add meaning to known facts, and establish new factual conclusions or legal contentions, all of which may lead to additions to, changes in, and variations from the present responses. Plaintiff's responses are given without prejudice to its right to produce, use, or rely upon, at hearing, trial, or otherwise, facts, documents, or information that is subsequently discovered, the relevance of which has not yet been determined, or which was omitted from these responses by mistake, inadvertence, or excusable neglect. Without obligating itself to do so, Plaintiff reserves the right to supplement, modify, revise, or amend these responses and objections pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

A partial response to any Request that has been objected to in whole or in part does not constitute a waiver of the objection. Plaintiff reserves the right to interpose additional objections at deposition or trial in this or any other action.

Nothing contained herein is intended as, nor shall be deemed, a waiver of the attorney-client privilege, the work-product doctrine, the right of privacy, or any other privilege or immunity available under the United States Constitution, the Constitution of the State of California, any federal or state statute, or common law. In the event Plaintiff inadvertently discloses information protected by any applicable privilege or immunity, Plaintiff reserves the right to demand the return of such information without prejudice and without waiver.

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each Request contained within Defendant's Requests for Admission. The assertion of the same, similar, or additional objections, or the provision of responses to the Requests does not constitute waiver of any of Plaintiff's objections as set forth below.

Each of the General Objections is incorporated by reference in each of the specific objections and responses below as if fully set forth therein. For emphasis, one or more of the General Objections may be reiterated in a specific response. The absence or inclusion or any reiteration in a specific response is neither intended as, nor shall be construed as, a limitation or waiver of any General Objection or any other specific objection made herein. Plaintiff reserves the right to make such additional objections as may be appropriate and nothing contained herein shall be in any way construed as a waiver of any such objection.

By making this response, Plaintiff does not concede that any of the requested information is relevant or properly discoverable or admissible and reserves its right to object to discovery into the subject matter addressed in any information produced and to the introduction of such information into evidence.

1. Plaintiff objects to each Request to the extent that it expressly or impliedly seeks the disclosure of information prepared in anticipation of litigation or trial, or is protected by any privilege or immunity including, without limitation, the attorney-client privilege, the attorney-work-product privilege, the right of privacy, or any personal privilege or immunity available under the United States Constitution, the Constitution of the State of California, any federal or

state statute, or common law. Information covered by such privileges is not subject to disclosure, and the Requests will not be construed to seek such information. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Plaintiff does not object to a Request on the basis of an applicable privilege. Nothing contained in Plaintiff's responses is intended as, nor shall in any way be deemed, a waiver of the attorney-client privilege, the attorney-work-product privilege, the right of privacy, or any other applicable privilege or immunity. Plaintiff does not waive its right to assert any and all privileges at any time.

2. Plaintiff objects to the Requests, including, but not limited to, the definitions, to the extent they are inconsistent with, seek to impose obligations not required by, or seek to expand the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Northern District of California, or any order or ruling by the Court in this action.

3. Plaintiff objects to the Requests, and to any individual Request set forth therein, to the extent that they are vague, ambiguous, overbroad, or otherwise lack sufficient precision to permit a response. Plaintiff has made an effort to respond to the Requests as it understands and interprets them.

4. Plaintiff objects to each Request to the extent it seeks a legal conclusion.

5. Plaintiff objects to the Request, and to the definitions, to the extent they assume the existence of facts that do not exist and the occurrence of events that did not take place and to the extent they assert legal arguments or characterizations. Any response of Plaintiff to an individual Request is not intended to be, and shall not be construed as, an admission that any factual or legal predicate stated in the Request is accurate.

6. Plaintiff objects to the Requests to the extent that they seek confidential information of third parties.

7. Plaintiff objects that the definition of "YOU," "YOUR," and "YOURS" is overbroad, vague, and ambiguous to the extent it purports to encompass Plaintiff's attorneys and

other persons acting on Plaintiff's behalf, because it thereby seeks information protected by the attorney-client privilege and work-product doctrine. Plaintiff further objects that the definition purports to include entities that Plaintiff does not control or have knowledge of. Plaintiff will interpret these terms to refer to Entrepreneur Media, LLC.

8. Plaintiff objects to Defendant's use of the phrase "purportedly copyrighted works" in the definition of "ASSERTED WORKS." The Asserted Works are registered with the United States Copyright Office, and Plaintiff does not accept any characterization that implies doubt as to the validity or existence of its copyrights. Plaintiff will interpret "ASSERTED WORKS" to refer to the copyrighted works identified in Plaintiff's Complaint and Rule 26 disclosures.

9. Plaintiff objects to the definition of "GENERATIVE AI TOOL" as overbroad to the extent it encompasses, without limitation, any AI system with any content-generation capability, including "any internal or proprietary system, tool, or platform with any such capabilities." Plaintiff reserves the right to construe that term as applied to specific Requests to refer to large language models and comparable generative AI systems of the type at issue in this litigation.

10. Plaintiff objects to each Request to the extent it calls upon Plaintiff to admit or deny matters concerning Defendant's own conduct, systems, data, or internal operations, where Plaintiff's ability to respond is materially constrained by the incomplete state of Defendant's discovery productions. As documented in the parties' conferral correspondence, Defendant has not fully responded to Plaintiff's discovery requests concerning, among other things, Defendant's training data practices, dataset acquisition and distribution, model architecture and development, and related conduct. To the extent Plaintiff states that it is unable to admit or deny a Request after reasonable inquiry, that response reflects the limitations imposed by Defendant's own production deficiencies and the ongoing state of discovery, not a concession on the merits.

Subject to the Preliminary Statement and General Objections outlined above and the more specific objections set forth below, Plaintiff responds as follows:

/ / /

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are unaware of any lost sales of any ASSERTED WORK due to any conduct of Meta alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "lost sales" is vague and ambiguous as to whether it encompasses only individually identifiable lost transactions or also includes market-level displacement, reduced demand, and diminished revenue attributable to Defendant's conduct. Plaintiff further objects that this Request is premature in light of the ongoing state of discovery, including Defendant's incomplete productions concerning its training data practices and the use and distribution of models trained on Plaintiff's works, as well as the incomplete state of Plaintiff's expert analyses.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff is aware of facts—including a decline in sales of the Asserted Works during the period in which Defendant released and deployed AI models trained on those works, the temporal relationship between that decline and Defendant's deployment of its AI products, the nature and subject matter of the Asserted Works relative to the capabilities and outputs of Defendant's AI models, and the fact and timing of Defendant's use of the Asserted Works to train its generative AI tools, among other factors—that support a reasonable inference that Plaintiff has lost sales due to Defendant's conduct. The full scope and attribution of those losses is being developed through ongoing expert analysis and discovery. Plaintiff's ability to further identify lost sales has been impaired by the incomplete state of Defendant's discovery productions.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU are unaware of any DOCUMENTS EVIDENCING that YOU have lost any sales of any ASSERTED WORK due to any conduct of Meta alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "DOCUMENTS EVIDENCING" that Plaintiff "lost any sales" is vague and ambiguous as to the type, degree, or specificity of documentary evidence contemplated, and improperly conflates the existence of documents reflecting sales declines with documents establishing causation attributable to Defendant's conduct. Plaintiff further objects that this Request is premature in light of the ongoing state of discovery, including Defendant's incomplete productions concerning its training data practices and the use and distribution of models trained on Plaintiff's works, as well as the incomplete state of Plaintiff's expert analyses.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff is aware of information—including information reflecting declines in revenue from the Asserted Works during the period in which Defendant released and deployed AI models trained on those works, the temporal relationship between those declines and Defendant's deployment of its AI products, the nature and subject matter of the Asserted Works relative to the capabilities and outputs of Defendant's AI models, and the fact and timing of Defendant's use of the Asserted Works to train its generative AI tools, among other factors—that supports a reasonable inference that Plaintiff has lost sales due to Defendant's conduct. The full scope and attribution of those losses, and the identification and analysis of documents bearing on them, is being developed through ongoing expert analysis and discovery. Plaintiff's ability to fully identify and analyze relevant documents has been impaired by the incomplete state of Defendant's discovery productions.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU are unaware of any specific licensing opportunity that YOU lost for any ASSERTED WORK due to any conduct of Meta alleged in the COMPLAINT.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "specific licensing opportunity" is vague and ambiguous as to whether it encompasses only a discrete, affirmative offer from an identified third party or also includes the diminution or foreclosure of a licensing market that would otherwise exist but for Defendant's conduct. Plaintiff further objects that the Request presupposes that harm to the licensing market for the Asserted Works can only be demonstrated through the loss of an individually identifiable licensing transaction, which misstates the applicable legal standard. Plaintiff further objects that this Request is premature in light of the ongoing state of discovery and Plaintiff's expert analyses.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff is aware that a market for licensing copyrighted works for use in training generative AI models has developed and is continuing to develop, and that licensing transactions between copyright holders and AI developers have occurred and are occurring in that market. Plaintiff is further aware that Defendant used the Asserted Works to train its AI models without obtaining a license from Plaintiff, which Defendant has acknowledged in its Answer, which Plaintiff contends has deprived it of an opportunity to participate in that market and impaired its ability to participate in that market on fair terms. The full scope of the harm to Plaintiff's licensing opportunities is being developed through ongoing expert analysis and discovery. Plaintiff's ability to fully assess the licensing opportunities lost due to Defendant's conduct has been impaired by the incomplete state of Defendant's discovery productions, including Defendant's failure to fully produce documents concerning its own licensing practices and negotiations with other copyright holders.

/ / /

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU are unaware of any DOCUMENTS EVIDENCING that YOU lost any specific licensing opportunity for any ASSERTED WORK due to any conduct of Meta alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the same grounds stated in response to Request for Admission No. 3, which are incorporated herein. Plaintiff further objects that the phrase "DOCUMENTS EVIDENCING" a lost "specific licensing opportunity" is vague and ambiguous as to the type, degree, or specificity of documentary evidence contemplated, and improperly presupposes that harm to a licensing market can only be demonstrated through documents reflecting the loss of a discrete, individually identifiable licensing transaction. Plaintiff further objects that this Request is premature in light of the ongoing state of discovery and Plaintiff's expert analyses.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff is aware of information, including publicly available information and documents produced or expected to be produced in this litigation, reflecting that a market for licensing copyrighted works for use in training generative AI models exists and is developing, that licensing transactions have occurred in that market between copyright holders and AI developers, and that Defendant used the Asserted Works to train its AI models without obtaining a license from Plaintiff. Plaintiff contends that these facts, together with documents and information being developed through ongoing expert analysis and discovery, bear on the licensing opportunities lost to Plaintiff due to Defendant's conduct. Plaintiff's ability to fully identify and analyze documents relevant to this Request has been impaired by the incomplete state of Defendant's discovery productions, including Defendant's failure to fully produce documents concerning its own licensing practices and negotiations with other copyright holders.

**<u>REQUEST FOR ADMISSION NO. 5</u>:**

Admit that YOU are unaware of any PERSON that has opted not to purchase one of the ASSERTED WORKS due to that PERSON's use of META AI MODELS.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 5</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that market harm can be demonstrated only through the identification of specific individuals who opted not to purchase a particular work due to their use of a specific AI model. Plaintiff further objects that the phrase "opted not to purchase" is vague and ambiguous as to whether it encompasses consumers who were never exposed to the Asserted Works because Defendant's AI models displaced the demand that would otherwise have led to such exposure and purchase.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified a specific individual known to have opted not to purchase an Asserted Work due to that individual's use of Meta AI Models. Plaintiff states, however, that market-level displacement of demand for published works by generative AI models does not depend on the identification of individual consumers, and that Plaintiff's experts are analyzing the substitution effects of Defendant's AI models on the market for the Asserted Works. Plaintiff further states that its ability to identify such individuals has been impaired by the incomplete state of discovery, including Defendant's failure to produce information concerning user interactions with its AI models that may bear on substitution of the Asserted Works.

**<u>REQUEST FOR ADMISSION NO. 6</u>:**

Admit that YOU are unaware of any DOCUMENTS EVIDENCING that any PERSON has opted not to purchase one of the ASSERTED WORKS due to that PERSON's use of META AI MODELS.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the same grounds stated in response to Request for Admission No. 5, which are incorporated herein. Plaintiff further objects that the phrase "DOCUMENTS EVIDENCING" that a person "opted not to purchase" an Asserted Work is vague and ambiguous as to the type, degree, or specificity of documentary evidence contemplated.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified documents evidencing that a specific individual opted not to purchase an Asserted Work due to that individual's use of Meta AI Models. Plaintiff states, however, that market-level displacement of demand for published works by generative AI models does not depend on the identification of such documents, and that Plaintiff's experts are analyzing the substitution effects of Defendant's AI models on the market for the Asserted Works. Plaintiff further states that its ability to identify such documents has been impaired by the incomplete state of discovery, including Defendant's failure to produce information concerning user interactions with its AI models.

**REQUEST FOR ADMISSION NO. 7:**

Admit that, for each ASSERTED WORK, more than fifty percent (50%) of all gross revenue was generated within the three (3) years immediately following its PUBLICATION DATE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "all gross revenue" is vague and ambiguous as to whether it encompasses only direct unit sales revenue to Plaintiff or also includes revenue from subsidiary rights, licensing, digital editions, subscriptions, and other

revenue streams associated with the Asserted Works. Plaintiff further objects that this Request, by requiring a single response applicable to "each ASSERTED WORK," improperly seeks a blanket admission across 71 distinct works with different publication dates, revenue histories, formats, and market lifecycles. Plaintiff further objects that the definition of "PUBLICATION DATE" as the first date of distribution in "any format" fails to account for the distinct revenue profiles of works that were subsequently released in additional formats, including digital editions, and that the Request is therefore misleading as framed. Plaintiff further objects that responding to this Request would require a title-by-title analysis of historical revenue data that Plaintiff has not yet completed.

Subject to and without waiving the foregoing objections, Plaintiff states that after reasonable inquiry, the information currently known to and readily obtainable by Plaintiff is insufficient to admit or deny this Request as to each Asserted Work. Plaintiff is in the process of compiling and analyzing revenue data for the Asserted Works and will supplement this response as appropriate pursuant to Rule 26(e).

**REQUEST FOR ADMISSION NO. 8:**

Admit that no THIRD PARTY has offered YOU compensation to use any of the ASSERTED WORKS to train a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections. Plaintiff further objects that this Request, in isolation, fails to account for the context in which the licensing market for the Asserted Works has developed, including the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers.

/ / /

/ / /

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of a third party having offered Plaintiff compensation expressly for the use of the Asserted Works to train a generative AI tool.

Plaintiff states, however, that at least one third party has approached Plaintiff about licensing Plaintiff's content in circumstances that Plaintiff believes were related to AI development. Plaintiff further states that a market for licensing copyrighted works for AI training purposes exists and is developing, that Defendant's own use of the Asserted Works to train its AI models demonstrates that these works have value as AI training data, and that the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers—including Defendant—has impaired the development of licensing opportunities for these works. The absence of such an offer is not indicative of the absence of a cognizable market or of harm to Plaintiff.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any COMMUNICATIONS preceding the initiation of the ACTION in which a THIRD PARTY offered or engaged in discussions concerning the potential to offer YOU compensation to use any of the ASSERTED WORKS to train a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections. Plaintiff further objects that this Request, in isolation, fails to account for the context in which the licensing market for the Asserted Works has developed, including the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of communications preceding the initiation of this action in which a third party

expressly offered or engaged in discussions concerning the potential to offer Plaintiff compensation specifically for the use of the Asserted Works to train a generative AI tool.

Plaintiff states, however, that at least one third party approached Plaintiff before the initiation of this action about licensing Plaintiff's content in circumstances that Plaintiff believes were related to AI development. Plaintiff further states that a market for licensing copyrighted works for AI training purposes exists and is developing, that Defendant's own use of the Asserted Works to train its AI models demonstrates that these works have value as AI training data, and that the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers—including Defendant—has impaired the development of licensing opportunities for these works. The absence of such pre-suit communications is not indicative of the absence of a cognizable market or of harm to Plaintiff.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never licensed any of the ASSERTED WORKS for actual or potential use in connection with development of a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to the phrase "actual or potential use in connection with development of a GENERATIVE AI TOOL" as vague and overbroad, as it could encompass licensing arrangements not specifically directed to AI training. Plaintiff further objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not licensed any of the Asserted Works specifically for use as training data for a generative AI tool.

Plaintiff states, however, that a market for licensing copyrighted works for AI training purposes exists and is developing, and that Plaintiff's ability to participate in that market has been impaired by the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers, including Defendant.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of any of the ASSERTED WORKS ever having been licensed for actual or potential use in connection with the development of a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to the phrase "actual or potential use in connection with the development of a GENERATIVE AI TOOL" as vague and overbroad for the reasons stated in response to Request for Admission No. 10. Plaintiff further objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of any of the Asserted Works having been licensed specifically for use as training data for a generative AI tool.

Plaintiff states, however, that certain of the Asserted Works were authored by third parties under agreements with Plaintiff, and Plaintiff cannot speak to the full scope of those authors' independent licensing activity. Plaintiff further states that a market for licensing copyrighted works for AI training purposes exists and is developing, and that Plaintiff's ability to participate in that market has been impaired by the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers, including Defendant.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU have not granted another PERSON the right to license the ASSERTED WORKS as training data for a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

/ / /

Plaintiff objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not granted another person the right to license the Asserted Works specifically as training data for a generative AI tool.

Plaintiff states, however, that a market for licensing copyrighted works for AI training purposes exists and is developing, and that Plaintiff's ability to participate in that market—including through sublicensing arrangements—has been impaired by the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers, including Defendant.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU are unaware of any instance in which a PERSON communicated to YOU that they chose not to purchase one or more of the ASSERTED WORKS due to that PERSON'S decision to instead use META AI MODELS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that market harm can only be demonstrated through direct communications from individual consumers to Plaintiff regarding their purchasing decisions. Plaintiff further objects that consumers who substitute a generative AI tool for a published work would have no occasion or incentive to communicate that decision to the publisher of the substituted work, and that the absence of such communications is therefore uninformative as to the existence or scope of market harm.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of any instance in which a person communicated to Plaintiff that they chose not to purchase one or more of the Asserted Works due to that person's decision to instead use Meta AI Models.

Plaintiff states, however, that market-level displacement of demand for published works by generative AI models does not depend on direct communications from individual consumers, and that Plaintiff's experts are analyzing the substitution effects of Defendant's AI models on the market for the Asserted Works.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU are unaware of any DOCUMENTS EVIDENCING a PERSON communicating to YOU that they chose not to purchase one or more of the ASSERTED WORKS due to that PERSON'S decision to instead use META AI MODELS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 13 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of any documents evidencing a person communicating to Plaintiff that they chose not to purchase one or more of the Asserted Works due to that person's decision to instead use Meta AI Models.

Plaintiff states, however, that market-level displacement of demand for published works by generative AI models does not depend on direct communications from individual consumers, and that Plaintiff's experts are analyzing the substitution effects of Defendant's AI models on the market for the Asserted Works.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU have no DOCUMENTS EVIDENCING that any PERSON has offered any compensation to YOU for the use of any of the ASSERTED WORKS to train LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff incorporates its objections to Request for Admission No. 8 herein. Plaintiff further objects that this Request, in isolation, fails to account for the context in which the

licensing market for the Asserted Works has developed, including the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers.

Subject to and without waiving the foregoing objections, Plaintiff admits that it does not currently possess documents evidencing that any person has offered compensation to Plaintiff for the use of any of the Asserted Works to train LLMs.

Plaintiff states, however, that a market for licensing copyrighted works for AI training purposes exists and is developing, that the unauthorized availability of the Asserted Works through shadow library datasets used by AI developers—including Defendant—has impaired the development of licensing opportunities for these works, and that the absence of such documents is not indicative of the absence of a cognizable market or of harm to Plaintiff.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU have no DOCUMENTS EVIDENCING that any PERSON has actually compensated YOU for use of any of the ASSERTED WORKS to train LLMs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 15 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it does not currently possess documents evidencing that any person has actually compensated Plaintiff for use of any of the Asserted Works to train LLMs.

Plaintiff states, however, that a market for licensing copyrighted works for AI training purposes exists and is developing, and that the absence of such compensation reflects the unauthorized use of the Asserted Works by AI developers—including Defendant—rather than the absence of a cognizable licensing market.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU have no DOCUMENTS EVIDENCING that sales for the ASSERTED WORKS (including through any physical bookstore, online bookseller, or any other type of book

wholesaler or retailer) decreased due to the alleged use of the ASSERTED WORKS to train GENERATIVE AI TOOLS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "DOCUMENTS EVIDENCING that sales . . . decreased due to the alleged use of the ASSERTED WORKS to train GENERATIVE AI TOOLS" is vague and ambiguous as to the type, degree, or specificity of documentary evidence contemplated, and improperly conflates the existence of documents reflecting sales declines with documents establishing that such declines were caused by a specific category of conduct. Plaintiff further objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections. Plaintiff further objects that this Request is premature in light of the ongoing state of discovery and Plaintiff's expert analyses.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff is aware of information reflecting declines in sales of the Asserted Works during the period in which generative AI tools, including Defendant's AI models, were released and deployed using the Asserted Works as training data. These declines, together with the temporal relationship between the emergence of generative AI tools and the decline in sales, the nature and subject matter of the Asserted Works relative to the capabilities of such tools, and the fact and timing of Defendant's use of the Asserted Works to train its generative AI tools, among other factors, support a reasonable inference that the use of the Asserted Works to train generative AI tools has contributed to the decline in sales. The full scope and attribution of those declines is being developed through ongoing expert analysis and discovery.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU have no DOCUMENTS EVIDENCING that sales for the ASSERTED WORKS (including through any physical bookstore, online bookseller, or any other type of book

wholesaler or retailer) decreased due to the alleged use of the ASSERTED WORKS to train META AI MODELS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the same grounds stated in response to Request for Admission No. 17, which are incorporated herein. Plaintiff further objects that this Request, by requiring Plaintiff to isolate the impact of META AI MODELS from the impact of other generative AI tools trained on the Asserted Works, demands a degree of causal specificity that is premature given the current state of discovery and expert analysis, and that depends in substantial part on information within Defendant's possession that Defendant has not fully produced.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff is aware of information reflecting declines in sales of the Asserted Works during the period in which Defendant developed and deployed its AI models using the Asserted Works as training data. Plaintiff's experts are in the process of analyzing the relationship between Defendant's specific conduct and the decline in sales of the Asserted Works, including through analysis of Defendant's AI model outputs relative to the content of the Asserted Works. Plaintiff's ability to fully analyze the impact of Defendant's AI models specifically has been impaired by the incomplete state of Defendant's discovery productions, including Defendant's failure to produce complete information concerning user interactions with its AI models.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU have not sent to any THIRD PARTY generative AI company a cease and desist letter claiming that the use by that THIRD PARTY of a dataset containing the ASSERTED WORKS to train its LLM infringes YOUR rights in the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that Plaintiff's decision not to send cease and desist letters to other generative AI companies bears on the validity or scope of Plaintiff's claims against Defendant. A copyright holder is under no obligation to pursue enforcement against all potential infringers simultaneously.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not sent a cease and desist letter to a third-party generative AI company claiming that the use of a dataset containing the Asserted Works to train its LLM infringes Plaintiff's rights in the Asserted Works.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU have not filed a lawsuit claiming that the use by any THIRD PARTY generative AI company of a dataset containing the ASSERTED WORKS to train its LLM infringes YOUR rights in the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 19 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not filed a lawsuit against a third-party generative AI company claiming that the use of a dataset containing the Asserted Works to train its LLM infringes Plaintiff's rights in the Asserted Works.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU have not quantified how much of YOUR sales YOU allegedly lost due to the use of the ASSERTED WORKS to develop or train any of the META AI MODELS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that Plaintiff's claims require pre-litigation quantification of damages. Plaintiff further objects that this Request is premature given the ongoing state of discovery and the incomplete state of Plaintiff's expert analyses.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not yet completed a quantification of sales lost due to the use of the Asserted Works to develop or train Meta AI Models. Plaintiff states that the nature and extent of harm to the market for the Asserted Works, including harm attributable to Defendant's conduct, is the subject of ongoing expert analysis.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU have not quantified how much of YOUR sales YOU allegedly lost due to the use of the ASSERTED WORKS to develop or train LLMs offered by THIRD PARTIES other than Meta.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 21 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not yet completed a quantification of sales lost due to the use of the Asserted Works to develop or train LLMs offered by third parties other than Meta.

**REQUEST FOR ADMISSION NO. 23:**

Admit that, other than YOUR contention that LLM developers such as Meta should have compensated YOU to allegedly use the ASSERTED WORKS to train LLMs, YOU are unaware of any DOCUMENTS EVIDENCING any monetary injury that YOU have suffered due to any conduct of Meta alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it mischaracterizes Plaintiff's claims. Plaintiff's theories of monetary injury are not limited to the contention that Defendant should have compensated Plaintiff for the use of the Asserted Works to train LLMs. Plaintiff's claims also encompass, among other things, market displacement and diminished demand for the Asserted

Works resulting from Defendant's development and deployment of AI models trained on those works, harm to existing and potential licensing markets for the Asserted Works, and diminution in the value of Plaintiff's copyrights. Plaintiff further objects that this Request is compound, vague, and premature given the ongoing state of discovery and expert analysis.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff is aware of information—including declines in sales of the Asserted Works during the period in which Defendant developed and deployed AI models trained on those works, the temporal relationship between those declines and Defendant's conduct, the nature and subject matter of the Asserted Works relative to the capabilities of Defendant's AI models, and the fact and timing of Defendant's use of the Asserted Works to train its generative AI tools, among other factors—supporting a reasonable inference that Plaintiff has suffered monetary injury beyond the lost licensing fees identified in the Request. The full scope of Plaintiff's monetary injury is being developed through ongoing expert analysis and discovery.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU have used a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the definition of "GENERATIVE AI TOOL" is overbroad for the reasons stated in Plaintiff's General Objections, and that Plaintiff's use of any generative AI tool is irrelevant to whether Defendant's unauthorized use of the Asserted Works to train its AI models constitutes infringement. Plaintiff further objects that the definition of "YOU" encompasses all officers, directors, employees, and agents, and that Plaintiff cannot confirm the personal technology usage of every such individual.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has used generative AI tools.

/ / /

**<u>REQUEST FOR ADMISSION NO. 25</u>:**

Admit that YOU have used an LLM.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 25</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 24 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has used one or more large language models.

**<u>REQUEST FOR ADMISSION NO. 26</u>:**

Admit that YOU have used a META AI MODEL.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 26</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 24 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that at least one of its employees has used a Meta AI Model. Plaintiff states that such use was undertaken in connection with Plaintiff's investigation of the claims at issue in this litigation.

**<u>REQUEST FOR ADMISSION NO. 27</u>:**

Admit that each of the ASSERTED WORKS has been made available to the public.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 27</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to the term "ASSERTED WORKS" to the extent it is intended to fix permanently the universe of works at issue in this action. Plaintiff reserves the right to amend its claims or supplement its disclosures to include additional works pursuant to the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing objections, Plaintiff admits that each of the currently Asserted Works has been made available to the public.

/ / /

**REQUEST FOR ADMISSION NO. 28:**

Admit that all of the ASSERTED WORKS are published.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 27 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that all of the currently Asserted Works have been published.

**REQUEST FOR ADMISSION NO. 29:**

Admit that none of YOUR claims in the COMPLAINT are based on any of YOUR unpublished works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 27 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that the claims in the Complaint as currently pled are based on published works. Plaintiff reserves the right to amend its claims or supplement its disclosures pursuant to the Federal Rules of Civil Procedure.

**REQUEST FOR ADMISSION NO. 30:**

Admit that each of the ASSERTED WORKS had been made available to the public before the commencement of the purported infringement alleged in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 27 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that each of the currently Asserted Works had been made available to the public before the commencement of the infringing conduct alleged in the Complaint.

/ / /

/ / /

**<u>REQUEST FOR ADMISSION NO. 31</u>:**

Admit that the PUBLICATION DATE of each of the ASSERTED WORKS occurred before the commencement of the purported infringement alleged in the COMPLAINT.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 31</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 27 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that the Publication Date of each of the currently Asserted Works occurred before the commencement of the infringing conduct alleged in the Complaint.

**<u>REQUEST FOR ADMISSION NO. 32</u>:**

Admit that the ASSERTED WORKS were all published prior to the purported infringement alleged in the COMPLAINT.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 32</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 27 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that the currently Asserted Works were all published prior to the infringing conduct alleged in the Complaint.

**<u>REQUEST FOR ADMISSION NO. 33</u>:**

Admit that all of the ASSERTED WORKS are available to be read online either for free or for a subscription fee.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 33</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "available to be read online either for free or for a subscription fee" is vague and ambiguous. It fails to distinguish between works that Plaintiff has authorized to be read online in their entirety and works that may be partially available through previews, excerpts, or unauthorized third-party distribution. Plaintiff

further objects that this Request conflates authorized availability with unauthorized availability, and that the availability of the Asserted Works through unauthorized channels—including shadow library datasets—is not attributable to Plaintiff and does not diminish Plaintiff's rights.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request as to "all" of the Asserted Works. Certain of the Asserted Works that are books are available for purchase in digital formats, and certain of the Asserted Works that are books may be available as part of third party subscription services, although the information currently known to and readily obtainable by Plaintiff is insufficient to admit or deny this Request as to third party subscription services. Plaintiff is not aware that all such works are available to be read online for free or for a subscription fee. Certain of the Asserted Works that are magazine issues are available to be read online through Plaintiff's Entrepreneur+ service and through third party platforms, including Zinio, Apple News+, Readly, Magzter, Flipster, and Amazon Kindle Unlimited, for a subscription fee.

**REQUEST FOR ADMISSION NO. 34:**

Admit that each of the ASSERTED WORKS that are serials are available to be read online either for free or for a subscription fee.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 33 herein.

Subject to and without waiving the foregoing objections, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 35:**

Admit that YOU do not contend that reviews of the ASSERTED WORKS, whether prepared by a human or an LLM, infringe YOUR copyright(s) in the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

/ / /

Plaintiff objects to this Request on the grounds that it calls for a legal conclusion. Whether any particular review of an Asserted Work constitutes copyright infringement depends on the specific content, scope, and nature of that review, and cannot be determined in the abstract. Plaintiff further objects that the term "reviews" is undefined and ambiguous as to the length, depth, and extent of reproduction of the underlying work contemplated.

Subject to and without waiving the foregoing objections, Plaintiff states that it does not contend that a review of an Asserted Work infringes Plaintiff's copyrights merely because it discusses, references, or comments on the work. Plaintiff cannot admit or deny, in the abstract, that no review could ever infringe, as the answer depends on many factors, including the content and scope of the particular review at issue. Plaintiff further states that the analysis of whether an LLM-generated review infringes may differ in material respects from the analysis applicable to a human-generated review, given that LLM outputs are derived from a training process that involved unauthorized reproduction of the Asserted Works themselves.

**REQUEST FOR ADMISSION NO. 36:**

Admit that YOU do not contend that reviews of the ASSERTED WORKS, whether prepared by a human or an LLM, infringe YOUR copyright(s) in the ASSERTED WORKS unless they are substantially similar in protected expression.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it calls for a legal conclusion. Plaintiff further objects that the Request presupposes that "substantial similarity in protected expression" is the sole standard by which a review could infringe Plaintiff's copyrights, and that the infringement analysis may encompass considerations beyond verbatim textual similarity, including reproduction of the structure, selection, arrangement, and overall communicative value of the original work.

/ / /

Subject to and without waiving the foregoing objections, Plaintiff states that substantial similarity in protected expression is one relevant standard in evaluating infringement, but declines to admit that it is the exclusive standard applicable to all circumstances in which a review might infringe Plaintiff's copyrights. Plaintiff further states that the analysis of whether LLM-generated outputs infringe is distinct from, and does not control, the analysis of whether the use of copyrighted works to train an LLM constitutes infringement, which is the conduct at issue in this action.

**REQUEST FOR ADMISSION NO. 37:**

Admit that YOU do not contend that summaries of the ASSERTED WORKS, whether prepared by a human or an LLM, infringe YOUR copyright(s) in the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it calls for a legal conclusion. Whether any particular summary of an Asserted Work constitutes copyright infringement depends on the specific content, scope, and nature of that summary, and cannot be determined in the abstract. Plaintiff further objects that the term "summaries" is undefined and ambiguous as to the length, depth, and extent of reproduction of the underlying work contemplated. A sufficiently detailed or comprehensive summary of a copyrighted work may reproduce protected expression, including the selection, arrangement, and structure of the original.

Subject to and without waiving the foregoing objections, Plaintiff states that it does not contend that a summary of an Asserted Work infringes Plaintiff's copyrights merely because it describes the general subject matter or themes of the work. Plaintiff cannot admit or deny, in the abstract, that no summary could ever infringe, as the answer depends on the content and scope of the particular summary at issue. Plaintiff further states that the analysis of whether an LLM-generated summary infringes may differ in material respects from the analysis applicable to a

human-generated summary, given that LLM outputs are derived from a training process that involved unauthorized reproduction of the Asserted Works themselves.

**<u>REQUEST FOR ADMISSION NO. 38</u>:**

Admit that YOU do not contend that summaries of the ASSERTED WORKS, whether prepared by a human or an LLM, infringe YOUR copyright(s) in the ASSERTED WORKS unless they are substantially similar in protected expression.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 38</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 36 herein.

Subject to and without waiving the foregoing objections, Plaintiff states that substantial similarity in protected expression is one relevant standard in evaluating infringement, but declines to admit that it is the exclusive standard applicable to all circumstances in which a summary might infringe Plaintiff's copyrights. A summary that reproduces the structure, selection, arrangement, and overall communicative value of a copyrighted work may infringe even absent verbatim textual reproduction. Plaintiff further states that the analysis of whether LLM-generated outputs infringe is distinct from, and does not control, the analysis of whether the use of copyrighted works to train an LLM constitutes infringement, which is the conduct at issue in this action.

**<u>REQUEST FOR ADMISSION NO. 39</u>:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that any PERSON has refused to license any of the ASSERTED WORKS due to any conduct of Meta.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 39</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that harm to the licensing market for the Asserted Works can only be demonstrated through documents reflecting an affirmative refusal by an identified licensee. Plaintiff further objects that licensees or prospective licensees

who decline to pursue a licensing opportunity due to the availability of AI-generated alternatives would have no occasion or incentive to communicate that decision to Plaintiff, and that the absence of such documents is therefore uninformative as to the existence or scope of market harm.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents evidencing that any person has refused to license any of the Asserted Works due to any conduct of Meta.

Plaintiff states, however, that the impact of Defendant's conduct on the licensing market for the Asserted Works—including both AI training licensing and traditional licensing channels—is being developed through ongoing expert analysis and discovery, and that Plaintiff's ability to fully assess such impact has been impaired by the incomplete state of Defendant's discovery productions.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Meta did not create the Books3 dataset.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request, and to Requests for Admission Nos. 40-49 generally, to the extent they imply that whether Meta created any particular dataset is relevant to Plaintiff's claims. The relevant inquiry under Plaintiff's claims is whether Defendant knowingly used datasets containing the Asserted Works to train its AI models, not whether Defendant created the underlying datasets, and Defendant's use of such datasets is a foundation of Plaintiff's claims.

Subject to and without waiving the foregoing objections, Plaintiff admits that Meta did not create the Books3 dataset.

**REQUEST FOR ADMISSION NO. 41:**

Admit that YOU do not contend that Meta created the Books3 dataset.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it does not contend that Meta created the Books3 dataset.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Meta did not create the LibGen (Library Genesis) dataset.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that Meta did not create the LibGen dataset.

**REQUEST FOR ADMISSION NO. 43:**

Admit that YOU do not contend that Meta created the LibGen (Library Genesis) dataset.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it does not contend that Meta created the LibGen dataset.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Meta did not create The Pile dataset.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that Meta did not create The Pile dataset.

/ / /

**<u>REQUEST FOR ADMISSION NO. 45</u>:**

Admit that YOU do not contend that Meta created The Pile dataset.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 45</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it does not contend that Meta created The Pile dataset.

**<u>REQUEST FOR ADMISSION NO. 46</u>:**

Admit that Meta did not create the Z-Library dataset.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 46</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that Meta did not create the Z-Library dataset.

**<u>REQUEST FOR ADMISSION NO. 47</u>:**

Admit that YOU do not contend that Meta created the Z-Library dataset.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 47</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it does not contend that Meta created the Z-Library dataset.

**<u>REQUEST FOR ADMISSION NO. 48</u>:**

Admit that Meta did not create the Bibliotik dataset.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 48</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

/ / /

Subject to and without waiving the foregoing objections, Plaintiff admits that Meta did not create the Bibliotik dataset.

**REQUEST FOR ADMISSION NO. 49:**

Admit that YOU do not contend that Meta created the Bibliotik dataset.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 40 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it does not contend that Meta created the Bibliotik dataset.

**REQUEST FOR ADMISSION NO. 50:**

Admit that LLM developers other than Meta have used the Books3 dataset to train an LLM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it seeks an admission concerning the conduct of third parties that is not within Plaintiff's knowledge or control. Plaintiff further objects that whether other LLM developers used any particular dataset is irrelevant to whether Defendant's use of that dataset to train its AI models infringes Plaintiff's copyrights.

Subject to and without waiving the foregoing objections, Plaintiff admits that, based on publicly available information, it is aware that LLM developers other than Meta have used the Books3 dataset to train an LLM.

**REQUEST FOR ADMISSION NO. 51:**

Admit that LLM developers other than Meta have used the LibGen (Library Genesis) dataset to train an LLM.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 50 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that, based on publicly available information, it is aware that LLM developers other than Meta have used the LibGen dataset to train an LLM.

**REQUEST FOR ADMISSION NO. 52:**

Admit that LLM developers other than Meta have used The Pile dataset to train an LLM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 50 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that, based on publicly available information, it is aware that LLM developers other than Meta have used The Pile dataset to train an LLM.

**REQUEST FOR ADMISSION NO. 53:**

Admit that LLM developers other than Meta have used the Z-Library dataset to train an LLM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 50 herein.

Subject to and without waiving the foregoing objections, Plaintiff states that after reasonable inquiry, the information currently known to and readily obtainable by Plaintiff is insufficient to admit or deny this Request. Plaintiff is not aware of publicly available information confirming that LLM developers other than Meta have used the Z-Library dataset to train an LLM, but Plaintiff lacks sufficient knowledge of third-party developers' training data practices to deny it.

/ / /

**REQUEST FOR ADMISSION NO. 54:**

Admit that LLM developers other than Meta have used the Bibliotik dataset to train an LLM.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 50 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that, based on publicly available information, it is aware that LLM developers other than Meta have used the Bibliotik dataset to train an LLM.

**REQUEST FOR ADMISSION NO. 55:**

Admit that YOU are aware that the ASSERTED WORKS have been a part of a dataset that has been used to train LLMs other than META AI MODELS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "a part of a dataset" is vague and ambiguous as to whether it refers to the deliberate inclusion of the Asserted Works in a curated dataset or to the incidental presence of those works in a large-scale data collection. Plaintiff further objects that this Request is irrelevant to Plaintiff's claims against Defendant.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is currently aware that the Asserted Works have been included in datasets that have been used to train LLMs other than Meta AI Models.

**REQUEST FOR ADMISSION NO. 56:**

Admit that YOU have been aware that the ASSERTED WORKS have been a part of a dataset that was used to train LLMs since before November 6, 2022.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it is vague and ambiguous as to what level of awareness is contemplated. Plaintiff further objects that the relevance of when Plaintiff became aware that the Asserted Works were included in a training dataset is not apparent, and that Plaintiff's knowledge of third-party conduct does not bear on whether Defendant's conduct constitutes infringement.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff was not aware before November 6, 2022 that the Asserted Works had been included in a dataset used to train LLMs.

**REQUEST FOR ADMISSION NO. 57:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the Books3 dataset to any THIRD PARTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request, and to Requests for Admission Nos. 57-66 generally, on the grounds that they seek admissions concerning Defendant's own conduct based on documents that would be within the possession, custody, or control of Defendant and/or third parties, not Plaintiff's. Plaintiff further objects that the term "distributed" is vague and ambiguous as to whether it encompasses distribution of data through the BitTorrent protocol, including seeding, or distribution of models trained on such datasets. Plaintiff further states that distribution of datasets via the BitTorrent protocol, including through seeding by participants in the protocol, constitutes a form of distribution that may have occurred without generating documents within Plaintiff's possession or knowledge. Plaintiff further objects that its ability to respond to these Requests has been materially impaired by the incomplete state of Defendant's discovery productions

concerning its data acquisition and distribution practices. Plaintiff's review of documents produced in this litigation is ongoing.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the Books3 dataset to any third party.

**REQUEST FOR ADMISSION NO. 58:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the LibGen (Library Genesis) dataset to any THIRD PARTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the LibGen dataset to any third party.

**REQUEST FOR ADMISSION NO. 59:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed The Pile dataset to any THIRD PARTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed The Pile dataset to any third party.

**REQUEST FOR ADMISSION NO. 60:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the Z-Library dataset to any THIRD PARTY.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the Z-Library dataset to any third party.

**REQUEST FOR ADMISSION NO. 61:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the Bibliotik dataset to any THIRD PARTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the Bibliotik dataset to any third party.

**REQUEST FOR ADMISSION NO. 62:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the Books3 dataset in exchange for compensation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the Books3 dataset in exchange for compensation.

**REQUEST FOR ADMISSION NO. 63:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the LibGen (Library Genesis) dataset in exchange for compensation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the LibGen dataset in exchange for compensation.

**REQUEST FOR ADMISSION NO. 64:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed The Pile dataset in exchange for compensation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed The Pile dataset in exchange for compensation.

**REQUEST FOR ADMISSION NO. 65:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the Z-Library dataset in exchange for compensation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the Z-Library dataset in exchange for compensation.

**REQUEST FOR ADMISSION NO. 66:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that Meta distributed the Bibliotik dataset in exchange for compensation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 57 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that Meta distributed the Bibliotik dataset in exchange for compensation.

**REQUEST FOR ADMISSION NO. 67:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that a THIRD PARTY received an entire copy of any of the ASSERTED WORKS from Meta.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request, and to Requests for Admission Nos. 67-71 generally, on the grounds that they seek admissions concerning Defendant's distribution conduct based on documents that would be within the possession, custody, or control of Defendant and/or third parties, not Plaintiff's. Plaintiff further objects that the phrase "received . . . from Meta" is vague and ambiguous as to whether it encompasses the receipt of model weights, outputs, or other data derived from Meta's AI models that incorporate or are based on the Asserted Works. Plaintiff further states that Defendant's acquisition of the Asserted Works via the BitTorrent protocol necessarily involved the upload and distribution of portions of those works to other participants in the torrent swarm, and that the absence of documents in Plaintiff's possession identifying specific recipients reflects the anonymous nature of the BitTorrent protocol, not the absence of distribution. Plaintiff further objects that these Requests are premature in light of the ongoing state of discovery and expert analysis, including analysis of Defendant's AI model outputs and the data contained within Defendant's model weights. Plaintiff further objects that its ability to respond has been materially impaired by the incomplete state of Defendant's discovery productions.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that a third party received an entire copy of any of the Asserted Works from Meta in the form of a standalone, readable reproduction of the work.

**<u>REQUEST FOR ADMISSION NO. 68</u>:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that a THIRD PARTY received a copy of any of the ASSERTED WORKS from Meta that was capable of being read or viewed as legible text.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 68</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 67 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of documents in its possession evidencing that a third party received from Meta a copy of any of the Asserted Works that was capable of being read or viewed as legible text in the form of a standalone reproduction of the work. Plaintiff states, however, that whether Defendant's AI models produce outputs that reproduce protected expression from the Asserted Works in legible form is the subject of ongoing expert analysis.

**<u>REQUEST FOR ADMISSION NO. 69</u>:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that any THIRD PARTY received from Meta any files or data that are substantially similar in protected expression to any ASSERTED WORK.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 69</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 67 herein. Plaintiff further objects that this Request calls for a legal conclusion as to what constitutes "substantially similar in protected expression."

/ / /

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Whether Defendant's AI models produce outputs that are substantially similar in protected expression to the Asserted Works is the subject of ongoing expert analysis, and Plaintiff's ability to fully evaluate this question has been impaired by the incomplete state of Defendant's discovery productions.

**REQUEST FOR ADMISSION NO. 70:**

Admit that YOU cannot identify a single PERSON who received a copy of one of the ASSERTED WORKS from Meta that was capable of being read or viewed as legible text.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 67 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified a specific person who received from Meta a copy of one of the Asserted Works that was capable of being read or viewed as legible text in the form of a standalone reproduction of the work. Plaintiff states, however, that users of Defendant's AI models may have received outputs reproducing protected expression from the Asserted Works, and that this is the subject of ongoing expert analysis.

**REQUEST FOR ADMISSION NO. 71:**

Admit that YOU cannot identify a single PERSON who received an entire copy of any of the ASSERTED WORKS from Meta.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 67 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified a specific person who received an entire copy of any of the Asserted Works from Meta.

/ / /

**REQUEST FOR ADMISSION NO. 72:**

Admit that a THIRD PARTY does not need to purchase a copy of those ASSERTED WORKS that are available to read on YOUR website through a subscription.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it is vague and misleading. The phrase "does not need to purchase a copy" implies that the Asserted Works are available without cost, when in fact access through Plaintiff's website requires payment of a subscription fee. A subscription is a form of purchase. Plaintiff further objects that this Request is ambiguous as to what constitutes "purchase a copy," as it fails to distinguish between purchasing a physical or digital copy of an individual work and purchasing a subscription that provides access to multiple works.

Subject to and without waiving the foregoing objections, Plaintiff admits that a person who has purchased a subscription to Plaintiff's website may access those Asserted Works that are available on the website and included within the purchased subscription without separately purchasing a copy of the individual work.

**REQUEST FOR ADMISSION NO. 73:**

Admit that YOU are not aware of any agreements to assign rights in or to the ASSERTED WORKS that have not already been produced in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it is premature. Plaintiff's investigation into the chain of title for the Asserted Works is ongoing, and Plaintiff's document production in this action is not yet complete. Plaintiff further objects that this Request effectively seeks a

certification of the completeness of Plaintiff's document production, which is not a proper subject of a request for admission.

Subject to and without waiving the foregoing objections, Plaintiff states that after reasonable inquiry, the information currently known to and readily obtainable by Plaintiff is insufficient to admit or deny this request. Plaintiff's investigation into the chain of title for the Asserted Works, including the identification and compilation of all agreements relating to the assignment of rights in or to the Asserted Works, is ongoing, and Plaintiff reserves the right to supplement this response and its productions as appropriate pursuant to Rule 26(e).

**REQUEST FOR ADMISSION NO. 74:**

Admit that YOU are aware that at least one of YOUR employees used a META AI MODEL prior to the filing of the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the definition of "YOUR employees" is vague as to whether it encompasses all current and former employees regardless of role, seniority, or job function. Plaintiff further objects that the personal technology usage of individual employees outside the scope of their employment is not within Plaintiff's knowledge or control. Plaintiff further objects that "reasonable inquiry" under Rule 36(a)(4) does not require Plaintiff to survey every current and former employee regarding their personal technology usage, and that Plaintiff's inquiry has been directed to individuals with knowledge of the company's business operations and technology practices.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is aware that at least one of its employees used a Meta AI Model prior to the filing of the Complaint. Plaintiff states that such use was undertaken in connection with Plaintiff's pre-suit investigation of the claims at issue in this litigation.

/ / /

**REQUEST FOR ADMISSION NO. 75:**

Admit that YOU publish works on YOUR website that were edited or created using a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the definition of "GENERATIVE AI TOOL" is overbroad for the reasons stated in Plaintiff's General Objections. Plaintiff further objects that this Request is irrelevant to Plaintiff's claims, as Plaintiff's use of generative AI tools in its own publishing operations does not bear on whether Defendant's unauthorized use of the Asserted Works to train its AI models constitutes infringement.

Subject to and without waiving the foregoing objections, Plaintiff admits that there are works published on Plaintiff's website for which a generative AI tool was used in part to edit or create it. However, Plaintiff denies that there are works published on Plaintiff's website that were entirely edited or entirely created using a generative AI tool.

**REQUEST FOR ADMISSION NO. 76:**

Admit that YOU have used GENERATIVE AI TOOLS other than META AI MODELS in connection with at least one work published by YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 75 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that a generative AI tool other than Defendant's AI models was used in connection with at least one work published by Plaintiff. However, Plaintiff denies that a generative AI tool other than Defendant's AI models was used to entirely edit or entirely create any work published by Plaintiff.

/ / /

/ / /

**<u>REQUEST FOR ADMISSION NO. 77</u>:**

Admit that YOU have used a WEB CRAWLER to download publicly available data from the internet for the purpose of developing a GENERATIVE AI TOOL.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 77</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the definition of "WEB CRAWLER" is overbroad, as it encompasses any automated program that downloads or indexes content from the internet, which would capture standard website analytics, SEO tools, and other routine business software. Plaintiff further objects that this Request is irrelevant to Plaintiff's claims against Defendant.

Subject to and without waiving the foregoing objections, Plaintiff denies this request.

**<u>REQUEST FOR ADMISSION NO. 78</u>:**

Admit that YOU have in YOUR possession, custody, or control data obtained from a WEB CRAWLER that includes unlicensed THIRD PARTY copyrighted works.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 78</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 77 herein.

Subject to and without waiving the foregoing objections, Plaintiff denies this request.

**<u>REQUEST FOR ADMISSION NO. 79</u>:**

Admit that YOU have downloaded at least one dataset that contains at least one THIRD PARTY copyrighted work without the authorization of that THIRD PARTY.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 79</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it is vague and overbroad. Virtually any dataset compiled from publicly available sources may incidentally contain copyrighted

material, and the Request fails to specify the nature, purpose, or context of the download contemplated. Plaintiff further objects that this Request is irrelevant to Plaintiff's claims against Defendant.

Subject to and without waiving the foregoing objections, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 80:**

Admit that YOU rely on the REGISTRATION MATERIALS identified in Dkt. 1-1 to establish ownership of the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the term "rely on" is vague and ambiguous as to whether it means rely exclusively or rely in part. Plaintiff further objects that this Request mischaracterizes the basis for Plaintiff's ownership claims by suggesting that the registration materials identified in Dkt. 1-1 constitute the sole basis for establishing ownership of the Asserted Works.

Subject to and without waiving the foregoing objections, Plaintiff admits that the registration materials identified in Dkt. 1-1 are among the materials on which Plaintiff relies to establish ownership of the Asserted Works. Plaintiff denies that those materials are the exclusive basis for its ownership claims. Plaintiff's ownership of the Asserted Works is also established through, among other things, author agreements, work-made-for-hire relationships, and corporate succession documents, which are being compiled and produced in the ordinary course of discovery.

**REQUEST FOR ADMISSION NO. 81:**

Admit that no copyright registration certificate for any of the ASSERTED WORKS identifies "Entrepreneur Media, LLC" as the claimant or author of any ASSERTED WORK.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that the identification of "Entrepreneur Media, Inc." rather than "Entrepreneur Media, LLC" on copyright registration certificates has any bearing on Plaintiff's standing or ownership of the Asserted Works.

Subject to and without waiving the foregoing objections, Plaintiff admits that the copyright registration certificates for the Asserted Works identify "Entrepreneur Media, Inc." rather than "Entrepreneur Media, LLC" as the claimant or author. Plaintiff states that Entrepreneur Media, LLC is the successor entity to Entrepreneur Media, Inc. and acquired all rights, title, and interests of Entrepreneur Media, Inc., including the copyrights in the Asserted Works, by operation of law.

**REQUEST FOR ADMISSION NO. 82:**

Admit that YOU contend any discrepancy between "Entrepreneur Media, Inc." and "Entrepreneur Media, LLC" does not affect standing in this ACTION.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects to the characterization of the difference between "Entrepreneur Media, Inc." and "Entrepreneur Media, LLC" as a "discrepancy." Entrepreneur Media, LLC is the corporate successor of Entrepreneur Media, Inc. and succeeded to all of its predecessor's rights, title, and interests, including the copyrights in the Asserted Works, by operation of law. The difference in entity name reflects a corporate conversion, not an ownership gap.

Subject to and without waiving the foregoing objections, Plaintiff admits that it contends that the difference between "Entrepreneur Media, Inc." and "Entrepreneur Media, LLC" does not affect Plaintiff's standing in this action.

/ / /

**REQUEST FOR ADMISSION NO. 83:**

Admit that certain of the ASSERTED WORKS are later editions that claim copyright only in new and revised text and exclude material covered by prior registrations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it calls for a legal conclusion as to the scope of copyright claimed in individual registrations. Plaintiff further objects that the characterization "claim copyright only in new and revised text and exclude material covered by prior registrations" misrepresents the nature of derivative work registrations, which protect the original expression in the revised work as a whole, including the author's selection, arrangement, and coordination of new and pre-existing material.

Subject to and without waiving the foregoing objections, Plaintiff admits that certain of the Asserted Works are later editions and that the copyright registrations for those editions may identify the new and revised material as the subject of the registration. Plaintiff denies that this limits Plaintiff's copyright claims to only the new and revised text, as the later editions constitute protectable derivative works in their own right.

**REQUEST FOR ADMISSION NO. 84:**

Admit that for ASSERTED WORKS not registered as works made for hire, one or more non-Entrepreneur employees are identified as authors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it is vague as to the meaning of "non-Entrepreneur employees." Certain of the Asserted Works were authored by individuals who, while not employees of Plaintiff, created their works pursuant to author agreements granting Plaintiff exclusive rights. Plaintiff further objects to the extent this Request implies that the

identification of an individual as author on a copyright registration determines ownership or standing, as ownership and standing depend on the contractual and legal relationships between the parties, not solely on the registration.

Subject to and without waiving the foregoing objections, Plaintiff admits that for certain Asserted Works not registered as works made for hire, one or more individuals who are not employees of Plaintiff are identified as authors on the copyright registration. Plaintiff states that its rights in those works derive from written agreements with the identified authors, the specific terms of which vary, and which grant Plaintiff rights sufficient to maintain this action.

**REQUEST FOR ADMISSION NO. 85:**

Admit that all of the ASSERTED WORKS are works of nonfiction.

**RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff admits that all of the currently Asserted Works are works of nonfiction.

**REQUEST FOR ADMISSION NO. 86:**

Admit that all of the ASSERTED WORKS provide practical guidance to readers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent the phrase "provide practical guidance" is intended to characterize the Asserted Works as purely utilitarian or to minimize the protectable original expression contained therein.

Subject to and without waiving the foregoing objections, Plaintiff admits that many of the currently Asserted Works provide practical guidance to readers, among other content. Plaintiff denies that all of the Asserted Works are accurately characterized as providing solely practical guidance, as the Asserted Works also include, among other things, editorial content, industry analysis, and other material that is not directed at providing practical instruction.

**REQUEST FOR ADMISSION NO. 87:**

Admit that all of the ASSERTED WORKS aimed at the time of their PUBLICATION DATE to provide practical guidance to readers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 86 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that many of the currently Asserted Works aimed at the time of their publication to provide practical guidance to readers, among other purposes. Plaintiff denies that this characterization applies uniformly to all of the Asserted Works. Plaintiff states that the protectable expression in the Asserted Works is not diminished by their practical purpose.

**REQUEST FOR ADMISSION NO. 88:**

Admit that the general subject matter of each ASSERTED WORK is not a secret.

**RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff admits that the general subject matter of each Asserted Work is not a secret.

**REQUEST FOR ADMISSION NO. 89:**

Admit that the general subject matter of each ASSERTED WORK is discussed in public sources available for free online.

**RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that the availability of the general subject matter of the Asserted Works in public sources diminishes the copyright protection afforded to the Asserted Works. Copyright protects original expression, not subject matter, and

the fact that a topic is discussed elsewhere does not render an author's original treatment of that topic unprotectable.

Subject to and without waiving the foregoing objections, Plaintiff admits that the general subject matter of each Asserted Work is discussed in public sources available online. Plaintiff states that the protectable expression in the Asserted Works—including the authors' original selection, arrangement, organization, presentation, and analysis of that subject matter—is not available in the public sources referenced in this Request.

**REQUEST FOR ADMISSION NO. 90:**

Admit that prior to filing the ACTION YOU did not identify specific META AI MODEL outputs that reproduce verbatim protected expression from any ASSERTED WORK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that identification of verbatim reproduction in model outputs is a prerequisite to bringing a copyright infringement claim based on unauthorized reproduction of copyrighted works in AI model training data.

Subject to and without waiving the foregoing objections, Plaintiff admits that prior to filing this action, Plaintiff had not identified specific Meta AI Model outputs that reproduce verbatim protected expression from any Asserted Work. Plaintiff states that its claims are based on Defendant's unauthorized reproduction of the Asserted Works in its training data, and that the identification and analysis of Defendant's model outputs is the subject of ongoing expert analysis and discovery.

**REQUEST FOR ADMISSION NO. 91:**

Admit that YOU do not possess logs or other direct technical evidence that any META AI MODEL was trained on specific files containing any ASSERTED WORK.

/ / /

/ / /

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 91</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "logs or other direct technical evidence" and "specific files containing any ASSERTED WORK." Plaintiff further objects that evidence of Defendant's training on datasets known to contain copyrighted books, including the Asserted Works, constitutes evidence that Defendant's AI models were trained on the Asserted Works, even absent file-level logs identifying individual titles. Plaintiff further objects that any such logs or direct technical evidence would be within Defendant's possession, custody, or control, and that Defendant has not fully produced such evidence.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff possesses evidence, including documents produced in the related *Kadrey v. Meta* litigation, establishing that Defendant trained its AI models on datasets that are known to contain the Asserted Works. Plaintiff's experts are in the process of analyzing Defendant's hard drive productions to further identify the specific files and data on which Defendant's models were trained. Plaintiff's ability to fully respond to this Request has been impaired by the incomplete state of Defendant's discovery productions.

**<u>REQUEST FOR ADMISSION NO. 92</u>:**

Admit that YOU do not have any DOCUMENTS EVIDENCING that Meta "seeded" any ASSERTED WORK via BitTorrent.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 92</u>:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the term "seeded" is vague and ambiguous as to whether it refers to the technical BitTorrent protocol function of uploading data to other peers in a torrent swarm, which occurs automatically during the downloading process, or

to some other form of affirmative distribution. Plaintiff further objects that evidence of Defendant's seeding activity would be within Defendant's possession, custody, or control, and that Defendant has not fully produced documents concerning its torrenting practices.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff possesses evidence, including documents produced in the related *Kadrey v. Meta* litigation, establishing that Defendant acquired the Asserted Works and other copyrighted material through the BitTorrent protocol, which by its technical design involves the upload and distribution of data to other participants in the torrent swarm. Plaintiff's ability to fully identify the scope of Defendant's seeding activity has been impaired by the incomplete state of Defendant's discovery productions concerning its torrenting practices.

**REQUEST FOR ADMISSION NO. 93:**

Admit that YOU contend YOUR digital book sales declined by approximately fifty percent (50%) after LLMs entered the market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "after LLMs entered the market" is vague as to the relevant time period. Plaintiff further objects that the characterization of Plaintiff's contentions should be determined by reference to Plaintiff's actual pleadings and expert submissions.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has alleged that its digital book sales declined after LLMs entered the market. The precise magnitude, timing, and attribution of that decline are the subject of ongoing analysis by Plaintiff's retained experts.

/ / /

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 94:**

Admit that YOU have not conducted an analysis that isolates META AI MODELS (as opposed to other market factors or THIRD PARTY LLMs) as the cause of any alleged sales decline of the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that Plaintiff bears the burden of isolating the impact of Defendant's specific AI models from other market factors or third-party LLMs prior to the completion of expert discovery. Plaintiff further objects that this Request is premature given the ongoing state of discovery and expert analysis, and that Plaintiff's ability to conduct such an analysis has been impaired by the incomplete state of Defendant's discovery productions, including Defendant's failure to produce complete information concerning user interactions with its AI models.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not yet completed an analysis isolating Meta AI Models as the cause of any alleged sales decline of the Asserted Works. Plaintiff's retained experts are in the process of conducting that analysis. Plaintiff states that the completion of this analysis depends in part on information within Defendant's possession that Defendant has not fully produced.

**REQUEST FOR ADMISSION NO. 95:**

Admit that YOU have not conducted an analysis that isolates META AI MODELS (as opposed to other market factors or THIRD PARTY LLMs) as the cause of any alleged harm to the market for any ASSERTED WORK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 94 herein.

/ / /

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not yet completed an analysis isolating Meta AI Models as the cause of any alleged harm to the market for any Asserted Work. Plaintiff's retained experts are in the process of conducting that analysis.

**REQUEST FOR ADMISSION NO. 96:**

Admit that YOU did not conduct an analysis that isolates generative AI (as opposed to other market factors) as the cause of any alleged sales decline of the ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 94 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not yet completed an analysis isolating generative AI as the cause of any alleged sales decline of the Asserted Works. Plaintiff's retained experts are in the process of conducting that analysis.

**REQUEST FOR ADMISSION NO. 97:**

Admit that YOU did not conduct an analysis that isolates generative AI (as opposed to other market factors) as the cause of any alleged harm to the market for any ASSERTED WORK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 94 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not yet completed an analysis isolating generative AI as the cause of any alleged harm to the market for any Asserted Work. Plaintiff's retained experts are in the process of conducting that analysis.

**REQUEST FOR ADMISSION NO. 98:**

Admit that many of YOUR alleged market-harm theories assert displacement by LLM outputs generally rather than by META AI MODELS' outputs reproducing the ASSERTED WORKS.

/ / /

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it mischaracterizes Plaintiff's market-harm theories. Plaintiff further objects that this Request calls for a legal conclusion regarding the scope and nature of Plaintiff's claims.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff's market-harm theories are not limited to displacement by LLM outputs generally, and Plaintiff's claims specifically address the conduct and impact of Defendant's AI models. The full scope of Plaintiff's theories will be set forth in Plaintiff's expert disclosures and at trial.

**REQUEST FOR ADMISSION NO. 99:**

Admit that some ASSERTED WORKS are collective issues of Entrepreneur Magazine and that YOU rely on collective-work registrations to claim rights in constituent contributions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that it is compound and calls for a legal conclusion. Plaintiff further objects to the phrase "rely on collective-work registrations to claim rights in constituent contributions" as a mischaracterization of Plaintiff's basis for claiming rights in the Asserted Works that are magazine issues. Plaintiff's rights in constituent contributions to its magazine issues derive from multiple sources, including but not limited to work-made-for-hire relationships with employees, contractual agreements with contributors, and the collective work copyright itself.

Subject to and without waiving the foregoing objections, Plaintiff admits that certain of the Asserted Works are collective issues of Entrepreneur Magazine. Plaintiff denies that it relies solely on collective-work registrations to claim rights in constituent contributions to those issues.

/ / /

**REQUEST FOR ADMISSION NO. 100:**

Admit that YOU do not have a written assignment from every individual contributor of each collective magazine issue asserted by YOU in the COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request to the extent it implies that a written assignment from every individual contributor is necessary for Plaintiff to hold rights in the constituent contributions of its magazine issues. For contributions created by Plaintiff's employees within the scope of their employment, Plaintiff holds rights as the author of works made for hire under 17 U.S.C. § 201(b), without the need for a written assignment.

Subject to and without waiving the foregoing objections, Plaintiff admits that it may not possess a written assignment from every individual contributor to each collective magazine issue asserted in the Complaint. Plaintiff states that its rights in constituent contributions derive from work-made-for-hire relationships, contributor agreements, and other legal bases, and that the absence of a written assignment from a particular contributor does not establish the absence of Plaintiff's rights in that contributor's work.

**REQUEST FOR ADMISSION NO. 101:**

Admit that YOU have not identified any PERSON who declined to purchase an ASSERTED WORK because of a META AI MODEL output.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 5 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified any person who declined to purchase an Asserted Work because of a Meta AI Model output.

**REQUEST FOR ADMISSION NO. 102:**

Admit that YOU have not identified any PERSON who declined to purchase an ASSERTED WORK because of a META AI MODEL output that reproduced protected expression from that ASSERTED WORK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 5 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified any person who declined to purchase an Asserted Work because of a Meta AI Model output that reproduced protected expression from that Asserted Work.

Plaintiff further states that whether Defendant's AI models produce outputs reproducing protected expression from the Asserted Works, and the market substitution effects of such outputs, are the subject of ongoing expert analysis.

**REQUEST FOR ADMISSION NO. 103:**

Admit that YOU have not identified any PERSON who declined to purchase a subscription to access YOUR content because of a META AI MODEL output.

**RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 5 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified any person who declined to purchase a subscription to access Plaintiff's content because of a Meta AI Model output.

**REQUEST FOR ADMISSION NO. 104:**

Admit that YOU have not identified any PERSON who declined to purchase a subscription to access YOUR content because of a META AI MODEL output that reproduced protected expression from that ASSERTED WORK.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 5 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified any person who declined to purchase a subscription to access Plaintiff's content because of a Meta AI Model output that reproduced protected expression from an Asserted Work.

**REQUEST FOR ADMISSION NO. 105:**

Admit that YOU have developed an AI tool that creates content.

**RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "AI tool that creates content" is vague and ambiguous as to the nature, sophistication, and capabilities of the tool contemplated. Plaintiff further objects that this Request is irrelevant to Plaintiff's claims against Defendant.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has developed an AI tool that creates content.

**REQUEST FOR ADMISSION NO. 106:**

Admit that YOU have published content on YOUR website that was created, in whole or in part, using a GENERATIVE AI TOOL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff incorporates its objections to Request for Admission No. 105 herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that there has been content published on Plaintiff's website for which a generative AI tool was used in part during the process of creating the content. However, Plaintiff denies that there is content published on Plaintiff's website that was wholly created using a generative AI tool.

Dated: May 22, 2026

HUESTON HENNIGAN LLP

By: ______________________________

Moez M. Kaba
Michael M. Purpura
Lee Linderman

NEWMEYER & DILLION LLP
Michael B. McClellan
Benjamin P. Pugh
Jason L. Morris
Harlye S. Carlton

*Attorneys for Plaintiff*
*ENTREPRENEUR MEDIA, LLC*

# VERIFICATION

I have read the foregoing PLAINTIFF ENTREPRENEUR MEDIA, LLC's RESPONSES TO DEFENDANT META PLATFORMS, INC.'S REQUESTS FOR ADMISSION, SET ONE and know its contents.

I am President of ENTREPRENEUR MEDIA, LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2026, at New York, NY.

Bill Shaw
Print Name of Signatory

[signature]
Signature

# PROOF OF SERVICE

*Entrepreneur Media, LLC v. Meta Platforms, Inc.*
Northern District Court San Francisco Division Case No. 3:25-cv-09579-VC

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

I, Nakia Shortz, declare:

I am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2033 N. Main Street, Suite 500, Walnut Creek, CA 94596. My business email address is Nakia.Shortz@ndlf.com. On May 22, 2026, I served true copies of the within document(s):

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

**BY E-MAIL:** I electronically transmitted the above document(s) to the person(s) at the e-mail address(es) listed in the Service List below.

***Please see attached service list.***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2026, at Walnut Creek, California.

Nakia Shortz

**SERVICE LIST**
***Entrepreneur Media, LLC v. Meta Platforms, Inc.***
**Northern District Court San Francisco Division Case No. 3:25-cv-09579-VC**


Moez M. Kaba
Michael M. Purpura
Lee Linderman
Hueston Hennigan LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014

Tel: (213) 788-4340
Fax: (888) 866-4825
**ATTORNEYS FOR PLAINTIFF ENTREPRENEUR MEDIA, LLC**
mkaba@hueston.com
mpurpura@hueston.com
llinderman@hueston.com
mmendoza@hueston.com
docketing@hueston.com
jkuang@hueston.com

Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
Christine Ray
Dunn Isaacson Rhee LLP
401 9th Street, NW
Washington, DC 20004

Tel: (202) 240-2900
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com
cray@dirllp.com
jparedes@dirllp.com

Angela L. Dunning
Cleary Gottlieb Steen & Hamilton LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304

Tel: (650) 815-4131
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
adunning@cgsh.com

Kathleen R. Hartnett
Judd D. Lauter
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

Tel.: (415) 693-2071
Fax: (415) 693-2222
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
khartnett@cooley.com
jlauter@cooley.com

Mark R. Weinstein
Elizabeth L. Stameshkin
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Tel: (650) 843-5000
Fax: (650) 849-7400
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
mweinstein@cooley.com
lstameshkin@cooley.com
mnarvaez@cooley.com

Bobby A. Ghajar
Colette A. Ghazarian
Cooley LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401

Tel: (310) 883-6400
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
bghajar@cooley.com
cghazarian@cooley.com

Phillip E. Morton (pro hac vice)
Cole A. Poppell
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Tel: (202) 842-7800
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
pmorton@cooley.com
cpoppell@cooley.com
llozano@cooley.com