# EXHIBIT 2

HUESTON HENNIGAN LLP
Moez M. Kaba (#257456)
mkaba@hueston.com
Michael M. Purpura (#338216)
mpurpura@hueston.com
Lee Linderman (#280743)
llinderman@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

Attorneys for Plaintiff
Entrepreneur Media, LLC

NEWMEYER & DILLION LLP
Michael B. McClellan (#241570)
Michael.McClellan@ndlf.com
Benjamin P. Pugh (#202025)
benjamin.pugh@ndlf.com
Jason L. Morris (#295271)
Jason.Morris@ndlf.com
Harlye S. Carlton (#261641)
Harlye.Carlton@ndlf.com
895 Dove Street, Second Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Entrepreneur Media, LLC,

Plaintiff,

v.

Meta Platforms, Inc.,

Defendant.

Case No.: 3:25-cv-09579-VC

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION**

PROPOUNDING PARTY: Defendant Meta Platforms, Inc.

RESPONDING PARTY: Plaintiff Entrepreneur Media, LLC

SET NO.: Three (3)

Pursuant to 36 of the Federal Rules of Civil Procedure, Plaintiff Entrepreneur Media, LLC ("Plaintiff" or "Entrepreneur") hereby submits the following responses and objections to Defendant's Third Set of Requests for Admission (the "Requests"):

**PRELIMINARY STATEMENT**

These responses and objections are based on diligent inquiry and investigation by Plaintiff and reflect Plaintiff's current knowledge, understanding, and belief based upon those facts and information presently known and readily available to Plaintiff at this time.

/ / /

Discovery in this matter is ongoing and in its early stages. Plaintiff notes that references to the "Asserted Works" in these responses refer to the works currently identified in Plaintiff's Complaint and Rule 26 disclosures. Plaintiff reserves the right to amend its claims or supplement its disclosures to add, modify, or remove works from the universe of Asserted Works pursuant to the Federal Rules of Civil Procedure, and no admission in these responses shall be construed as a waiver of that right or as a representation that the universe of Asserted Works is fixed.

Plaintiff's ability to respond to certain Requests is materially constrained by the incomplete state of Defendant's discovery productions. As documented in the parties' conferral correspondence, Defendant has not fully produced documents and information bearing on Defendant's training-data practices, dataset acquisition and distribution, model development, and related conduct. Where a Request calls upon Plaintiff to admit or deny matters concerning Defendant's own conduct, systems, or data, any inability to admit or deny should not be construed as a concession on the merits.

Further discovery, depositions, investigation, and analysis may supply additional facts and establish new factual conclusions or legal contentions, which may lead to additions to, changes in, and variations from these responses. Plaintiff's responses are given without prejudice to its right to rely, at hearing, trial, or otherwise, on facts, documents, or information subsequently discovered or omitted by inadvertence. Without obligating itself to do so, Plaintiff reserves the right to supplement, modify, or amend these responses pursuant to Rule 26(e). A partial response to any Request objected to in whole or in part does not waive the objection.

Nothing herein is intended as, or shall be deemed, a waiver of the attorney-client privilege, the work-product doctrine, the right of privacy, or any other applicable privilege or immunity. In the event of inadvertent disclosure of protected information, Plaintiff reserves the right to demand its return without prejudice and without waiver.

**GENERAL OBJECTIONS**

Each General Objection is incorporated by reference into each specific response below. Reiteration of a General Objection in a specific response is for emphasis only, and the absence of

reiteration shall not be construed as a waiver of any General Objection. By responding, Plaintiff does not concede that any requested information is relevant, discoverable, or admissible.

1. Plaintiff objects to each Request to the extent it seeks information prepared in anticipation of litigation or trial or protected by the attorney-client privilege, the work-product doctrine, the right of privacy, or any other applicable privilege or immunity. The Requests will not be construed to seek such information, and the absence of a specific privilege objection shall not be construed as a waiver.

2. Plaintiff objects to the Requests, including the definitions and instructions, to the extent they seek to impose obligations beyond, or expand the scope of discovery permitted by, the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court.

3. Plaintiff objects to the Requests to the extent they are vague, ambiguous, overbroad, or lack sufficient precision to permit a response. Plaintiff responds as it reasonably understands and interprets each Request.

4. Plaintiff objects to each Request to the extent it seeks a legal conclusion.

5. Plaintiff objects to each Request, and to the definitions, to the extent they assume the existence of facts that do not exist or the occurrence of events that did not take place, or assert legal arguments or characterizations. No response shall be construed as an admission that any factual or legal predicate stated in a Request is accurate.

6. Plaintiff objects to the Requests to the extent they seek confidential information of third parties.

7. Plaintiff objects to the definition of "YOU," "YOUR," and "YOURS" as overbroad, vague, and ambiguous to the extent it purports to encompass Plaintiff's attorneys and other persons acting on Plaintiff's behalf, thereby seeking information protected by the attorney-client privilege and work-product doctrine, and to the extent it includes entities Plaintiff does not control. Plaintiff interprets these terms to refer to Entrepreneur Media, LLC, including its Entrepreneur Press imprint.

8. Plaintiff objects to Defendant's use of the phrase "purportedly copyrighted works"

in the definition of "ASSERTED WORKS." The Asserted Works are registered with the United States Copyright Office, and Plaintiff does not accept any characterization implying doubt as to the validity or existence of its copyrights. Plaintiff interprets "ASSERTED WORKS" to refer to the copyrighted works identified in Plaintiff's Complaint and Rule 26 disclosures.

9. Plaintiff objects to each Request to the extent it calls upon Plaintiff to admit or deny matters concerning Defendant's own conduct, systems, data, or internal operations, where Plaintiff's ability to respond is materially constrained by the incomplete state of Defendant's productions. As documented in the parties' conferral correspondence, Defendant has not fully responded to Plaintiff's requests concerning, among other things, Defendant's training-data practices, dataset acquisition and distribution, model development, and related conduct. Where Plaintiff states that it cannot admit or deny after reasonable inquiry, that response reflects the limitations imposed by Defendant's production deficiencies and the ongoing state of discovery, not a concession on the merits.

10. Plaintiff objects to each Request to the extent it seeks an admission that Plaintiff lacks documents or evidence within its own possession as to matters concerning Defendant's conduct, third-party conduct, or the operation of peer-to-peer file-sharing networks. The evidence concerning such matters resides principally with Defendant, with third parties, and in the technical operation of the conduct at issue, and was in material part neither generated nor preserved by Plaintiff. The absence of any such document or evidence in Plaintiff's own files is therefore not probative of any element of any claim or defense, and no response shall be construed to suggest otherwise.

11. Plaintiff objects to each Request to the extent it seeks to impose on Plaintiff any burden to establish, disprove, or adduce evidence concerning whether any third party did or did not make fair use, or any other statutorily privileged use, of any Asserted Work. Fair use under 17 U.S.C. § 107 is an affirmative defense on which the party asserting it bears the burden of proof. Whether any third party's use was or was not fair is neither an element of Plaintiff's claims nor Plaintiff's burden.

12. Plaintiff objects to each Request to the extent it prematurely seeks the disclosure of expert opinions, analyses, or reliance materials protected under Rule 26(b)(4) and reserved to the schedule set by the operative Case Management Order.

Subject to the Preliminary Statement and General Objections outlined above and the more specific objections set forth below, Plaintiff responds as follows:

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 166:**

Admit that YOU cannot identify by name any THIRD PARTY who allegedly received from Meta via TORRENTING a copy of any of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

In addition to General Objections Nos. 5 and 10, Plaintiff objects that this Request is immaterial to any claim or defense to the extent it implies that identification of an individual recipient by name is an element of, or a prerequisite to, third-party direct infringement or Meta's contributory liability; it is neither. Plaintiff further objects that the identities of individual BitTorrent peers who received portions of Plaintiff's works from Meta's seeding are within Meta's possession, custody, or control—reflected in Meta's torrent-client, seeding, and distribution data—and have not been fully produced. Subject to and without waiving the foregoing, Plaintiff admits only that it cannot presently identify, by name, a specific individual third party who received an Asserted Work from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 167:**

Admit that YOU have no documents showing that a THIRD PARTY received from Meta via TORRENTING a complete READABLE copy of any of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

Plaintiff incorporates General Objections No. 5 and No. 10. Subject to and without waiving those objections, and construing the Request as directed to complete copies (all pages of the Asserted Work present) as distinct from portions, Plaintiff admits that it has no documents showing that a third party received from Meta via torrenting a complete readable copy of an

Asserted Work. This admission concerns complete copies only and does not extend to portions of the Asserted Works, which are addressed in Plaintiff's responses to RFAs 176 and 177.

**REQUEST FOR ADMISSION NO. 168:**

Admit that YOU have no documents showing that a THIRD PARTY received from Meta via TORRENTING a copy of any section or portion of any of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

Plaintiff incorporates General Objections No. 10 and No. 12. Subject to and without waiving those objections, Plaintiff denies the Request. Documents produced in this Action, including logs reflecting the rates at which Meta uploaded torrent files corresponding to the datasets containing the Asserted Works to other peers, together with the analysis of Meta's torrenting activity set forth in the report of Meta's expert filed in the related *Kadrey* action, evidence that third parties received portions of the Asserted Works from Meta via torrenting; the operation of the BitTorrent protocol and the subject of expert analysis served on the schedule set by Rules 26(a)(2) and 26(b)(4), further establishes such receipt.

**REQUEST FOR ADMISSION NO. 169:**

Admit that YOU are unable to identify by name any THIRD PARTY who read a copy of one of YOUR ASSERTED WORKS that the THIRD PARTY received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

In addition to General Objections Nos. 5 and 10, Plaintiff further objects that whether any third party read a received copy is immaterial: reading is not among the exclusive rights under 17 U.S.C. § 106, and Plaintiff's theory of third-party direct infringement rests on unauthorized reproduction and distribution, not reading. Plaintiff further objects that the identities of individual recipients are within Meta's possession, custody, or control and have not been fully produced. Subject to and without waiving the foregoing, Plaintiff admits only that it cannot presently identify, by name, a specific individual third party who read a copy of an Asserted Work received from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 170:**

Admit that YOU have no evidence of how any THIRD PARTY who allegedly received from Meta via TORRENING a copy of one of YOUR ASSERTED WORKS later used that copy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

Plaintiff incorporates General Objections Nos. 5 and 10, and objects that this Request is directed to an immaterial matter: how a THIRD PARTY may have used a copy of an ASSERTED WORK after receiving it is neither an element of, nor material to, any of Plaintiff's claims, which rest on the unauthorized reproduction and distribution of the ASSERTED WORKS rather than on any recipient's subsequent use of a copy. Plaintiff further objects that "used" is undefined and vague and, for purposes of this response, construes it to mean a THIRD PARTY's subsequent consumptive or expressive use of a copy, as distinct from the reproduction and distribution of the ASSERTED WORKS addressed elsewhere in these responses.

Subject to and without waiving the foregoing, and on that construction, Plaintiff admits that it does not presently possess evidence of the manner in which any THIRD PARTY consumptively used a copy of an ASSERTED WORK received from Meta via TORRENTING. This admission is limited to a THIRD PARTY's subsequent consumptive or expressive use of a copy.

**REQUEST FOR ADMISSION NO. 171:**

Admit that YOU have no evidence showing that a THIRD PARTY who allegedly received from Meta via TORRENTING a copy of one of YOUR ASSERTED WORKS did not use that copy for purposes of commentary or criticism.

**RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

Plaintiff incorporates General Objections Nos. 5, 10, and 11, and objects that this Request improperly seeks to impose on Plaintiff the burden of adducing evidence to negate a THIRD PARTY's affirmative defense. Whether a THIRD PARTY used a copy of an ASSERTED WORK for purposes of commentary or criticism implicates fair use under 17 U.S.C. § 107, which is an affirmative defense on which the party asserting it bears the burden of proof; it is neither an

element of Plaintiff's claims nor Plaintiff's burden to establish that a THIRD PARTY did not make such a use. Plaintiff further objects that "used" is undefined and vague, and that the Request seeks information concerning the conduct of anonymous THIRD PARTIES that is within those PERSONS' knowledge and ascertainable, if at all, from records within Meta's possession, custody, and control. Subject to and without waiving the foregoing, Plaintiff admits that it does not presently possess evidence showing that a THIRD PARTY who received a copy of an ASSERTED WORK from Meta via TORRENTING did not use that copy for purposes of commentary or criticism. This admission is limited to the absence of such evidence in Plaintiff's possession.

**REQUEST FOR ADMISSION NO. 172:**

Admit that YOU have no evidence showing that a THIRD PARTY who allegedly received from Meta via TORRENTING a copy of one of YOUR ASSERTED WORKS did not use that copy for a fair use purpose under 17 U.S.C. §107.

**RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

Plaintiff incorporates General Objections Nos. 4, 5, 10, and 11, and objects that this Request improperly seeks to impose on Plaintiff the burden of adducing evidence to negate a THIRD PARTY's affirmative defense of fair use. Fair use under 17 U.S.C. § 107 is an affirmative defense on which the party asserting it bears the burden of proof; whether any THIRD PARTY's use of a copy was or was not a fair use is neither an element of Plaintiff's claims nor Plaintiff's burden to establish. Plaintiff further objects that "used" is undefined and vague and, for purposes of this response, construes it to mean a THIRD PARTY's subsequent consumptive or expressive use of a copy, as distinct from the reproduction and distribution of the ASSERTED WORKS addressed elsewhere in these responses; and that the Request seeks information concerning the conduct of anonymous THIRD PARTIES that is within those PERSONS' knowledge and ascertainable, if at all, from records within Meta's possession, custody, and control. Subject to and without waiving the foregoing, and on that construction, Plaintiff admits that it does not presently possess evidence showing that a THIRD PARTY who received a copy of an ASSERTED WORK

from Meta via TORRENTING did not use that copy for a fair use purpose under 17 U.S.C. § 107. Plaintiff does not, by this admission, admit that any THIRD PARTY made a fair use of an ASSERTED WORK.

**REQUEST FOR ADMISSION NO. 173:**

Admit that YOU have not spoken with any THIRD PARTY who received from Meta via TORRENTING a copy of any of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

Plaintiff admits that it has not spoken with any third party who received from Meta via torrenting a copy of any of the Asserted Works.

**REQUEST FOR ADMISSION NO. 174:**

Admit that YOU have not contacted any THIRD PARTY who received from Meta via TORRENTING a copy of any of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

Plaintiff admits that it has not contacted any third party who received from Meta via torrenting a copy of any of the Asserted Works.

**REQUEST FOR ADMISSION NO. 175:**

Admit that YOU have not identified any THIRD PARTY who received from Meta via TORRENTING a copy of any of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

In addition to General Objections Nos. 3 and 10, Plaintiff objects that "identified" is ambiguous. Construed to require identification of an individual recipient by name, this Request is duplicative of RFA 166, and Plaintiff responds as it did to RFA 166. Construed to ask whether Plaintiff can establish that third parties received Asserted Works from Meta via torrenting, Plaintiff denies the Request: the peer-to-peer mechanics of the BitTorrent protocol, under which participants in the relevant swarms received portions of the Asserted Works from, and from data made available by, Meta, together with Meta's own distribution conduct and data establish that

third parties received the works. Plaintiff further objects that the data necessary to enumerate those recipients is within Meta's possession, custody, or control and has not been fully produced.

**REQUEST FOR ADMISSION NO. 176:**

Admit that YOU are unable to identify any THIRD PARTY who received from Meta via TORRENTING a copy of any of YOUR ASSERTED WORKS that engaged in direct copyright infringement of the same ASSERTED WORK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

In addition to General Objections Nos. 4 and 10, Plaintiff objects that this Request improperly conflates the fact of third-party direct infringement with identification of an individual infringer by name; identification of a third party by name is neither an element of direct infringement nor a prerequisite to Meta's contributory liability. Plaintiff further objects that information identifying individual swarm participants is within Meta's possession, custody, or control and has not been fully produced. Subject to and without waiving the foregoing, Plaintiff denies the Request. When Meta acquired datasets containing the Asserted Works from shadow libraries via torrenting, other participants in the relevant swarms downloaded portions of the Asserted Works from, and from data made available by, Meta; each such participant that downloaded a portion of an Asserted Work thereby made an unauthorized reproduction of that portion in violation of 17 U.S.C. § 106(1), and, to the extent such participants in turn uploaded the data they received to further peers, they engaged in unauthorized distribution in violation of 17 U.S.C. § 106(3). None of these participants was authorized to reproduce or distribute the Asserted Works. That infringement is established by the operation of the BitTorrent protocol and by the data reflecting Meta's acquisition, independent of any individual participant's name.

**REQUEST FOR ADMISSION NO. 177:**

Admit that YOU cannot identify any direct copyright infringement committed by a THIRD PARTY who allegedly received from Meta via TORRENTING any of YOUR ASSERTED WORKS.

/ / /

**RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

In addition to General Objections Nos. 4 and 10, Plaintiff further objects that the Request calls for a legal conclusion regarding what constitutes "direct copyright infringement." Subject to and without waiving the foregoing, Plaintiff denies the Request. Participants in the relevant swarms who downloaded portions of the Asserted Works from, and from data made available by, Meta made unauthorized reproductions of those portions in violation of 17 U.S.C. § 106(1), and, to the extent those participants uploaded the data they received to further peers, they made unauthorized distributions in violation of 17 U.S.C. § 106(3). These acts are established by the operation of the BitTorrent protocol and by the data reflecting Meta's acquisition of the Asserted Works.

**REQUEST FOR ADMISSION NO. 178:**

Admit that, for any of YOUR ASSERTED WORKS that were allegedly uploaded by Meta via TORRENTING, YOU have no evidence that YOUR ASSERTED WORKS were READABLE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

In addition to General Objection No. 3, Plaintiff objects that "READABLE," as applied, is ambiguous, and construes the Request, consistent with its terms, as directed to whether the Asserted Works were in a form that can be perceived, understood, or interpreted by humans. Subject to and without waiving the foregoing, and on that construction, Plaintiff denies the Request.

**REQUEST FOR ADMISSION NO. 179:**

Admit that YOU have no documents evidencing that anybody read ANY of YOUR ASSERTED WORKS as a result of receiving that work from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

In addition to General Objection No. 5, Plaintiff objects that this Request is immaterial: reading is not among the exclusive rights under 17 U.S.C. § 106, and Plaintiff premises no claim on any person's reading of an Asserted Work. Subject to and without waiving the foregoing, and

construing the Request as directed to the act of reading, Plaintiff admits that it has no documents evidencing that anyone read an Asserted Work as a result of receiving that work from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 180:**

Admit that YOU do not know whether any THIRD PARTY read a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

In addition to General Objection No. 5, Plaintiff objects that reading is not among the exclusive rights under 17 U.S.C. § 106 and that Plaintiff premises no claim on any third party's reading of an Asserted Work. Subject to and without waiving that objection, and construing this Request as directed to the act of reading, Plaintiff admits that it does not know whether any third party read a copy of an Asserted Work received from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 181:**

Admit that YOU do not know whether any THIRD PARTY displayed a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

In addition to General Objection Nos. 4 and 5, Plaintiff objects that Plaintiff premises no claim on the public display right under 17 U.S.C. § 106(5) with respect to any third party's conduct. Subject to and without waiving that objection, and construing this Request as directed to the act of display, Plaintiff admits that it does not know whether any third party displayed a copy of an Asserted Work received from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 182:**

Admit that YOU do not know whether any THIRD PARTY redistributed a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

In addition to General Objection No. 10, Plaintiff objects that the Request seeks an admission of absence of knowledge as to a matter established by the operation of the peer-to-peer

protocol by which Meta acquired the Asserted Works and by data within Meta's possession. Subject to and without waiving that objection, Plaintiff denies the Request. The BitTorrent protocol by which Meta acquired the Asserted Works operates through reciprocal uploading and downloading among swarm participants; under the protocol's default operation, participants who downloaded portions of an Asserted Work from, and from data made available by, Meta uploaded those portions to further peers, thereby redistributing them without authorization. Plaintiff accordingly knows, and denies that it does not know, that third parties redistributed portions of the Asserted Works received from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 183:**

Admit that YOU do not know whether any THIRD PARTY performed any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

In addition to General Objection Nos. 4 and 5, Plaintiff objects that Plaintiff premises no claim on the public performance right under 17 U.S.C. § 106(4) with respect to any third party's conduct. Subject to and without waiving that objection, and construing this Request as directed to the act of performance, Plaintiff admits that it does not know whether any third party performed an Asserted Work received from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 184:**

Admit that YOU do not know whether any THIRD PARTY made fair use of a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

Plaintiff incorporates General Objections Nos. 4, 5, 10, and 11, and objects that this Request improperly seeks to impose on Plaintiff the burden of resolving, or of possessing knowledge concerning, a THIRD PARTY's affirmative defense of fair use. Fair use under 17 U.S.C. § 107 is an affirmative defense on which the party asserting it bears the burden of proof; whether any THIRD PARTY made a fair use of a copy is a legal conclusion, is neither an element of Plaintiff's claims nor Plaintiff's burden, and Plaintiff's knowledge or lack of knowledge

concerning it bears on no element of any claim. Plaintiff further objects that "used" is undefined and vague and, for purposes of this response, construes the Request to concern a THIRD PARTY's subsequent consumptive or expressive use of a copy, as distinct from the reproduction and distribution of the ASSERTED WORKS addressed elsewhere in these responses; and that the conduct of anonymous THIRD PARTIES is within those PERSONS' knowledge and ascertainable, if at all, from records within Meta's possession, custody, and control. Subject to and without waiving the foregoing, and on that construction, Plaintiff admits that it does not know whether any THIRD PARTY made a fair use, within the meaning of 17 U.S.C. § 107, of a copy of an ASSERTED WORK received from Meta via TORRENTING. Plaintiff does not, by this admission, admit that any THIRD PARTY made such a use, and states that whether any such use was fair is not Plaintiff's burden to establish or to disprove.

**REQUEST FOR ADMISSION NO. 185:**

Admit that YOU do not know whether any THIRD PARTY'S use of any ASSERTED WORK received from Meta via TORRENTING was not fair use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

Plaintiff incorporates General Objections Nos. 4, 5, 10, and 11, and objects that whether any THIRD PARTY's use of a copy was or was not a fair use under 17 U.S.C. § 107 is a legal conclusion concerning an affirmative defense on which the asserting party bears the burden of proof, and is neither an element of Plaintiff's claims nor a matter Plaintiff bears any burden to know or to establish. Plaintiff further objects that "used" is undefined and construes the Request to concern a THIRD PARTY's subsequent consumptive or expressive use of a copy, as distinct from the reproduction and distribution of the ASSERTED WORKS addressed elsewhere in these responses. Subject to and without waiving the foregoing, Plaintiff admits that it does not know whether any THIRD PARTY's subsequent use of a copy of an ASSERTED WORK received from Meta via TORRENTING was or was not a fair use, and states that it likewise does not know whether any such use was made, its lack of knowledge running in both directions and concerning conduct within those PERSONS' knowledge and within records in Meta's possession, custody,

and control. Plaintiff does not, by this admission, admit that any THIRD PARTY made a fair use of an ASSERTED WORK.

**REQUEST FOR ADMISSION NO. 186:**

Admit that YOU have no documents evidencing whether any THIRD PARTY read a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 186:**

In addition to General Objection No. 5, Plaintiff objects that reading is not among the exclusive rights under 17 U.S.C. § 106 and that Plaintiff premises no claim on any third party's reading of an Asserted Work. Subject to and without waiving that objection, and construing this Request as directed to the act of reading, Plaintiff admits that it has no documents evidencing whether any third party read a copy of an Asserted Work received from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 187:**

Admit that YOU have no documents evidencing whether any THIRD PARTY displayed a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 187:**

In addition to General Objection Nos. 4 and 5, Plaintiff objects that Plaintiff premises no claim on the public display right under 17 U.S.C. § 106(5) with respect to any third party's conduct. Subject to and without waiving that objection, and construing this Request as directed to the act of display, Plaintiff admits that it has no documents evidencing whether any third party displayed a copy of an Asserted Work received from Meta via torrenting.

**REQUEST FOR ADMISSION NO. 188:**

Admit that YOU have no documents evidencing whether any THIRD PARTY redistributed a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

In addition to General Objections Nos. 5 and 10, Plaintiff objects that the Request concerns the conduct of anonymous third parties and the operation of peer-to-peer networks, as to

which evidence resides principally with those persons, with Meta, and in the technical operation of the conduct at issue, and was neither generated nor preserved by Plaintiff. Subject to and without waiving the foregoing, and construing the Request as directed to documents evidencing a third party's redistribution to further peers of a copy that the third party had received from Meta, as distinct from documents evidencing Meta's own transmission of the Asserted Works or a third party's receipt of them, Plaintiff admits that it does not presently possess documents evidencing whether a third party redistributed a copy of an Asserted Work that the third party received from Meta via torrenting.

**<u>REQUEST FOR ADMISSION NO. 189</u>:**

Admit that YOU have no documents evidencing whether any THIRD PARTY performed any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 189</u>:**

In addition to General Objection Nos. 4 and 5, Plaintiff objects that Plaintiff premises no claim on the public performance right under 17 U.S.C. § 106(4) with respect to any third party's conduct. Subject to and without waiving that objection, and construing this Request as directed to the act of performance, Plaintiff admits that it has no documents evidencing whether any third party performed an Asserted Work received from Meta via torrenting.

**<u>REQUEST FOR ADMISSION NO. 190</u>:**

Admit that YOU have no documents evidencing whether any THIRD PARTY made fair use of a copy of any of YOUR ASSERTED WORKS that they received from Meta via TORRENTING.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 190</u>:**

Plaintiff incorporates General Objections Nos. 4, 5, 10, and 11, and objects that whether any THIRD PARTY made fair use of a copy implicates an affirmative defense under 17 U.S.C. § 107 on which the party asserting it bears the burden of proof, and that it is neither an element of Plaintiff's claims nor Plaintiff's burden to adduce documents concerning such use. Plaintiff further objects that "used" is undefined and construes the Request to concern a THIRD PARTY's

subsequent consumptive or expressive use of a copy, as distinct from the reproduction and distribution of the ASSERTED WORKS addressed elsewhere in these responses. Subject to and without waiving the foregoing, Plaintiff admits that it does not possess documents evidencing whether any THIRD PARTY made a fair use of a copy of an ASSERTED WORK received from Meta via TORRENTING. Plaintiff does not, by this admission, admit that any THIRD PARTY made such a use.

**REQUEST FOR ADMISSION NO. 191:**

Admit that YOU have no documents evidencing that any THIRD PARTY'S use of any ASSERTED WORK received from Meta via TORRENTING was not fair use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 191:**

Plaintiff incorporates General Objections Nos. 4, 5, 10, and 11, and objects that this Request implicates a THIRD PARTY's affirmative defense of fair use under 17 U.S.C. § 107, on which the asserting party bears the burden of proof, and that Plaintiff bears no burden to adduce documents establishing that any THIRD PARTY's use was or was not fair. Plaintiff further objects that "used" is undefined and construes the Request to concern a THIRD PARTY's subsequent consumptive or expressive use of a copy, as distinct from the reproduction and distribution of the ASSERTED WORKS addressed elsewhere in these responses. Subject to and without waiving the foregoing, Plaintiff admits that it does not possess documents evidencing whether any THIRD PARTY's subsequent use of a copy of an ASSERTED WORK received from Meta via TORRENTING was or was not a fair use.

**REQUEST FOR ADMISSION NO. 192:**

Admit that YOU cannot identify how many complete copies of YOUR ASSERTED WORKS were allegedly distributed by Meta via TORRENTING to any THIRD PARTY. Complete means all pages of the ASSERTED WORK are present.

**RESPONSE TO REQUEST FOR ADMISSION NO. 192:**

Plaintiff incorporates General Objections No. 5 and No. 10. Subject to and without waiving those objections, and construing the Request as directed to complete copies (all pages of

the Asserted Work present) as distinct from portions, Plaintiff admits that it cannot presently identify the number of complete copies of the Asserted Works distributed by Meta via torrenting to third parties.

**REQUEST FOR ADMISSION NO. 193:**

Admit that YOU cannot identify any complete copy of YOUR ASSERTED WORKS that was distributed by Meta via TORRENTING to a THIRD PARTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

Plaintiff incorporates General Objections Nos. 5 and 10. Subject to and without waiving those objections, and construing the Request as directed to complete copies (all pages of the Asserted Work present) as distinct from portions, Plaintiff admits that it cannot presently identify any complete copy of an Asserted Work distributed by Meta via torrenting to a third party.

**REQUEST FOR ADMISSION NO. 194:**

Admit that YOU have no documents evidencing that YOU lost any book sales because of Meta's alleged distribution via TORRENTING to a THIRD PARTY of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

In addition to General Objections Nos. 5, 10, and 12, Plaintiff objects that the Request rests on a false premise to the extent it assumes that Plaintiff's market harm is measured by, or documented as, book sales lost to identified third-party torrent recipients. Plaintiff's damages arise from Meta's unauthorized reproduction, distribution, and use of the Asserted Works, including Meta's distribution of the Asserted Works into peer-to-peer swarms, and are not measured by tracing individual lost sales to individual recipients. Plaintiff further objects that "because of" is undefined and vague. Subject to and without waiving the foregoing, and construing the Request as directed solely to documents tracing particular lost book sales to particular third parties' receipt of the Asserted Works from Meta via torrenting, Plaintiff admits that it does not presently possess such documents.

/ / /

**REQUEST FOR ADMISSION NO. 195:**

Admit that YOU have no documents evidencing that YOU lost any revenue because of Meta's alleged distribution via TORRENTING to a THIRD PARTY of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

In addition to General Objections Nos. 5, 10, and 12, Plaintiff objects that the Request rests on a false premise to the extent it assumes that Plaintiff's market harm is measured by, or documented as, revenue lost to identified third-party torrent recipients. Plaintiff's damages arise from Meta's unauthorized reproduction, distribution, and use of the Asserted Works, including Meta's distribution of the Asserted Works via peer-to-peer file sharing, and are not measured by tracing individual revenue losses to individual recipients. Plaintiff further objects that "because of" is undefined and vague. Subject to and without waiving the foregoing, and construing the Request as directed solely to documents tracing particular lost revenue to particular third parties' receipt of the Asserted Works from Meta via torrenting, Plaintiff admits that it does not presently possess such documents.

**REQUEST FOR ADMISSION NO. 196:**

Admit that YOU are unable to calculate any revenue lost because of Meta's alleged distribution via TORRENTING to a THIRD PARTY of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

In addition to General Objections Nos. 5 and 12, Plaintiff objects that the Request rests on a false premise to the extent it assumes that Plaintiff's revenue loss is measured or calculated by reference to particular third-party torrent recipients. Plaintiff's damages arise from Meta's unauthorized reproduction, distribution, and use of the Asserted Works, including Meta's distribution of the Asserted Works via peer-to-peer file sharing; their calculation is the subject of expert analysis reserved to the schedule set by Rules 26(a)(2) and 26(b)(4) and not yet due. Plaintiff further objects that "because of" is undefined and vague. Subject to and without waiving the foregoing, and construing the Request as directed solely to the calculation of revenue lost as a

consequence of particular third parties' receipt of the Asserted Works from Meta via torrenting, Plaintiff admits that it cannot presently perform such a recipient-specific calculation.

**REQUEST FOR ADMISSION NO. 197:**

Admit that YOU are unable to identify a specific subscription that YOU lost because of Meta's alleged distribution via TORRENTING to a THIRD PARTY of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

In addition to General Objections Nos. 5 and 12, Plaintiff objects that the Request rests on a false premise to the extent it assumes that Plaintiff's market harm depends on, or is measured by, the identification of particular subscriptions lost to identified third-party torrent recipients. Plaintiff's damages arise from Meta's unauthorized reproduction, distribution, and use of the Asserted Works, including Meta's distribution of the Asserted Works via peer-to-peer file sharing, and are not measured by identifying individual lost subscriptions. Plaintiff further objects that "because of" is undefined and vague. Subject to and without waiving the foregoing, and construing the Request as directed solely to a specific subscription lost as a consequence of a particular third party's receipt of an Asserted Work from Meta via torrenting, Plaintiff admits that it cannot identify such a subscription.

**REQUEST FOR ADMISSION NO. 198:**

Admit that YOU are unable to identify a specific book sale that YOU lost because of Meta's alleged distribution via TORRENTING to a THIRD PARTY of YOUR ASSERTED WORKS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

In addition to General Objections Nos. 5 and 12, Plaintiff objects that the Request rests on a false premise to the extent it assumes that Plaintiff's market harm depends on, or is measured by, the identification of particular book sales lost to identified third-party torrent recipients. Plaintiff's damages arise from Meta's unauthorized reproduction, distribution, and use of the Asserted Works, including Meta's distribution of the Asserted Works via peer-to-peer file sharing,

and are not measured by identifying individual lost sales. Plaintiff further objects that "because of" is undefined and vague. Subject to and without waiving the foregoing, and construing the Request as directed solely to a specific book sale lost as a consequence of a particular third party's receipt of an Asserted Work from Meta via torrenting, Plaintiff admits that it cannot identify such a sale.

Dated: July 20, 2026

HUESTON HENNIGAN LLP

By: [signature]

Moez M. Kaba
Michael M. Purpura
Lee Linderman

NEWMEYER & DILLION LLP
Michael B. McClellan
Benjamin P. Pugh
Jason L. Morris
Harlye S. Carlton

*Attorneys for Plaintiff*
*ENTREPRENEUR MEDIA, LLC*

**VERIFICATION**

I have read the foregoing PLAINTIFF ENTREPRENEUR MEDIA, LLC's RESPONSES TO DEFENDANT META PLATFORMS, INC.'S REQUEST FOR ADMISSIONS, SET THREE and know its contents.

I am President of ENTREPRENEUR MEDIA, LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2026, at New York, New York.

Bill Shaw

Print Name of Signatory

Signature



NEWMEYER DILLION

**PROOF OF SERVICE**

*Entrepreneur Media, LLC v. Meta Platforms, Inc.*
Northern District Court San Francisco Division Case No. 3:25-cv-09579-VC

STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

I, Nakia Shortz, declare:

I am a citizen of the United States and employed in Contra Costa County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2033 N. Main Street, Suite 500, Walnut Creek, CA 94596. My business email address is Nakia.Shortz@ndlf.com. On July 20, 2026, I served true copies of the within document(s):

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION**

**BY E-MAIL:** I electronically transmitted the above document(s) to the person(s) at the e-mail address(es) listed in the Service List below.

***Please see attached service list.***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2026, at Walnut Creek, California.

Nakia Shortz

**SERVICE LIST**
***Entrepreneur Media, LLC v. Meta Platforms, Inc.***
**Northern District Court San Francisco Division Case No. 3:25-cv-09579-VC**

Moez M. Kaba
Michael M. Purpura
Lee Linderman
Hueston Hennigan LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014

Tel: (213) 788-4340
Fax: (888) 866-4825
**ATTORNEYS FOR PLAINTIFF ENTREPRENEUR MEDIA, LLC**
mkaba@hueston.com
mpurpura@hueston.com
llinderman@hueston.com
mmendoza@hueston.com
docketing@hueston.com
jkuang@hueston.com

Karen L. Dunn (pro hac vice)
Jessica E. Phillips (pro hac vice)
Kyle N. Smith (pro hac vice)
Christine Ray
Dunn Isaacson Rhee LLP
401 9th Street, NW
Washington, DC 20004

Tel: (202) 240-2900
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com
cray@dirllp.com
jparedes@dirllp.com

Angela L. Dunning
Cleary Gottlieb Steen & Hamilton LLP
151 University Avenue
Palo Alto, CA 94301

Tel: (650) 815-4100
Fax: (650) 815-4199
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
adunning@cgsh.com

Kathleen R. Hartnett
Judd D. Lauter
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111

Tel.: (415) 693-2071
Fax: (415) 693-2222
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
khartnett@cooley.com
jlauter@cooley.com

Mark R. Weinstein
Elizabeth L. Stameshkin
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130

Tel: (650) 843-5000
Fax: (650) 849-7400
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
mweinstein@cooley.com
lstameshkin@cooley.com
mnarvaez@cooley.com

Bobby A. Ghajar
Colette A. Ghazarian
Cooley LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401

Tel: (310) 883-6400
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
bghajar@cooley.com
cghazarian@cooley.com

Phillip E. Morton (pro hac vice)
Cole A. Poppell
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Tel: (202) 842-7800
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
pmorton@cooley.com
cpoppell@cooley.com
llozano@cooley.com