# EXHIBIT 3

HUESTON HENNIGAN LLP
Moez M. Kaba (#257456)
mkaba@hueston.com
Michael M. Purpura (#338216)
mpurpura@hueston.com
Lee Linderman (#280743)
llinderman@hueston.com
Stephanie Xiao (#340141)
sxiao@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

NEWMEYER & DILLION LLP
Michael B. McClellan (#241570)
Michael.McClellan@ndlf.com
Benjamin P. Pugh (#202025)
benjamin.pugh@ndlf.com
Jason L. Morris (#295271)
Jason.Morris@ndlf.com
Harlye S. Carlton (#261641)
Harlye.Carlton@ndlf.com
895 Dove Street, Second Floor
Newport Beach, California 92660
Telephone: (949) 854-7000

Attorneys for Plaintiff
Entrepreneur Media, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Entrepreneur Media, LLC,

Plaintiff,

v.

Meta Platforms, Inc.,

Defendant.

Case No.: 3:25-cv-09579-VC

**PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

PROPOUNDING PARTY: Defendant Meta Platforms, Inc.

RESPONDING PARTY: Plaintiff Entrepreneur Media, LLC

SET NO.: One (1)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Entrepreneur Media, LLC ("Plaintiff" or "Entrepreneur") hereby submits the following amended responses and objections to Defendant Meta Platforms, Inc.'s ("Defendant" or "Meta") First Set of Requests for Admission, Nos. 5, 6, 8 through 18, 33, 34, 39, and 69.

**PRELIMINARY STATEMENT**

Plaintiff serves these amended responses and objections to Defendant's First Set of Requests for Admission following Defendant's July 1, 2026 correspondence and the parties'

meet-and-confer discussions concerning Plaintiff's responses served on May 22, 2026. These amended responses supersede Plaintiff's prior responses only as to Request Nos. 5, 6, 8 through 18, 33, 39, and 69. Plaintiff's responses and objections to all other Requests in Defendant's First Set of Requests for Admission remain unchanged and are not superseded. By serving these amended responses, Plaintiff does not concede that any of its prior responses or objections was deficient or improper, and does not waive any objection previously asserted.

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth in Plaintiff's Responses and Objections to Defendant's First Set of Requests for Admission as if fully set forth herein. References in the responses below to Plaintiff's "Preliminary Statement and General Objections" are to those incorporated statements and objections.

These amended responses are based on diligent inquiry and investigation by Plaintiff and reflect Plaintiff's current knowledge, understanding, and belief. Discovery, investigation, and expert analysis in this matter are ongoing, and expert reports are not yet due. Plaintiff reserves the right to further supplement or amend these responses pursuant to the Federal Rules of Civil Procedure. A partial response to any Request that has been objected to in whole or in part does not constitute a waiver of the objection.

## AMENDED RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU are unaware of any PERSON that has opted not to purchase one of the ASSERTED WORKS due to that PERSON's use of META AI MODELS.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects that the phrase "opted not to purchase" is vague and ambiguous as to whether it encompasses consumers whose demand for the Asserted Works was displaced before any purchasing decision was made.

/ / /

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified a specific individual known to have opted not to purchase an Asserted Work due to that individual's use of Meta AI Models.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU are unaware of any DOCUMENTS EVIDENCING that any PERSON has opted not to purchase one of the ASSERTED WORKS due to that PERSON's use of META AI MODELS.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the same grounds stated in Plaintiff's amended response to Request for Admission No. 5, which are incorporated herein. Plaintiff further objects that the phrase "DOCUMENTS EVIDENCING" that a person "opted not to purchase" an Asserted Work is vague and ambiguous as to the type, degree, or specificity of documentary evidence contemplated.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not to date identified documents evidencing that a specific individual opted not to purchase an Asserted Work due to that individual's use of Meta AI Models.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no THIRD PARTY has offered YOU compensation to use any of the ASSERTED WORKS to train a GENERATIVE AI TOOL.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects that the phrase "offered YOU compensation" is vague and ambiguous as to whether it is limited to a formal offer specifying particular compensation or also encompasses a third party's initiation of licensing discussions contemplating compensation.

Subject to and without waiving the foregoing objections, and to the extent this Request encompasses a third party's initiation of licensing discussions contemplating compensation for the use of Plaintiff's content archives, which include the Asserted Works, to train a generative AI tool, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU are unaware of any COMMUNICATIONS preceding the initiation of the ACTION in which a THIRD PARTY offered or engaged in discussions concerning the potential to offer YOU compensation to use any of the ASSERTED WORKS to train a GENERATIVE AI TOOL.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Subject to and without waiving the Preliminary Statement and General Objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU have never licensed any of the ASSERTED WORKS for actual or potential use in connection with development of a GENERATIVE AI TOOL.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to the phrase "actual or potential use in connection with development of a GENERATIVE AI TOOL" as vague and overbroad, as it could encompass licensing arrangements not specifically directed to AI training. Plaintiff further objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not licensed any of the Asserted Works specifically for use as training data for a generative AI tool.

/ / /

/ / /

/ / /

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU are unaware of any of the ASSERTED WORKS ever having been licensed for actual or potential use in connection with the development of a GENERATIVE AI TOOL.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the same grounds stated in Plaintiff's amended response to Request for Admission No. 10, which are incorporated herein.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of any of the Asserted Works having been licensed specifically for use as training data for a generative AI tool.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU have not granted another PERSON the right to license the ASSERTED WORKS as training data for a GENERATIVE AI TOOL.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to the definition of "GENERATIVE AI TOOL" as overbroad for the reasons stated in Plaintiff's General Objections.

Subject to and without waiving the foregoing objections, Plaintiff admits that it has not granted another person the right to license the Asserted Works specifically as training data for a generative AI tool.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU are unaware of any instance in which a PERSON communicated to YOU that they chose not to purchase one or more of the ASSERTED WORKS due to that PERSON'S decision to instead use META AI MODELS.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Subject to and without waiving the Preliminary Statement and General Objections incorporated herein, Plaintiff admits that it is not currently aware of any instance in which a person communicated to Plaintiff that they chose not to purchase one or more of the Asserted Works due to that person's decision to instead use Meta AI Models.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU are unaware of any DOCUMENTS EVIDENCING a PERSON communicating to YOU that they chose not to purchase one or more of the ASSERTED WORKS due to that PERSON'S decision to instead use META AI MODELS.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects that the phrase "DOCUMENTS EVIDENCING" is vague and ambiguous as to the type, degree, or specificity of documentary evidence contemplated.

Subject to and without waiving the foregoing objections, Plaintiff admits that it is not currently aware of any documents evidencing a person communicating to Plaintiff that they chose not to purchase one or more of the Asserted Works due to that person's decision to instead use Meta AI Models.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU have no DOCUMENTS EVIDENCING that any PERSON has offered any compensation to YOU for the use of any of the ASSERTED WORKS to train LLMs.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects that the phrase "DOCUMENTS EVIDENCING" that a person "has offered any compensation" is vague and ambiguous as to the type, degree, or specificity of documentary evidence contemplated, and as to whether an "offer" is limited to a formal offer

specifying particular compensation or also encompasses the initiation of licensing discussions contemplating compensation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: to the extent this Request encompasses documents evidencing a third party's initiation of licensing discussions contemplating compensation for the use of Plaintiff's content archives, which include the Asserted Works, to train LLMs, Plaintiff denies this Request. To the extent this Request is construed as limited to documents evidencing a formal offer specifying a particular amount of compensation, Plaintiff admits that it does not currently possess such documents.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU have no DOCUMENTS EVIDENCING that any PERSON has actually compensated YOU for use of any of the ASSERTED WORKS to train LLMs.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Subject to and without waiving the Preliminary Statement and General Objections incorporated herein, Plaintiff admits that it does not currently possess documents evidencing that any person has actually compensated Plaintiff for use of any of the Asserted Works to train LLMs.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU have no DOCUMENTS EVIDENCING that sales for the ASSERTED WORKS (including through any physical bookstore, online bookseller, or any other type of book wholesaler or retailer) decreased due to the alleged use of the ASSERTED WORKS to train GENERATIVE AI TOOLS.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects that the phrase "DOCUMENTS EVIDENCING that sales … decreased due to the alleged use of the ASSERTED WORKS to train GENERATIVE AI TOOLS" is vague and ambiguous as to the type and specificity of documentary evidence contemplated, and

improperly conflates documents evidencing declines in sales of the Asserted Works, and the relationship of those declines to the use of the Asserted Works as training data, with documents purporting to resolve, standing alone, a completed causal attribution of those declines. Plaintiff further objects to the definition of "GENERATIVE AI TOOL," which sweeps in generative AI tools industry-wide, as overbroad for the reasons stated in Plaintiff's General Objections; as so defined, the Request seeks to require Plaintiff to possess documents resolving industry-wide causal attribution that Plaintiff need not establish to prove its claims.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff possesses documents, including sales and distribution data for the Asserted Works, evidencing declines in sales of the Asserted Works during the period in which generative AI tools trained on the Asserted Works were developed and deployed, together with information concerning the timing of that development and deployment and the nature and subject matter of the Asserted Works in relation to the capabilities and uses of such tools.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU have no DOCUMENTS EVIDENCING that sales for the ASSERTED WORKS (including through any physical bookstore, online bookseller, or any other type of book wholesaler or retailer) decreased due to the alleged use of the ASSERTED WORKS to train META AI MODELS.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the same grounds stated in Plaintiff's amended response to Request for Admission No. 17, which are incorporated herein. Plaintiff further objects that the Request, by requiring Plaintiff to isolate the impact of Meta AI Models from that of other generative AI tools trained on the Asserted Works, seeks to require Plaintiff to possess a model-specific attribution that depends in part on data concerning Defendant's AI models and their usage that is within Defendant's exclusive possession, custody, or control.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff possesses documents, including sales and distribution data for the Asserted Works, evidencing declines in sales of the Asserted Works during the period in which Defendant developed and deployed its AI models trained on the Asserted Works, together with information concerning the fact and timing of Defendant's use of the Asserted Works as training data.

**REQUEST FOR ADMISSION NO. 33:**

Admit that all of the ASSERTED WORKS are available to be read online either for free or for a subscription fee.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff objects to this Request on the grounds that the phrase "available to be read online either for free or for a subscription fee" is vague and ambiguous, and fails to distinguish between works that Plaintiff has authorized to be read online in their entirety and works that may be partially available through previews, excerpts, or unauthorized third-party distribution. Plaintiff further objects that this Request conflates authorized availability with unauthorized availability, and that the availability of any of the Asserted Works through unauthorized channels is not attributable to Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that any PERSON has refused to license any of the ASSERTED WORKS due to any conduct of Meta.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Subject to and without waiving the Preliminary Statement and General Objections incorporated herein, Plaintiff admits that it is not currently aware of documents evidencing that any person has refused to license any of the Asserted Works due to any conduct of Meta.

**REQUEST FOR ADMISSION NO. 69:**

Admit that YOU are not aware of any DOCUMENTS EVIDENCING that any THIRD PARTY received from Meta any files or data that are substantially similar in protected expression to any ASSERTED WORK.

**AMENDED RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

In addition to Plaintiff's Preliminary Statement and General Objections, which are incorporated herein, Plaintiff objects and responds as follows:

Plaintiff incorporates its objections to Request for Admission No. 67, as stated in its Responses and Objections served on May 22, 2026. Plaintiff further objects that this Request calls for a legal conclusion as to what constitutes "substantially similar in protected expression."

Subject to and without waiving the foregoing objections, Plaintiff denies this Request. Plaintiff's investigation, discovery, and expert analysis concerning Defendant's acquisition and distribution of its training data are ongoing, and Plaintiff reserves the right to supplement or amend this response pursuant to Rule 26(e).

Dated: July 31, 2026

By: ______________________
Lee Linderman

Moez M. Kaba
Michael M. Purpura
Lee Linderman
Stephanie Xiao
HUESTON HENNIGAN LLP

Michael B. McClellan
Benjamin P. Pugh
Jason L. Morris
Harlye S. Carlton
NEWMEYER & DILLION LLP

*Attorneys for Plaintiff*
*ENTREPRENEUR MEDIA, LLC*

## VERIFICATION

I have read the foregoing PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION and know its contents.

I am President of ENTREPRENEUR MEDIA, LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 31, 2026, at New York, New.

Bill Shaw
Print Name of Signatory

Signature

**PROOF OF SERVICE**

*Entrepreneur Media, LLC v. Meta Platforms, Inc.*
Northern District Court San Francisco Division Case No. 3:25-cv-09579-VC

STATE OF NEVADA, COUNTY OF CLARK

I, Benita T. Fortenberry, declare:

I am a citizen of the United States and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3800 Howard Hughes Pkwy, Suite 950, Las Vegas, NV 89084. My business email address is Benita.Fortenberry@ndlf.com. On July 31, 2026, I served true copies of the within document(s):

**PLAINTIFF'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

**BY E-MAIL:** I electronically transmitted the above document(s) to the person(s) at the e-mail address(es) listed in the Service List below.

**BY ELECTRONIC SERVICE:** I electronically transmitted the above document(s) to the person(s) at the e-mail address(es) listed in the Service List below via the TitanFile electronic service portal.

***Please see attached service list.***

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 31, 2026, at Las Vegas, Nevada.

Benita T. Fortenberry

**SERVICE LIST**
***Entrepreneur Media, LLC v. Meta Platforms, Inc.***
**Northern District Court San Francisco Division Case No. 3:25-cv-09579-VC**

| | |
|---|---|
| Moez M. Kaba<br>Michael M. Purpura<br>Lee Linderman<br>Hueston Hennigan LLP<br>523 West 6th Street, Suite 400<br>Los Angeles, CA 90014 | Tel: (213) 788-4340<br>Fax: (888) 866-4825<br>**ATTORNEYS FOR PLAINTIFF ENTREPRENEUR MEDIA, LLC**<br>mkaba@hueston.com<br>mpurpura@hueston.com<br>llinderman@hueston.com<br>mmendoza@hueston.com<br>docketing@hueston.com<br>jkuang@hueston.com |
| Karen L. Dunn (pro hac vice)<br>Jessica E. Phillips (pro hac vice)<br>Kyle N. Smith (pro hac vice)<br>Christine Ray<br>Meryl Governski (pro hac vice)<br>Annelise Corriveau (pro hac vice)<br>Dunn Isaacson Rhee LLP<br>401 9th Street, NW<br>Washington, DC 20004 | Tel: (202) 240-2900<br>**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**<br>kdunn@dirllp.com<br>jphillips@dirllp.com<br>ksmith@dirllp.com<br>cray@dirllp.com<br>mgovernski@dirllp.com<br>acorriveau@dirllp.com<br>jparedes@dirllp.com |
| Angela L. Dunning<br>Cleary Gottlieb Steen & Hamilton LLP<br>151 University Avenue<br>Palo Alto, CA 94301 | Tel: (650) 815-4100<br>Fax: (650) 815-4199<br>**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**<br>adunning@cgsh.com |
| Kathleen R. Hartnett<br>Judd D. Lauter<br>Cooley LLP<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111 | Tel.: (415) 693-2071<br>Fax: (415) 693-2222<br>**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**<br>khartnett@cooley.com<br>jlauter@cooley.com |
| Mark R. Weinstein<br>Elizabeth L. Stameshkin<br>Cooley LLP<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130 | Tel: (650) 843-5000<br>Fax: (650) 849-7400<br>**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**<br>mweinstein@cooley.com<br>lstameshkin@cooley.com<br>mnarvaez@cooley.com |
| Bobby A. Ghajar<br>Colette A. Ghazarian<br>Cooley LLP<br>1333 2nd Street, Suite 400<br>Santa Monica, CA 90401 | Tel: (310) 883-6400<br>**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**<br>bghajar@cooley.com<br>cghazarian@cooley.com |

Phillip E. Morton (pro hac vice)
Cole A. Poppell
Cooley LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004

Tel: (202) 842-7800
**ATTORNEYS FOR DEFENDANT META PLATFORMS, INC.**
pmorton@cooley.com
cpoppell@cooley.com
llozano@cooley.com