UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENTREPRENEUR MEDIA, LLC,
Plaintiff,
v.
META PLATFORMS, INC.,
Defendant.

Case No. 25-cv-09579-VC (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 140

Meta moves to compel concerning several of EM's responses to Meta's RFAs.

RFAs 33 and 34. RFA 33 asks EM to admit that all of the asserted works are available to be read online, either for free or for a subscription fee. RFA 34 asks the same as to the asserted works that are serials. EM objected that the RFAs do not distinguish between authorized availability and unauthorized availability, then denied both RFAs. EM's objection is fair. If EM admitted these RFAs without qualification, it might look like it was admitting that all the online asserted works were authorized. The problem is what EM did next: it made a false denial. Rule 36 allows a party to "qualify an answer or deny only a part of a matter," (Fed. R. Civ. Proc. 36(a)(4)), but here EM seized on a potential ambiguity and unfairly denied the entire RFA. Rule 36 doesn't allow that. It is fine for EM to say something like, "EM admits that all of the asserted works are available to be read online, either for free or for a subscription fee, but many of the online copies are unauthorized and illegal and EM did not make those copies available." That's what a qualification looks like. Or EM could say something like, "EM admits that all of the asserted works are available to be read online, either for free or for a subscription fee, but denies that EM made them all available, as many of the copies are unauthorized and illegal." That's what a partial denial looks like. But EM's existing response violates Rule 36.

United States District Court
Northern District of California

United States District Court
Northern District of California

RFA 91 asks EM to admit that it does not possess logs or other direct technical evidence that any Meta AI model was trained on specific files containing any asserted work. EM denied the request, stating "Plaintiff possesses evidence, including documents produced in the related *Kadrey v. Meta* litigation, establishing that Defendant trained its AI models on datasets that are known to contain the Asserted Works. Plaintiff's experts are in the process of analyzing Defendant's hard drive productions to further identify the specific files and data on which Defendant's models were trained. Plaintiff's ability to fully respond to this Request has been impaired by the incomplete state of Defendant's discovery productions." Meta says this response is inadequate because the RFA asked about file-level technical evidence. However, the Court disagrees. The RFA asks *whether* the training occurred on specific files, not which files. To deny this RFA, EM does not need to know which specific files were used.

RFA 168 asks EM to admit that it has no documents showing that a third party received from Meta via torrenting a copy of any section or portion of any of your asserted works. EM denied the request, stating: "Documents produced in this Action, including logs reflecting the rates at which Meta uploaded torrent files corresponding to the datasets containing the Asserted Works to other peers, together with the analysis of Meta's torrenting activity set forth in the report of Meta's expert filed in the related *Kadrey* action, evidence that third parties received portions of the Asserted Works from Meta via torrenting; the operation of the BitTorrent protocol and the subject of expert analysis served on the schedule set by Rules 26(a)(2) and 26(b)(4), further establishes such receipt." Meta criticizes this response, saying that a protocol-level inference about what must have happened is not a document, but the Court disagrees. Meta has produced many documents about its torrenting and how that worked. Proving something often involves drawing inferences about things, and how something usually or generally worked is evidence of how it worked on a particular occasion. It is not true that in the absence of a document specifically showing that on a particular day a particular third party received a section of a particular asserted work, EM has no documents establishing the asserted proposition.

RFA 176 asks EM to admit it is unable to identify any third party who received from Meta via torrenting a copy of any of its asserted works that engaged in direct copyright infringement of

the same asserted work. Here is EM's response:

> In addition to General Objections Nos. 4 and 10, Plaintiff objects that this Request improperly conflates the fact of third-party direct infringement with identification of an individual infringer by name; identification of a third party by name is neither an element of direct infringement nor a prerequisite to Meta's contributory liability. Plaintiff further objects that information identifying individual swarm participants is within Meta's possession, custody, or control and has not been fully produced. Subject to and without waiving the foregoing, Plaintiff denies the Request. When Meta acquired datasets containing the Asserted Works from shadow libraries via torrenting, other participants in the relevant swarms downloaded portions of the Asserted Works from, and from data made available by, Meta; each such participant that downloaded a portion of an Asserted Work thereby made an unauthorized reproduction of that portion in violation of 17 U.S.C. § 106(1), and, to the extent such participants in turn uploaded the data they received to further peers, they engaged in unauthorized distribution in violation of 17 U.S.C. § 106(3). None of these participants was authorized to reproduce or distribute the Asserted Works. That infringement is established by the operation of the BitTorrent protocol and by the data reflecting Meta's acquisition, independent of any individual participant's name.

EM's response is evasive. EM is correct that the use of the singular "any third party" in the RFA means that EM can deny the RFA if it can identify even one such third party, but the RFA did not ask EM to admit it cannot identify any such third party "by name." The word "identify" in the RFA is not capitalized, so the Court assumes the term is undefined and therefore can be given its ordinary meaning. Third parties can be identified other than by name, for example, by IP address or by an anonymized reference code, even if you might need the ISP or Google to tell you who is behind the IP address or reference code. The RFA asks EM to admit "you can't point to any specific third party that got your stuff and gave it to someone else," and EM is entitled to deny if it can truthfully say "yes, we can. It's that guy right there. We may not know his name, but there is a specific person or third party that corresponds to what we're pointing to." However, EM's further objection that "information identifying individual swarm participants is within Meta's possession, custody, or control and has not been fully produced" strongly suggests this RFA should have been admitted rather than denied. EM must admit this request unless EM can in fact identify (in the broad way the Court understands "identify" to mean) at least one such third party.

<u>RFA 182</u> asks EM to admit that it doesn't know whether any third party redistributed a

copy of any of its asserted works that they received from Meta via torrenting. This is a rehash of RFA 168, as EM denies and says it does know that based on how BitTorrent works. This response is satisfactory.

Accordingly, Meta's motion to compel is **GRANTED** as to RFAs 33, 34 and 176 and **DENIED** as to RFAs 91, 168 and 182.

**IT IS SO ORDERED.**

Dated: September 11, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California