# EXHIBIT B

DUNN ISAACSON RHEE LLP
KAREN L. DUNN (*pro hac vice*)
kdunn@dirllp.com
JESSICA E. PHILLIPS (*pro hac vice*)
jphillips@dirllp.com
KYLE N. SMITH (*pro hac vice*)
ksmith@dirllp.com
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ANGELA L. DUNNING (212047)
adunning@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131

*Counsel for Defendant Meta Platforms, Inc.*

COOLEY LLP
KATHLEEN R. HARTNETT (314267)
khartnett@cooley.com
BOBBY A. GHAJAR (198719)
bghajar@cooley.com
3 Embarcadero Center 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000

MARK R. WEINSTEIN (193043)
mweinstein@cooley.com
ELIZABETH L. STAMESHKIN (260865) lstameshkin@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000

PHILLIP MORTON (*pro hac vice*)
pmorton@cooley.com
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ENTREPRENEUR MEDIA, LLC,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:25-cv-09579-VC<br>**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** **PLAINTIFF ENTREPRENEUR MEDIA, LLC**

**RESPONDING PARTY:** **DEFENDANT META PLATFORMS, INC.**

**SET NUMBER:** **FIVE**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33, Defendant Meta Platforms, Inc. ("Meta") hereby objects and responds as follows to Plaintiff Entrepreneur Media, LLC's ("Plaintiff") Third Set of Interrogatories ("Interrogatories").

## I. RESPONSES TO ALL INTERROGATORIES

1. Meta's responses to these Interrogatories are made to the best of Meta's present knowledge, information, and belief. Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose, and while based on the present state of Meta's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Meta's further discovery or investigation. Meta reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to these Interrogatories but discovered subsequent to the date of these responses, including, but not limited to, any such information or documents obtained in discovery herein.

2. To the extent that Meta responds to an Interrogatory by stating that Meta will provide information or documents that Meta deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c) and/or Federal Rule of Evidence 501, Meta will only do so subject to the Protective Order (Dkt. 53) governing the unauthorized use or disclosure of such information or documents with a designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" distinction.

3. Meta reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Meta's responses herein and any document or thing identified or provided in response to the Interrogatories.

## II. OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Meta incorporates by reference its objections to Instructions and Definitions set forth in Plaintiff's First through Fourth Sets of Interrogatories.

Whether or not separately set forth in response to each Interrogatory, Meta makes these objections to the following Instructions and Definitions specifically enumerated in Plaintiff's Fifth Set of Interrogatories.

1. Meta objects to the definition of "IDENTIFY" as overbroad, unduly burdensome, and disproportionate to the needs of the case. Meta will construe "IDENTIFY" to identify the person's name.
2. Meta objects to the definition of "DECISION" to the extent identifying the involvement of counsel in a decision that is the subject of the Interrogatory would reveal the substance of privileged and/or work product communications. Meta will not respond to the extent the response would reveal privileged and/or protected information.

## III. GENERAL OBJECTIONS

Meta hereby incorporates the following general objections into each of its specific responses and objections to the individual Interrogatories as if fully set forth therein:

1. Meta incorporates by reference each and every General Objection set forth below into each and every specific Response. From time to time, a specific Response may repeat a General Objection for emphasis or some other reason. The failure to repeat any General Objection in any specific Response shall not be interpreted as a waiver of any General Objection to that Response.
2. Any information provided in response to any individual Interrogatory is made without waiver of, and subject to, the General Objections and any additional objections asserted in response to that specific Interrogatory.
3. Meta objects to the Interrogatories to the extent that they impose any differing or additional obligations from those required by the Federal Rules, the Local Rules, or any other applicable rule, law, or doctrine, the ESI and Protective Orders entered in this action (the "Applicable

Laws, Rules, and Agreements”), on the ground that such a requirement exceeds the scope of permissible discovery and attempts to impose an unreasonable burden and expense on Meta. To the extent any Interrogatory conflicts with, or purports to impose additional or different duties and obligations, Meta will respond in accordance with the Applicable Laws, Rules, and Agreements.

4. Meta objects to the Interrogatories to the extent that they are overly broad, vague, ambiguous, and unduly burdensome; or seek documents and information that are neither relevant nor proportional to the needs of this action.

5. Meta objects to the Interrogatories to the extent they seek information or documents or seek to impose a search for information or documents: (a) not within Meta’s possession, custody, or control; (b) not maintained by Meta in the normal course of business; (c) already in the possession, custody, or control of Plaintiff; (d) readily available through public sources or from sources that are more convenient, less burdensome, or less expensive; or (e) from sources that are more readily available to Plaintiff than to Meta. Meta further objects to the extent the burden or expense of the proposed discovery outweighs its likely benefit.

6. Meta objects to the Interrogatories to the extent that they seek documents and information protected from disclosure by privileges and other protections from production, including, without limitation: (a) the attorney-client privilege; (b) the work-product doctrine; or (c) any other constitutional, statutory, common law or regulatory protection, immunity, or proscription from disclosure. In responding to the Interrogatories, Meta will not provide information or documents protected by such privileges. Where Meta withholds information under claim of privilege, Meta will adhere to the requirements under the ESI Order. Meta does not intend the inadvertent production of any privileged or protected information to constitute a waiver of Meta’s rights to assert any applicable privilege or protection, and Meta further reserves the right to demand that Plaintiff return, destroy, or sequester any privileged or protected documents inadvertently produced and all copies thereof consistent with Fed. R. Civ. P. 26(b)(5)(B) and the terms and conditions of the ESI and Protective Orders entered in this action.

7. Meta objects to the Interrogatories to the extent that they purport to require Meta to provide

information or documents in violation of a legal, contractual, or other obligation of nondisclosure owed to a third party. Meta will not provide information or documents subject to any such obligation unless and until it receives the necessary consent from any such third party or, in the absence of such consent, unless and until it is ordered to do so by a court of competent jurisdiction.

8. Meta objects to the Interrogatories to the extent they call for, or can be interpreted as calling for, Meta to make legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.
9. Meta objects to the Interrogatories to the extent that they seek confidential, trade secret, competitively sensitive, business, financial, or other proprietary information. To the extent documents or information containing any such information is nonprivileged, responsive to the Interrogatories, and are not otherwise objectionable, Meta will only produce such documents and information subject to the ESI and Protective Orders entered in this action. Meta further reserves the right to redact or otherwise withhold any confidential, proprietary, trade secret, or competitively sensitive information that is neither relevant nor proportional to the needs of this action.
10. Meta objects to the Interrogatories to the extent they seek information or documents that are not proportionate to the needs of the case and/or not relevant to any party's claims or defenses.
11. Meta objects to the Interrogatories that seek to impose an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to Plaintiff as duplicative, overbroad, unduly burdensome, and oppressive.
12. Meta reserves the right to assert additional objections, or to supplement its Responses as appropriate, particularly if any additional information regarding the Interrogatories or the underlying claims at issue is provided.

## IV. Objections and Responses To Individual Interrogatories

**Interrogatory No. 22:**

IDENTIFY each natural person who made, authorized, or approved any decision to obtain or

download any Shadow Library Dataset containing Plaintiff's Works.

**RESPONSE TO INTERROGATORY NO. 22:**

Meta incorporates by reference its objections and definitions above, including to the term "IDENTIFY" and "DECISION".

Meta objects to this Interrogatory to the extent that it seeks information outside of Meta's possession, custody, and control.

Meta objects to this Interrogatory as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information about acquisitions of datasets not related to the research, development and training of Meta's Llama and Muse Spark models.

After a reasonable investigation, Meta identifies the following persons who were involved in DECISIONS related to the acquisition of each of the following datasets:

**Books3:** To date, Meta has not identified any persons who made DECISIONS related to the acquisition of Books3.

**LibGen:** Ahmad Al-Dahle, Sergey Edunov, Joelle Pineau

**Anna's Archive (including Z-Library):** Sergey Edunov

**Sci-Hub:** The materials in Sci-Hub were obtained as part of Libgen Scimag, which was obtained as part of an acquisition of LibGen and Anna's Archive.

Meta's investigation is ongoing and Meta will supplement this Interrogatory as additional responsive information is identified.

**INTERROGATORY NO. 23:**

IDENTIFY each natural person who made, authorized, or approved any decision to obtain, download, upload, or distribute any Shadow Library Dataset, or any works contained therein, by means of the BitTorrent or other peer-to-peer protocol.

**RESPONSE TO INTERROGATORY NO. 23:**

Meta incorporates by reference its objections and definitions above, including to the term

"IDENTIFY" and "DECISION".

Meta objects to this Interrogatory to the extent that it seeks information outside of Meta's possession, custody, and control.

Meta objects to this Interrogatory as overbroad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information about acquisitions of datasets not related to the research, development and training of Meta's Llama and Muse Spark models.

After a reasonable investigation, Meta responds as follows:

**Books3: Meta** does not believe it obtained this dataset via BitTorrent or other peer-to-peer protocol.

**Libgen:** For the download of Libgen Scimag engaged in by means of BitTorrent, it is Meta's current understanding that Nikolay Bashlykov downloaded that portion of the dataset via BitTorrent after direct downloads of that portion of the dataset were unsuccessful. Meta is not currently aware of who made decisions to conduct the downloads via BitTorrent of Libgen that were performed by former employees Stephen Roller and Guillaume Lample.

**Anna's Archive (including Z-Library):** Xiaolan Wang downloaded data from Anna's Archive (which was only available in bulk through torrents) via BitTorrent using methods similar to Nikolay Bashlykov's download of Libgen Scimag in 2023.

**Sci-Hub:** The materials in Sci-Hub were obtained as part of Libgen Scimag, which was obtained as part of acquisitions of LibGen and Anna's Archive, as discussed above.

Meta is not currently aware of any persons who made, authorized, or approved any DECISION to upload or distribute any "Shadow Library Datasets."

Meta's investigation is ongoing and Meta will supplement this Interrogatory as additional responsive information is identified.

**INTERROGATORY NO. 24:**

IDENTIFY each natural person who made, authorized, or approved any decision to undertake, fund, or approve the acquisition or scanning of physical books in connection with Project Vellum, including any decision to allocate funding therefor.

**RESPONSE TO INTERROGATORY NO. 24:**

Meta incorporates by reference its objections and definitions above, including to the term "IDENTIFY" and "DECISION".

Meta objects to this Interrogatory to the extent that it seeks information outside of Meta's possession, custody, and control.

After a reasonable investigation, Meta identifies the following persons who made DECISIONS related to acquisition or scanning of physical books for Project Vellum: Chris Cox, Nat Friedman, Aparna Ramani, and Susan Li.

Meta's investigation is ongoing and Meta will supplement this Interrogatory as additional responsive information is identified.

Dated: August 24, 2026

COOLEY LLP

By: */s/ Phillip E. Morton*
Phillip E. Morton

Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Kyle N. Smith (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 9th Street NW
Washington, DC 20004
Telephone: (202) 240-2900
Email: kdunn@dirllp.com
jphillips@dirllp.com
ksmith@dirllp.com

Kathleen R. Hartnett
Mark R. Weinstein
Elizabeth Lee Stameshkin
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: 650-843-5000
Facsimile: 650-849-7400
Email: khartnett@cooley.com
mweinstein@cooley.com
lstameshkin@cooley.com

Bobby A. Ghajar
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Telephone: (310) 883-6400
Facsimile: (310) 883-6500
Email: bghajar@cooley.com

Phillip E. Morton (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Avenue NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Email: pmorton@cooley.com

Angela L. Dunning
CLEARY GOTTLIEB STEEN & HAMILTON LLP
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4131
Email: adunning@cgsh.com

*Counsel for Defendant Meta Platforms, Inc.*

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the District of Columbia. I am employed in Washington, District of Columbia. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley LLP, 1299 Pennsylvania Ave NW Ste. 700, Washington, DC 20004. On the date set forth below I served the documents described below in the manner described below:

**DEFENDANT META PLATFORMS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES**

(BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

on the following part(ies) in this action:


HUESTON HENNIGAN LLP
Moez M. Kaba (#257456)
Michael M. Purpura (#338216)
Lee Linderman (#280743)
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Email: mkaba@hueston.com
Email: mpurpura@hueston.com
Email: llinderman@hueston.com

NEWMEYER & DILLION LLP
Michael B. McClellan (#241570)
Benjamin P. Pugh (#202025)
Jason L. Morris (#295271)
Harlye S. Carlton (#261641)
895 Dove Street, Second Floor
Newport Beach, California 92660
Email: Michael.McClellan@ndlf.com
Email: benjamin.pugh@ndlf.com
Email: Jason.Morris@ndlf.com
Email: Harlye.Carlton@ndlf.com


Executed on August 24, 2026, at San Francisco, CA.

*/s/ Phillip E. Morton*
Phillip E. Morton